## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEK SCHOTT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 5:23-cv-00706-OLG |
| | ) | |
| JOEL BABB, in his individual and official | ) | |
| capacity; MARTIN A. MOLINA III, in his | ) | |
| individual and official capacity; JAVIER | ) | |
| SALAZAR, in his individual and official | ) | |
| capacity; and BEXAR COUNTY, TEXAS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANT BEXAR COUNTY'S MOTION TO DISMISS
## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Defendant Bexar County and files this Motion to Dismiss Plaintiff's Original

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF SELECTED BACKGROUND

1.     Alek Schott ("Plaintiff") initiated this litigation by filing an Original Complaint on June 1,

2023.  Docket no. 1.  Plaintiff asserts claims against two Bexar County Sheriff's Office ("BCSO")

deputies, Sheriff Javier Salazar, and Bexar County arising from a traffic stop in March 2022.  *Id*.

at 4-37.

2.     Plaintiff alleges that shortly after 11:00 a.m. on March 16, 2022, he was driving his truck

on Interstate 35 south of San Antonio when he passed the patrol vehicle of Bexar County Sheriff's

Deputy Joel Babb, who was parked in the grass beside the highway.  Docket no. 1 at 5.  Plaintiff

alleges that, approximately two minutes later, Deputy Babb pulled Plaintiff over.  *Id*. at 7.  Plaintiff

alleges that Deputy Babb approached Plaintiff and told him that the reason he was being pulled

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                    1 of 13

over was that Plaintiff had driven over the fog line on the highway, and that Plaintiff would be issued a warning.  *Id*. at 8.  Plaintiff alleges that Deputy Babb then ordered him to sit in his patrol car while he wrote the warning.  *Id*.  Plaintiff alleges, in sum, that Deputy Babb had no basis to stop the Plaintiff, that Plaintiff's dashboard camera shows that he did not commit a lane violation, and that Deputy Babb could not have seen if Plaintiff had drifted over a line.  *Id*. at 6, 7.

3.      Plaintiff alleges that Deputy Babb extended the stop "without any justification" while in the patrol car by asking Plaintiff questions, in sum, about his vehicle, the purpose and timing of his travel, and his criminal history.  Docket no. 1 at 9-10.  Plaintiff alleges, in sum, that he told Deputy Babb he was on his way back to Houston from a trip to Carrizo Springs to meet with a customer.  *Id*. at 9.  Plaintiff alleges that his answers were "calm, truthful and benign" and that "[n]othing in Alek's answers or demeanor would have given Babb . . . reason to suspect Alek of any crime or to extend the stop beyond the time necessary to write the traffic warning[.]"  *Id*. at 9.  Plaintiff alleges that Deputy Babb told him that he was in "what's called a Criminal Interdiction Unit.... I don't give tickets.  I give warnings. . . [.]  I sit on the side of the highway and I'm out here looking for . . . human smuggling, drug smuggling, and all those things like that."  *Id*. at 10.  Plaintiff alleges that "about ten minutes" after Deputy Babb first told Plaintiff he was going to issue a warning, Deputy Babb asked Plaintiff if he consented to a search of his vehicle, and Plaintiff replied that he would "prefer not."  *Id*. at 11.  Plaintiff alleges that Deputy Babb then told Plaintiff he would request that a K9 unit walk around Plaintiff's vehicle because he had reasons to believe there might be something inside.  *Id*.  Plaintiff alleges that Babb knew that the K9 unit was "not far" from the location of the stop.  *Id*. at 12.  Plaintiff alleges that the wait for the K9 unit took approximately twenty minutes from the time of Deputy Babb's call.  *Id*. at 14.

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                 2 of 13

4.      Plaintiff alleges that during the K9 unit search, Defendant Bexar County Sheriff's Deputy Martin Molina intentionally prompted his dog to signal an alert.  Docket no. 1 at 15.  Plaintiff alleges that "any reasonable officer would have known" that the dog's alert was not reliable.  *Id.* at 16.  Plaintiff alleges that the search of his vehicle resulted in no evidence of drugs or any other crime.  *Id.* at 18.

5.      Plaintiff alleges that, following the stop, he called the Bexar County Sheriff's Office internal affairs department to make a complaint, reporting that he had been stopped "even though he had not committed any traffic violation, that he had been detained for over an hour, and his truck had been searched for no legitimate reason."  Docket no. 1 at 20.  Plaintiff alleges that on April 12, 2022, he spoke with Marta Rodriguez, a BCSO internal affairs officer, who stated to him "she had seen nothing wrong with the actions of the officers based on the [body-worn camera] footage."  *Id.*  Plaintiff alleges that he had a conversation later that day with a certain officer "Hernandez," who stated that he could tell from Deputy Babb's body-worn camera footage that Plaintiff had crossed over the fog line.  *Id.*  Plaintiff alleges that when he told Hernandez that Deputy Babb's body-worn camera footage does not capture Plaintiff's truck while traveling on the highway, Hernandez challenged him to file a lawsuit.  *Id.* at 20-21.  Plaintiff alleges that on June 22, 2022, Deputy Rodriguez sent an e-mail to Plaintiff stating that based on her review of Deputy Babb's body-worn camera footage, she determined that the deputies involved in the stop committed no policy violations.  *Id.* at 21.  Plaintiff alleges that the Deputies Babb and Molina "have not been disciplined for violating any policy and custom concerning the stop and search" of Plaintiff's vehicle.  *Id.* at 22.

6.      In a section captioned "[Plaintiff's] rights were violated due to a Bexar County policy and custom," Plaintiff alleges that "Bexar County has a policy and custom, that is executed by BCSO,

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                              3 of 13

of using traffic stops to conduct searches and seizures without any objective basis to suspect the driver of a crime." Docket no. 1 at 22. In support, Plaintiff asserts five principal arguments. First, Plaintiff alleges that "[o]n information and belief, BCSO deputies commonly stop drivers without any reason to suspect a traffic violation was committed," which Plaintiff alleges is evidenced by Deputy Babb's comment to Plaintiff that he was "probably" stopped on his drive to Carrizo Springs. *Id.* Second, Plaintiff alleges that BCSO deputies are trained "on how to get around the Fourth Amendment's protections in traffic stops," and "[f]or example, for multiple years before [Deputy Babb] stopped [Plaintiff], Bexar County paid for training from Desert Snow LLC," which "provides courses to law-enforcement officers on aggressive methods for highway interdiction, including how to manipulate the circumstances of a traffic stop to extend the stop and search [of] the vehicle." *Id.*

7.      Third, Plaintiff alleges that "[o]ver the past two years, the percentage of BCSO traffic stops that include searches has increased while the number of searches where contraband was discovered has decreased," and that in 2022, "BCSO reported conducting 536 searches during traffic stops but only discovering contraband in 115 of those searches." Docket no. 1 at 22. Further, Plaintiff alleges that "[o]n information and belief, BCSO deputies sometimes fail to report car searches that find no contraband." *Id.* Fourth, Plaintiff alleges that "[o]n information and belief, BCSO's Criminal Interdiction Unit deputies perform more searches during traffic stops than other BCSO deputies." *Id.* at 23.

8.      Fifth, Plaintiff alleges that "BCSO regularly posts on its social media about successful searches following traffic stops" reflecting a "pattern of announcing deputies found contraband after conducting a traffic stop and searching a vehicle, often in the wake of a K9 alert," which Plaintiff alleges "suggest[s] that BCSO deputies routinely conduct dog sniffs and car searches

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                    4 of 13

during traffic stops." Docket no. 1 at 23. But, Plaintiff alleges, "[o]n information and belief . . . officers find nothing from most searches conducted during traffic stops," and "[t]his conclusion is confirmed by Babb's comment that "'nine times out of ten, this is what happens'—meaning that officers find nothing[.]" *Id*.

9.     Based on these allegations, Plaintiff asserts one claim against Bexar County under 42 U.S.C. § 1983 based on alleged unconstitutional policy and custom in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Docket no. 1 at 33-36. Plaintiff alleges liability under Section 1983 based upon Bexar County's alleged "official policy, practice, and custom" of "using traffic stops as a tool to conduct searches and seizures without any reason to suspect the driver of a crime." *Id*. at 33. Plaintiff also apparently asserts Section 1983 liability based on a failure to investigate and discipline the deputies involved. *Id*. at 34-35.

## LEGAL STANDARDS

10.     The sufficiency of a pleading to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the Complaint's factual allegations, which are assumed to be true, and distinguish them from any conclusory statements that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                      5 of 13

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### I.   Deputy Babb Had a Basis to Stop Plaintiff.

11.    Plaintiff's pleadings negate that Deputy Babb had no reason to stop Plaintiff for a traffic infraction.  "A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss… The court may also consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *330 Cedron Tr. v. Citimortgage, Inc*., No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. Apr. 8, 2015) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) and *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).  Plaintiff incorporates into his original complaint five videos.  *See* Docket no. 1 at 4, n. 1.  These videos are central to Plaintiff's claims that he was pulled over without justification and that Bexar County's policies and practices are unconstitutional.  Thus, the Court may consider these videos when evaluating this motion.[1]

12.    Plaintiff's dash-camera footage supports that Plaintiff's vehicle drifted to the left and onto the fog line—the infraction for which Deputy Babb pulled Plaintiff over.  The footage shows Plaintiff drive past Deputy Babb's patrol vehicle.  "Dashcam" at 11:12:52-11:12:54.[2]  Then, three seconds later, Plaintiff's vehicle begins to drift to the left and stay there for about five seconds.  *Id*. at 11:12:57-11:13:02.  Indeed, Plaintiff admitted to the infraction.  Deputy Babb's body-worn

---

[1] Plaintiff also refers to and incorporates the incident report from the stop, which is attached hereto as Exhibit 1, and which is discussed in a later section of this motion.
[2] Bexar County's citations to the video evidence will refer to the embedded time stamp on the individual video clips.

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                               6 of 13

camera footage records Plaintiff, within the first thirty seconds of his encounter with Deputy Babb, stating, "I'm really sorry about that."  "Babb A" at 16:16:14.

13.    Thus, as an initial matter, Plaintiff's pleadings do not support that his traffic stop was the product of an unconstitutional policy or practice of Bexar County.  Rather, Plaintiff was subject to a valid traffic stop.

## II.    Plaintiff's Allegations Are Insufficient to Support a Claim for Municipal Liability

### A.    Plaintiff fails to allege with requisite specificity a policy or custom

14.    Plaintiff has not pleaded facts sufficient to state any viable Section 1983 claim against Bexar County.  To state a viable claim that a governmental entity is liable for a constitutional deprivation under 42 U.S.C. § 1983, Plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."  *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017).  To advance a claim of a municipal policy or practice beyond the pleading stage, "a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'"  *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018).  When a plaintiff seeks to advance a municipal liability Section 1983 claim on the basis of a custom or practice of the entity, showing that the custom is "so persistent and widespread as to practically have the force of law" requires them to "do more than describe the incident that gave rise to [their] injury[.]" *Hicks-Fields*, 860 F.3d at 808; *Pena*, 879 F.3d at 622; *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 284-85 (5th Cir. 2020); *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009).  An "official policy" that satisfies the first element of such a claim may include formally adopted policies of the entity, certain official acts of the entity's policymaking officials, and practices of the entity that are "so persistent and widespread

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                 7 of 13

as to practically have the force of law." *Hicks-Fields*, 860 F.3d at 808 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

15.     Plaintiff does not allege with requisite specificity any formal, official policy that was the cause of the constitutional deprivations he alleges.  Plaintiff merely asserts that "Bexar County has a policy . . . of using traffic stops to conduct searches and seizures without any objective basis to suspect the driver of a crime."  Docket no. 1 at 22.  To the extent that this allegation intends to suggest a formal policy of Bexar County directing officers to conduct baseless searches and seizures, it is conclusory and void of any factual support.  Plaintiff also alleges that training of BCSO deputies conducted by an entity called Desert Snow provides instruction on "aggressive methods for highway interdiction" and "how to manipulate the circumstances of a traffic stop[.]" *Id*. at 22.  This allegation, too, lacks factual specificity.  Plaintiff does not allege what those methods or techniques are, how they related to or caused the Plaintiff's alleged constitutional violations, or even that any of the deputies concerned in Plaintiff's stop received such training.

16.     To the extent that Plaintiff seeks to establish municipal liability against Bexar County based on an unconstitutional *de facto* policy through custom or practice, Plaintiff's original complaint also falls short.  Plaintiff fails to plead facts to support a pattern of incidents "fairly similar" to the events at issue necessary to establish a pattern or custom.  *Saenz v. City of El Paso*, 637 F.App'x 828, 832 (5th Cir. 2016).  Indeed, the only specified incident of alleged unconstitutional conduct discussed in the original complaint is Plaintiff's own stop and search.

17.     Plaintiff refers to several statements by Deputy Babb that he alleges suggest that Babb's goal is to search vehicles without suspicion of a crime, and that other allegedly unconstitutional stops have occurred.  *See* docket no. 1 at 33-34, ¶¶ 183a (he writes warnings and not tickets); 183b (he looks for human and drug smuggling); and 183f (he stops 18-wheelers "all day"); 183l ("nine

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                    8 of 13

times out of ten" the search results in no finding of contraband).  But none of these statements support a pattern or practice of unconstitutional violations similar to those alleged by Plaintiff. Plaintiff does not plead facts to show that any of these other unspecified, unquantified stops referenced by Deputy Babb were initiated without a legitimate basis for the stop, nor does Plaintiff plead any facts to support that any subsequent search was not consensual or without a legitimate basis.

18.     For the same reasons, Plaintiff's reference to an unspecified "increased" "percentage of BCSO traffic stops that include searches" and commensurate decrease in finding of contraband (docket no. 1 at 22) also fails to support a municipal liability claim.  Plaintiff pleads no facts to show how these unspecified stops were similar to the Plaintiff's, how they were conducted without a legitimate basis, or how the subsequent search was conducted without consent or without a legal basis.  And, further, Plaintiff's pleadings regarding BCSO's social media posts touting contraband busts also lack specificity and similarity to the Plaintiff's stop and search.  Plaintiff does not plead facts regarding any specific bust, nor how any such bust was the product of an unconstitutional stop and search.

19.     In sum, Plaintiff fails to allege a pattern of conduct that "point[s] to the specific violation in question."  *Peterson v. City of Fort Worth*, Tex., 588 F.3d 838, 851 (5th Cir. 2009) (holding that prior acts allegedly supportive of a pattern must be shown with "similarity and specificity"). Plaintiff's allegations and exhibits referenced in his complaint do not plausibly support the existence of a policy or practice giving rise to a constitutional violation.  Dismissal is appropriate.

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                          9 of 13

**B.     Plaintiff has not pleaded facts sufficient to support a failure-to-discipline or failure-to-investigate claim**

20.     Plaintiff's original complaint fails to allege facts that could establish Bexar County's liability for failing to discipline officers.  The Fifth Circuit has held that, in certain "extreme factual situations[,]" a Section 1983 plaintiff may establish a policy or practice by showing that the municipality failed to punish a "gross . . . abuse of the use of deadly weapons[.]" *Fuentes v. Nueces Cty., Texas*, 689 F. App'x 775, 779 (5th Cir. 2017) (discussing *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985)).  In *Grandstaff*, the Fifth Circuit reviewed a judgment against six police officers who shot and killed an innocent driver who they had mistaken for a minor traffic violator. The Court in *Grandstaff* emphasized the extreme nature of the officer misconduct in that case: The group of officers—a group constituting the "the entire night shift of the City's police department"—"poured their gunfire at the truck" "without awaiting any hostile act or sound," and "showed no inclination to avoid inflicting unnecessary harm upon innocent people." *Grandstaff*, 767 F.2d at 168; *Fuentes*, 689 F. App'x at 779.  The *Grandstaff* court found that the requirement of proving a deliberately indifferent policy or practice of the municipality was satisfied by the fact that, "[f]ollowing this incompetent and catastrophic performance, there were no reprimands, no discharges, and no admissions of error." *Id*. at 171.

21.     Since *Grandstaff*, the Fifth Circuit has repeatedly affirmed that its reasoning applies only "extreme factual situation[s]" such as those involving "the collective conduct of many individuals and multiple bad acts[.]"  *Fuentes*, 689 F. App'x at 779; *Snyder v. Trepagnier*, 142 F.3d 791, 798 & n.7 (5th Cir. 1998).  The events in this case are far removed from the extreme degree of officer misconduct at issue in *Grandstaff. Compare, e.g.*, *Barkley v. Dillard Dept. Stores, Inc.*, 277 Fed. App'x 406, 413 (5th Cir. 2008) (declining to apply *Grandstaff* where off-duty sheriff's deputy shot

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                    10 of 13

fleeing shoplifting suspect three times); *Snyder*, 142 F.3d at 798 (declining to apply *Grandstaff* where police officer shot fleeing suspect in the back); *Fuentes*, 689 F. App'x at 779 (summarizing factors that weigh on assessment of "extreme" character of alleged misconduct, including number of officers involved, whether alleged misconduct is an isolated act or part of a series of multiple bad acts, whether evidence suggests a "culture of misconduct").

22.     Plaintiff's allegations in the original complaint fall far short of the "extreme factual situation[s]" envisioned under *Grandstaff*.  Plaintiff's allegations relate to a single, nonviolent incident.  Moreover, as discussed above, Plaintiff fails to allege any other, specific instance of an unconstitutional stop and search that would support a pattern, much less a culture, of misconduct.

23.     Further, Plaintiff fails to assert a viable Section 1983 claim based upon a failure to investigate Plaintiff's stop and search because he alleges no facts to support a policy or practice of failing to investigate search-and-seizure claims.  *See Sanchez v. Gomez*, EP-17-CV-133-PRM, 2020 WL 1036046, at *27 (W.D.Tex. Mar. 3, 2020) (holding plaintiffs must allege a policy of failing to investigate or discipline).  Rather, Plaintiff's allegations are limited to his own circumstances: that Deputies Rodriguez and Hernandez failed to take action on his report.  Docket no. 1 at 35.  Further still, to the extent that Plaintiff intends to support his failure-to-investigate (or failure-to-discipline) claim with "[t]he fact that the . . . incident report for the traffic stop of [Plaintiff] do[es] not indicate that a search was conducted on [Plaintiff's] truck," (docket no. 1 at 35, ¶ 183t) this allegation is wholly without merit and Plaintiff is not entitled to a presumption of truth.  Because Plaintiff refers to and incorporates the incident report into his original complaint, the Court properly may consider it.  In his report, Deputy Babb diligently describes the search of Plaintiff's vehicle.  Exhibit 1 at 3.

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                            11 of 13

24.     In sum, Plaintiff has not pleaded facts that could establish Bexar County's liability on the basis of failure to discipline or failure to investigate.  Thus, dismissal of Plaintiff's Section 1983 claim based on these theories is appropriate.

## CONCLUSION

Plaintiff's original complaint does not allege sufficient facts that could establish municipal liability against Bexar County.  Plaintiff's claims against Bexar County therefore should be dismissed pursuant to Rule 12(b)(6).

Respectfully Submitted,
JOE GONZALES
Bexar County Criminal District Attorney

By:      /s/ Robert W. Piatt III

**ROBERT W. PIATT III**
Bar No. 24041692
**SUSAN A. BOWEN**
Bar No. 02725950
Assistant District Attorneys, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Phone: (210) 335-0785
Fax: (210) 335-2773
robert.piatt@bexar.org
sbowen@bexar.org
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 5th day of July, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

 /s/ Robert Piatt
**ROBERT W. PIATT III**

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                          12 of 13

## ADVISORY REGARDING CONFERENCE REQUIREMENT

On today, July 5th, 2023, I sent the foregoing document to Plaintiff's counsel by electronic mail along with a notice regarding the proposed deficiencies in Plaintiff's original complaint, the right to amend the pleadings, and the applicable deadlines.  I understand that this notice does not provide the Plaintiff with seven days to consider the notice and file an advisory, as set forth in Judge Garcia's fact sheet.  The undersigned attorney was unable to send opposing counsel such notice on time due to case assignment and case investigation issues.  Nevertheless, because the fact sheet admonishes that the notice requirements do not affect the Rule 12 motion deadlines, the undersigned attorney believed it prudent to file the foregoing motion today.

 /s/ Robert Piatt
**ROBERT W. PIATT III**

Bexar County's Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                          13 of 13