UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, | ) |
| *Plaintiff*, | ) |
| v. | )    5:23-cv-00706-OLG |
| JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS, | ) |
| *Defendants*. | ) |

**REPLY IN SUPPORT OF DEFENDANT BEXAR COUNTY'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Defendant Bexar County and files this reply in support of its motion to dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Bexar County addresses briefly some of the arguments raised in Plaintiff's response (docket no. 18) as follows:

**ARGUMENT**

**I. Plaintiff's Response Fails to Rebut**

1.  To allege the existence of a municipal policy, a plaintiff must plead more than boilerplate language and must allege facts sufficient to put the municipality on notice of "what the plaintiff's claim is and the grounds upon which it rests." *Thomas v. City of Galveston*, Texas, 800 F.Supp.2d 826, 841 (S.D.Tex. 2011) (citation omitted). The *Thomas* Court elaborates on this point as follows:

> [A] plaintiff suing a municipality must provide fair notice to the defendant, and this requires more than genetically restating the elements of municipal liability. Allegations that provide such notice could include, but are not limited to, past incidents of misconduct of others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the

Bexar County's Reply In Support of Its Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                                    1 of 5

>       involvement of multiple officials in the misconduct, or the specific topic of
>       the challenged policy or training inadequacy. Those types of details, or any
>       other minimal elaboration a plaintiff can provide, help to 'satisfy the
>       requirement of providing not only 'fair notice' of the nature of the claim,
>       but also 'grounds' on which the claim rests," *[Bell Atl. Corp. v.] Twombly*,
>       550 U.S. at 555 n.3, 127 S.Ct. 1955 [(2007)], and also to "permit the court
>       to infer more than the mere possibility of misconduct." *[Ashcroft v.] Iqbal*,
>       129 S.Ct. [1937] at 1950 [(2009)]

*Id.* at 843-44 (footnotes omitted).

2.  Plaintiff argues in his response that he has asserted an "array" of facts supporting the existence of a policy. Docket no. 18 at 9.[1] But none of Plaintiff's factual allegations, individually or collectively, provide fair notice of a claim or lead to an inference of more than the mere possibility of misconduct.

3.  First, Plaintiff argues that "Babb's own statements support the inference that he was following the County's policy of using traffic stops to conduct baseless searches[.]" Docket no. 18 at 14. According to Plaintiff, these statements include "that Babb's job on the Criminal Interdiction Unit means he sits on the side of the highway looking, not for speeding, but for drug smuggling, human trafficking, and other 'big shit;'" that he "stops 18-wheelers 'all day' on normal traffic violations" or that "nine times out of ten" no contraband is found following a search. Docket

---

[1] Confusingly, Plaintiff argues that Bexar County employs a "piecemeal" attack by "claiming that components of Alek's factual allegations, considered separately, are not enough to establish a claim[.]" and that the "court must consider the complaint as a whole[.]" Docket no. 18 at 17 (citation omitted). But if none of these factual allegations support a claim, as here, dismissal is appropriate, and Bexar County must address each separately. Moreover, Plaintiff, without any elaboration, attempts to fault Bexar County for citing to case law authority that concerns motions for summary judgment, as opposed to dismissal at the pleadings stage. *Id.* at 16-17. But these cases are cited only because they set forth the relevant pleading elements. *See, e.g.*, docket no. 13 at 7, citing *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) for the elements of municipal liability. One additional meritless claim in Plaintiff's response: that "Bexar County does not even claim that [Plaintiff's] truck ever touched, let alone crossed, any line." Docket no 18 at 11. Please refer to docket no. 13 at 6 ("Plaintiff's dash camera footage supports that Plaintiff's vehicle drifted to the left and *onto* the fog line[.]") (emphasis added).

Bexar County's Reply In Support of Its Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                              2 of 5

no. 18 at 12-13. But none of these statements, individually or collectively, lead to the reasonable conclusion that any search is "baseless." It is not unconstitutional for a law enforcement agency to focus attention on a high-traffic corridor, to observe for traffic violations, to pull drivers over for observed traffic violations, or to have a K9 unit nearby. It is not unconstitutional for an officer to observe for evidence or behavior that might compel further investigation. Nor does Plaintiff provide any context for how any search was not consensual or without a legitimate basis. In sum, these statements do not support even the mere possibility of misconduct.

4. In response to Plaintiff's allegation that "the incident report for the traffic stop" of Plaintiff "do[es] not indicate that a search was conducted on [Plaintiffs truck]" (docket no. 1 at 35), Bexar County's motion to dismiss attaches the incident report that clearly negates this allegation. See docket no. 13-1. Faced with the inescapable truth that their allegation lacks merit, Plaintiff first presents the flailing, unsupported argument that the attached incident report is "unauthenticated." Docket no. 18 at 19. However, "[i]n the Fifth Circuit, Rule 803(8)(C) reports are presumed to be trustworthy and admissible; therefore it is the burden of the party opposing admission to demonstrate a lack of trustworthiness." *Reliastar Life Ins. Co. v. Thompson*, Civil No. M-07-140, 2008 WL 4327259, at *4 (S.D.Tex. Sept. 16, 2008) (citing *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). Plaintiff makes no allegations whatsoever to rebut the trustworthiness of the document. Plaintiff next argues that the attached incident report was not the "incident report" referenced in his original complaint, and instead, the report attached to Plaintiff's response at docket 18-1 is the one referenced. Docket no. 18 at 19. But even this argument fails because Plaintiff's proffered report indicates that a search was conducted. Indeed, the report states that a K9 unit was deployed, that the K9 unit registered a positive alert on the driver's side door. Docket no. 18-3 at 2. Judicial experience and common sense indicate that a positive K9 alert

Bexar County's Reply In Support of Its Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                    3 of 5

results in a search.  Accordingly, the documents referenced in and incorporated into Plaintiff's original complaint negate Plaintiff's accusation that the incident report failed to indicate that a search was conducted.  Plaintiff's allegation to the contrary does not support the existence of an unconstitutional policy of Bexar County.

5.   Further, in his response, Plaintiff argues that he "does not merely allege that the County failed to discipline Babb and Molina but that internal affairs officers confirmed that they acted in according to County policy throughout the illegal stop, stop and extension, and search" and that "[t]he Sheriff did not discipline [Babb and Molina] because, in the [Sheriff's] eyes, the employees'] illegal conduct actually conformed with municipal policy."  Docket no. 18 at 19 (quoting *Milam v. City of San Antonio*, 113 Fed. App'x 622, 628 (5th Cir. 2004).  Plaintiff's reliance on *Milam* is significant.  In his original complaint, Plaintiff does not adequately plead that Sheriff Salazar, the alleged policymaker, actively determined not to discipline the officers or ratify their conduct.  Rather, Plaintiff merely asserts the conclusory allegations that "The Sheriff did not discipline " the officers for their conduct during the stop (docket no. 1 at 34, ¶¶ m, n and o) and that the Sheriff's subordinates failed to find a policy violation or investigate Plaintiff's complaints. *Id*. at 35, ¶¶ q, r, s.  See *Milam*, 113 Fed. App'x at 626-27 ("[I]f the school board lacks . . . awareness of the basis of the decision, it has not ratified the illegality and so the district itself is not liable;" "Policymakers alone can create municipal liability, and so any violation must be causally traceable to them, not just their subordinates.")  Thus, Plaintiff's allegations with regard to the actions of the internal affairs officers, and with regard to the lack of disciplinary action against the defendant deputies, fail to support a plausible claim for municipal liability.

Bexar County's Reply In Support of Its Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                                                                          4 of 5

## CONCLUSION

Plaintiff's response fails to provide a meaningful rebuttal of the issues raised in Defendant Bexar County's motion to dismiss.

                                          Respectfully Submitted,
                                          JOE GONZALES
                                          Bexar County Criminal District Attorney

By:    /s/ Robert W. Piatt III
        **ROBERT W. PIATT III**
        Bar No. 24041692
        **SUSAN A. BOWEN**
        Bar No. 02725950
        Assistant District Attorneys, Civil Division
        101 W. Nueva, 7th Floor
        San Antonio, Texas 78205
        Phone: (210) 335-0785
        Fax: (210) 335-2773
        robert.piatt@bexar.org
        sbowen@bexar.org
        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 26th day of July, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

                                          /s/ Robert Piatt
                                          **ROBERT W. PIATT III**

Bexar County's Reply In Support of Its Motion to Dismiss Plaintiff's Original Complaint
*Alek Schott v. Joel Babb, et al.*
5:23-cv-00706-OLG                                          5 of 5