**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ALEK SCHOTT<br><br><br>*Plaintiff,*<br><br><br>v.<br><br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-00706-OLG-RBF |

## [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff and Defendants have agreed to the terms of this Confidentiality and Protective Order, and the parties expressly reserve the right to seek modification of this Order should the need arise in the future. Accordingly, it is ORDERED:

1.      Scope. All materials produced or adduced in the course of discovery in this action, including responses to discovery requests, documents produced in response to a court order, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order.

2.      Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:

      a.   information prohibited from disclosure by statute or by this Court's local rules;

      b.   medical information concerning any individual;

    c.  personal information such as social security number, personal email address, personal phone number, personal address, and other personal contact information of all parties, employees of parties, and the contractors of the parties;

    d.  the identity and any personal information of individuals who are not parties to this case and who are not employees or contractors of the parties; and

    e.  income tax returns (including attached schedules and forms), W-2 forms and 1099 forms.

3.    Protection of Confidential Information.

    a.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) of this item for any purpose whatsoever other than in this litigation, including any appeal thereof.

    b.  Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        i.  **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

        ii.  **Parties**. Individual parties and employees of a party;

        iii.  **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary;

iv. **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and evidentiary hearing or trial of this action;

v. **The Court and its personnel**;

vi. **Court reporters and recorders**. Court reporters and recorders engaged for depositions;

vii. **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

viii. **Author or recipient**. The author or recipient of the document identified on the face of the document as one to whom a copy of such document was sent before its production in this litigation; and

ix. **Others by Consent.** Other persons only by written consent of the producing party, upon order of the Court, or on such conditions as may be agreed or ordered.

c. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

4. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to

have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

5.      Filing of Confidential Information. This Order does not, by itself, require the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must redact or obscure the Confidential Information.

6.      No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

7.      Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

      a.  Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fourteen (14) business days.

b. If the dispute over the designation cannot be resolved, the challenging party may invoke this Order by objecting in writing to the designating party.

c. The designating party then shall have twenty-one (21) business days to move the Court for an order preserving the designated status of the disputed information. Failure to move for an order shall result in termination of the confidential status of the item.

d. While the parties are waiting for a decision on the status of any confidential information, the disputed information shall remain Confidential Information unless the Court orders otherwise.

8. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

9. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.     Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED this _____ day of January 2024.

_____
Honorable Richard B. Farrer