# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-00706-OLG-RBF |

## STATUS OF RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

To aid the Court in reviewing Alek's motion to compel and avoid asking the Court to flip back and forth through a series of documents and correspondence, Alek discusses each problematic RFP response below. Alek indicates what was requested, provides Defendants' written responses,[1] includes Defendants supplemented responses (2.16.24 Letter), and asks for relief from Defendants' deficient production. Where possible, Alek consolidates requests or responses.

**Request for Production 1–2:** All documents and communications that mention Plaintiff, whether by using his full name, (Alek Schott), a variant on his name (e.g., Alek, Schott, Mr. Schott), a term that in context refers to him (e.g., driver, suspect), or his license plate number, LJR4135.

**Defendants' Responses** (similar but not identical responses)**:** Defendants have produced documents and communication that concern the matter that is the subject of this lawsuit that have been found after a thorough search. Defendants object to the production of any documents and communications that are not related to the matter that is the subject of the lawsuit. See BC 159-160.

---

[1] In attempt to be completely faithful to Defendants' responses, Alek copied and pasted the responses verbatim with grammatical or spelling errors.

1

**Requested Relief:** Defendants have not fully responded to RFPs 1–2. BC000159 shows that on September 9, 2023, Bexar County IT conducted an email search for "A Schott" (665 hits), "Alek Schott" (1028 hits), and "LJR4135" (75 hits), and states: "We have a 2.9GB pst file that is too large to attach to RITM." But, five months later, Defendants still have not produced the 2.9GB pst file or any other results from the email search. It defies logic for Defendants to withhold documents referring to Alek as not related to this suit.

Further, although Defendants produced an Incident Detail Report (BC161), Alek later discovered that version of the report was missing an entire section, the Activity Log, which was not missing from a different version of the same document produced through FOIA—which undermines Plaintiff's confidence in the accuracy of even the few documents Defendants *have* produced.

Alek asks the Court to order Defendants to conduct a thorough search for all documents responsive to RFPs 1–2, including for documents misspelling Alek Schott's name (ex. Alex instead of Alek), and produce all responsive documents within 14 days.

**Request for Production 4:** All documents—including drafts and comments for revision—and communications that mention, were created during, or otherwise relate to SPEARS Incident Summary BCS220059233.

**Defendants' Response:** Defendants have produced documents and communications that concern the matter that is the subject of this lawsuit that have been found after a thorough search. See BC 164-168 There are no drafts or comments for revision.

**Requested Relief:** Defendants provided a single copy of SPEARS Incident Summary BCS220059233, which is labeled as BC164–168. However, there are differences between the document labeled as BC164–168 and the document attached as Exhibit 1 to Defendants' Motion to Dismiss. See ECF No. 13-1. Alek asks that the Court order Defendants to conduct a thorough search for documents relating to SPEARS Incident Summary BCS220059233—including for drafts and access records—and produce all responsive documents within 14 days.

**Requests for Production 6-9:** RFPs 6–9 request all communications and records of communications between Defendant Babb, Defendant Molina, Deputy Joe Gereb, and Sergeant Gamboa and any other BCSO employee on March 16, 2022, the date of the traffic stop at issue in this case.

**Defendants' Responses** (identical response to all four requests)**:** Defendants have produced documents and communication that concern the matter that is the subject of this lawsuit that have been found after a thorough search. Defendants object to the production of any communications that are not related to the matter that is the subject of the lawsuit. Please see BC169–171.

**Defendants' 2.16.24 Letter:** No other documents are in the possession of the Defendants other than what has been previously produced.

**Requested Relief:** No text messages, phone records, or recordings of radio traffic have been produced. Bodycam footage shows that Defendant Babb repeatedly used his cell phone during the traffic stop and radioed for assistance from other officers. See [Deputy Babb BWC Video A](Deputy Babb BWC Video A) at 5:53,

2

15:00, 35:16, and 39:38. Review of other body camera footage from Defendant Babb confirms that he often texts other BCSO employees during traffic stops. See BC514 at 19:21; BC516 at 54:09; BC518 at 29:53. Defendants produced one excel sheet (BC169) and a single email about a search of CAD messaging (BC170–17). The email (BC170–71) references an attachment, but it is unclear if that attachment was produced. Defendants have failed to provide all the requested while claiming that all responsive documents have been produced. Alek asks that the Court order Defendants to conduct a thorough search for documents responsive to RFPs 6–9 and produce all responsive documents within 14 days.

**Request for Production 15:** All documents evincing the training, certification, and qualifications of Defendant Babb and Defendant Molina for the entirety of their careers as peace officers. This request includes, but is not limited to, materials provided as part of Texas Commission on Law Enforcement training, provided by BCSO, or provided by private third parties on how to perform traffic stops, criminal interdiction, drug dog sniffs, and vehicle searches.

**Defendants' Response:** The TCOLE Training Records and Certificates of Training for both Deputy will be produced.

**Requested Relief:** Defendants' response ignores portions of Alek's RFP 15, inexplicably narrowing a request for "all documents" to a request for "TCOLE Training Records and Certificates of Training." Defendants cannot unilaterally limit the scope of Alek's discovery request without objection or explanation. Alek asks the Court to conduct a thorough search for documents responsive to RFP 15 and produce all responsive documents within 14 days.

**Request for Production 17:** For any complaint about actions taken by a BCSO officer other than Defendant Babb and Defendant Molina during a traffic stop and vehicle search, produce documents evidencing the nature of the complaint and action taken by the County—such as an employee counseling report, a performance report, or a summary of complaint and action taken.

**Defendants' Response:** Defendant objects to producing general complaints brought against traffic deputies of the Bexar County Sheriff's Office. Plaintiff's Original Complaint concerns the Criminal Interdiction Unit. Defendants are currently working to determine if such complaints have been made against other Deputies in the Criminal Interdiction Unit.

**Requested Relief:** Defendants thus far have provided no documents responsive to RFP 17—even though Sergeant Marta Ortega (formerly Rodriguez) recently testified in her deposition that (a) she investigated at least one other complaint that a BCSO officer should not have made a traffic stop and (b) that BCSO has records about traffic stop complaints. Tr. at 22, 24–25.

Defendants object to RFP 17 without explanation and then unilaterally limit RFP 17 to complaints "against Deputies in the Criminal Interdiction Unit." Alek's complaint concerns a "policy, practice, and custom [that] is executed by BCSO and its deputies, particularly the Criminal Interdiction Unit" but Alek's allegations were not limited to *only* the deputies in the Criminal Interdiction Unit. Comp. ¶ 182. Further, during the October 3, 2023 Zoom meeting, Defendants' counsel indicated that no "Criminal Interdiction Unit" exists, despite Defendant Babb's own statement when he stopped Alek that "I'm on what's called a Criminal Interdiction Unit," Deputy Babb BWC Video A at 11:09 (Compl. ¶ 44). Deputy Gereb recently testified in his deposition that

3

he is part of the Criminal Interdiction Unit—completely contradicting opposing counsel's representation. Alek asks the Court to (1) order Defendants to conduct a thorough search for documents responsive to RFP 17 and produce all responsive documents within 14 days and (2) overrule the objection that RFP 17 should be limited to complaints against deputies in the Criminal Interdiction Unit.

**Request for Production 18:** All documents concerning Maximus, the dog that sniffed Plaintiff's car on March 16, 2022. This request includes, but is not limited to, training curriculum, training manuals, certification records, score sheets, handler notes, deployment record, field performance documents, veterinary records, and similar documents.

**Defendants' Response:** Defendants are unable to get all records on Maximus in that the company from the dog was purchased is no longer in business and its records are not available. Any Bexar County Sheriff's Office documents concerning Maximus will be produced.

**Requested Relief:** Defendants have only produced a portion of Maximus's records—his training reports (BC1466–2098),[2] veterinary records (BC2226–BC2239), and deployment reports (BC2927–BC5363). Other responsive documents such as certification records, handler notes, purchase records, or communications about Maximus should be provided. BCSO's K9 policy requires dogs to be certified and the Canine Unit Supervisor/Trainer to maintain those certifications (BC2241, 2247). Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 18 and produce all responsive documents within 14 days.

**Request for Production 19:** All documents and communications concerning the reliability and performance of BCSO's K9 Unit or of individual dogs or K9 handlers. This request includes, but is not limited to, deposition transcripts, affidavits, and declarations.

**Defendants' Response:** Defendants are not sure what information is being sought. Defendants would not be aware of issues of reliability and performance of the BCSO's K9 Unit that might be brought up in a criminal case. Defendants are not aware of any depositions, affidavits or declarations in regard to the BCSO K9 Unit.

**Requested Relief:** As previously discussed for RFP 18, Defendants have produced some records for Maximus and BCSO's K9 Deployment Detail Reports. However, Defendants have produced no documents discussing the reliability of a particular dog's alert or BCSO's K9 Unit more generally. It strains credibility for Defendants to assert that they have no responsive records—no emails, no texts, and no reports discussing the reliability or performance of the K9 Unit. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 19 and produce all responsive documents within 14 days.

---

[2] Defendants produced only 473 pages of the 783 pages for the document beginning with BC1466.

4

**Requests for Production 20–21:** RFPs 20–21 request all documents and communications relating to Defendant Babb's patrol vehicle and dash camera for approximately ten weeks and concerning the inoperability of that dash camera on March 16, 2022.

**Defendants' Responses** (identical response to both requests)**:** The Fleet and Video Logs are currently being bate stamped.

**Requested Relief:** More than five months later, Defendants still have not produced *any* documents responsive to RFPs 20–21. And, without explanation, Defendants unilaterally limited RFPs 20–21 to fleet and video logs when both requests seek *all* documents and communications. Alek asks the Court to order Defendants to conduct a thorough search for all documents and communications responsive to RFPs 20–21 and produce all responsive items within 14 days.

**Request for Production 22:** All documents and communications evincing the County's or BCSO's K9 policy. This request includes, but is not limited to, general orders, rules, standard operating procedures, memoranda, and similar documents on how drug detecting dogs are selected, trained, certified, qualified, evaluated, used, and managed.

**Defendants' Response:** The K9 policy will be produced.

**Requested Relief:** Without explanation, Defendants unilaterally limited RFP 22 to BCSO's K9 policy, producing only that document. But RFP 22 seeks *all* documents and communications— including emails and memoranda—about the training, certification, qualification, evaluation, use, and management of drug detecting dogs. Such documents plainly exist. As Plaintiff's counsel explained in a formal letter to Defendants, "BCSO's canine policy . . . references several more documents that are also responsive to RFP 22 that Defendants have not produced." *See* Ex. __ (2.22.24 letter) (listing examples). Alek asks the Court to order Defendants to conduct a thorough search for all documents and communications responsive to RFP 22 and produce all responsive items within 14 days.

**Request for Production 23:** All documents and communications other than the current Sheriff's Manual of Policy and Procedure that govern BCSO officers' behavior during traffic stops, roadside investigations, and vehicle searches. This request includes, but is not limited to, general orders, rules, standard operating procedures, memoranda, and similar documents.

**Defendants' Response:** The Sheriff's Manual of Policy and Procedure governs the BCSO Officers behavior during a traffic stop, roadside investigation and vehicle searches.

**Requested Relief:** Without explanation, Defendants unilaterally limited RFP 23 to the Sheriff's Manual of Policy and Procedure, even though Alek's request asks for all documents and communications *other than* the current Sheriff's Manual. And the copy of the Manual that Defendants did produce (BC3530) expressly states that it "DOES NOT INCLUDE MEMOS AND DIRECTIVES," which Defendants still have not produced. Alek asks the Court to order Defendants to conduct a thorough search for all documents and communications responsive to RFP 23 and produce all responsive items within 14 days.

**Request for Production 24:** All documents and communications stating the County's or BCSO's policies relating to criminal interdiction. This request includes, but is not limited to, general orders or standard operating procedures upon which BCSO officers rely in the course of their duties.

**Defendants' Response:** No responsive documents concerning "criminal interdiction".

**Requested Relief:** Despite representations to the contrary, BCSO has a Criminal Interdiction Unit. Deputy Gereb testified that he is part of the Criminal Interdiction Unit. And, as captured on bodycam footage from March 16, 2022, (1) Defendant Babb and Deputy Gereb's uniforms displayed the words "Criminal Interdiction" and (2) Deputy Babb referred to his unit as the "Criminal Interdiction Unit." It is highly unlikely that Defendants do not have a single document or communication articulating policies, orders, or procedures relating to criminal interdiction. And videos that Defendants have produced thus far capture parts of officer conversations about BCSO's criminal interaction policies, but Defendants have not produced all of the recordings of those conversations. Alek asks the Court to order Defendants to conduct a thorough search for all documents and communications responsive to RFP 24 and produce all responsive items within 14 days.

**Request for Production 25:** All documents and communications stating the County's or BCSO's policies relating to the use and maintenance of bodycams, dashcams, and footage from those cameras. This request includes, but is not limited to, general orders or standard operating procedures upon which BCSO officers rely in the course of their duties.

**Defendants' Response:** The Body Worn Camera policy will be produced.

**Requested Relief:** Without explanation, Defendants unilaterally limited RFP 23 to BCSO's body-worn camera policy. But RFP 25 asks for much more than that, including documents and communications relating to dashcams. Alek asks the Court to order Defendants to conduct a thorough search for all documents and communications responsive to RFP 23 and produce all responsive items within 14 days.

**Request for Production 26:** All documents and communications setting forth the official purpose of BCSO's Criminal Interdiction Unit and K9 Unit.

**Defendants' Response:** No responsive documents.

**Requested Relief:** Although Defendants presented that there were no responsive documents, Defendants later produced a document titled BCSO's "Canine Unit Standard Operating Procedures" (BC3391–3400). Defendants therefore did not make a diligent search in initially responding to Plaintiff's First RFPs. It seems unlikely that Defendants have fully satisfied this request as Defendants still have not produced any other documents, such as emails or memos. And, even though Defendants' counsel claimed there was no Criminal Interdiction Unit, such a unit plainly exists. Deputy Gereb testified that the Criminal Interdiction Unit was created in 2020 by Sergeant Pete Gamboa, who invented the unit (presumably to achieve some BCSO-approved purpose), and included as many as 4 officers devoted only to criminal interdiction. Alek asks the

6

Court to order Defendants to conduct a thorough search for all documents and communications responsive to RFP 26 and produce all responsive items within 14 days.

**Request for Production 27**: All documents that the County or BCSO use to track traffic stops and vehicle searches. This request includes, but is not limited to, running lists, active databases, and regular reports, whether created for internal tracking or external use.

**Defendants' Response:** Traffic Stop Data from January 1, 2020 to the present will be produced. Defendants have not produced every report from every traffic stop in the designated time period as that information is voluminous, expensive to gather and produce and may not be relevant to any of Plaintiff's claims. The documents that may be produced in response to this request may contain information concerning persons who are not subject to this matter. This information should be considered CONFIDENTIAL and no produced to any person not involved in this litigation.

**Requested Relief:** Defendants again unilaterally limited the scope of Alek's RFP to "traffic stop data." RFP 27 requests all documents that BCSO uses to track traffic stops *and vehicle searches* from January 1, 2020 to present. RFP 27 does not seek every traffic stop report but asks for the documents that BCSO itself uses to track traffic stops and vehicles searches such as lists, databases, and regular reports. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 27 and produce all responsive documents within 14 days.

**Request for Production 28:** All SPEARS Incident Summaries and corresponding incident reports for traffic stops with reports by Defendant Babb or Defendant Molina from January 1, 2022 to May 2, 2022. *See* Dkt. No. 13-1.

**Defendants' Response:** Defendants are currently bate stamping the documents responsive to this request. These reports contains information concerning persons who are not subject to this matter. This information should be considered CONFIDENTIAL and not produced to any person not involved in this litigation.

**Requested Relief:** Defendants have not produced a single incident report (see Dkt. No. 18-1) even though they have been bates stamping the responsive documents for over five months. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 28, including for the incident reports corresponding to SPEARS Incident Summaries by Defendant Babb or Defendant Molina, and produce all responsive documents within 14 days.

**Requests for Production 29–30, 34–36:** In sum, these RFPs seek all SPEARS Incident Summaries and corresponding incident reports concerning traffic stops for drifting or touching the fog line (RFP 29), all memoranda or contracts designed to facilitate BCSO's criminal interdiction work (RFP 30), BCSO organizational charts (RFP 34), the results of annual internal audits and risk evaluations about BCSO officers' performance of their law enforcement duties (RFP 35), and documents that Defendants intend to use at summary judgment or at trial (RFP 36).

**Defendants' Responses** (similar but not identical responses)**:** Defendants are currently bate stamping the documents responsive to this request. These reports contains information concerning

7

persons who are not subject to this matter. This information should be considered CONFIDENTIAL and not produced to any person not involved in this litigation.

**Defendants' 2.16.24 Letter** (RFP 34)**:** See attached.

**Requested Relief:** More than five months after Defendants' responses to Alek's first set of RFPs were due, Defendants still have not produced all the items responsive to RFPs 29–30, 34–36 that Defendants indicated were "currently being bate stamped" or "will be produced." For example, Defendants have not produced the results of a single internal audit or risk evaluation even though the Sheriff's Manual requires the training academy to conduct such audits annually (RFP 35). And while Defendants have now provided some organizational charts (RFP 34), Defendants have not indicated that they have provided "all" organizational charts; no organizational chart lists where the criminal interdiction falls. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFPs 29–30, 34–36 and produce all responsive documents within 14 days.

**Request for Production 32:** All documents and communications related to the several Public Information Act requests submitted by Plaintiff and by his attorney Joshua Windham before this case was filed—including communications between any BCSO officer and the person responding to such requests. [*Alek provided a list of numbers associated with the requests that is not repeated here.*]

**Defendants' Response:** Defendants have reviewed Plaintiff's Original Complaint and cannot identify which claim this request would address. If Plaintiff has a complaint concerning the open records process, then the laws regarding the Public Information Request should be followed. In addition, there may communication between the Sheriff's Office and the PIA attorney which would be privilege by attorney-client communication.

**Requested Relief:** As described in the discovery request instructions, Alek does not seek privileged attorney-client communications and requests a privilege log if a privilege applies. The public information requests were narrowly tailored to identify documents relevant to this suit; and the failure to produce responsive documents via the open-records requests may tend to provide information about BCSO's policies and practices concerning traffic stops and vehicle searches. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 32 and produce all responsive documents within 14 days.

**Request for Production 38:** All documents relating to the investigation of the traffic stop and search of Plaintiff on March 16, 2022, referenced on BC002161—including the investigative report due September 12, 2023, referenced on BC002160 and the investigative report due December 11, 2023, referenced on BC002225.

**Defendants' Response:** See attached copies of Deputy Joel Babb's Citizen Complaints and IA Disciplinary Records.

**Defendants' 2.16.24 Letter:** Defendants have produced Deputy Babb's Citizen Complaints and his entire Internal Affairs Disciplinary Records to date. Defendants are not ignoring portions of Plaintiff's requests.

**Requested Relief:** Defendants refuse to provide all documents responsive to RFP 38. Plaintiff specifically requested two investigative reports mentioned on BC2160 (which indicates a report was due September 12, 2023) and BC2225 (which indicates a report was due December 11, 2023). Defendants have not produced those reports. Further, Deputy Gereb testified that he gave a written statement as part of an investigation into the traffic stop. When asked to produce that statement (and any others), Defendants' counsel stated that Defendants refused to provide copies of those documents to their counsel, let alone Alek. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 38 and produce all responsive documents within 14 days.

**Request for Production 39:** All documents identifying the mission, goals, structure, or activities of BCSO's Special Enforcement Unit applicable from January 1, 2022, to present.

**Defendants' Response:** See attached copies of Interdiction MOU Documents. Defendant will supplement BCSO Policies and Procedures.

**Defendants' 2.16.24 Letter:** After conferring with the Bexar County Sheriff's Department there are no Interdiction MOU documents (Memorandum of Understanding) concerning the Interdiction Unit. There are no documents responsive to this request

**Requested Relief:** Defendants claim no responsive documents exist even though the Special Enforcement Unit is a distinct unit listed on BCSO's organizational chart (BC 6037). Defendants originally represented that Interdiction MOU Documents were being produced, but Defendants now claim no Interdiction MOU Documents exist—only after Alek's counsel observed that no Interdiction MOU Documents were produced. Defendants' claim contradicts Deputy Gereb's testimony that there are MOUs that facilitate BCSO's use of license plate readers, which only patrol cars in the criminal interdiction unit have. Tr. at 25, 35. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 39 and produce all responsive documents within 14 days.

**Request for Production 40:** All documents concerning reports on BCSO's criminal interdiction activities and the results of those activities, including any such reports submitted to the Bexar County Commissioners Court or used to support budget requests.

**Defendants' Response:** Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.
Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

9

Without waiving objection, see attached copies of Deputy Joel Babb and Deputy Martin Molina's Spears Reports.

**Defendants' 2.16.24 Letter:** No other responsive documents exist.

**Requested Relief:** RFP 40 is directly relevant to Alek's claims as Deputy Babb stated that he was part of BCSO's Criminal Interdiction Unit and was carrying out criminal interdiction activities when he stopped Alek. Further, the requested is narrowly tailored, asking for only "reports." Nevertheless, Defendants assert boilerplate objections. Then, after the objections, Defendants unilaterally limit Alek's request to Babb and Molina's "Spears Reports"—even though Deputy Gereb testified that he had been part of the Criminal Interdiction Unit for nearly four years. Tr. 12. It seems likely that there are at least some reports about a distinct unit that has existed for four years. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 40 and produce all responsive documents within 14 days.

**Request for Production 41:** All documents concerning the budget and funding of the Special Enforcement Unit.

**Defendants' Response:** None responsive to this request.

**Defendants' 2.16.24 Letter**: No other responsive documents exist.

**Requested Relief:** Defendants' Exhibit 1 to their motion to dismiss indicates that both Deputy Babb and Deputy Gereb were part of "Special Enforcement" on March 16, 2022. Further, a BCSO organizational chart current as of April 21, 2022 (BC 6037) identifies a "Special Enforcement Unit" within the "Tactical Operations Section." Defendants have failed to make a good-faith search for documents responsive to RFP 41. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 41 and produce all responsive documents within 14 days.

**Request for Production 42:** All documents and communications—including meta data—reflecting access to and revision of SPEARS Incident Summary BCS220059233.

**Defendants' Response:** Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached Spears Incident Report BCS220059233 regarding Plaintiff's 3-16-22 Traffic stop.

**Defendants' 2.16.24 Letter**: No other documents exist other than those documents previously produced.

**Requested Relief:** Again, after asserting copied and pasted objections, Defendants unilaterally limited Alek's request to the SPEARS summary already produced. Defendants have no valid reason to withhold all documents and communications associated with access to and revision of the SPEARS summary that Defendants generated after stopping Plaintiff and must produce those items. As previously noted in discussing RFP 4, there are multiple versions of the SPEARS Summary concerning the traffic stop at issue. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 42 and produce all responsive documents within 14 days.

**Request for Production 43:** All documents concerning BCSO's use of dog sniffs during traffic stops, including any records or reports reflecting deployment of dogs to sniff vehicles and the results of those sniffs.

**Defendants' Response:** Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached copies of Canine Deputy Martin Molina Spears Reports regarding Canine use during traffic stops.

**Defendants' 2.16.24 Letter:** Defendants stand by their objections.

**Requested Relief:** After the same boilerplate objections Defendants pasted throughout their responses, Defendants unilaterally limited their production to Deputy Molina's SPEARS summaries. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 43 and produce all responsive documents within 14 days.

**Request for Production 44:** All SPEARS Incident Summaries and corresponding incident reports for traffic stops with reports by BCSO Officer Joe Gereb from January 1, 2022, to May 2, 2022.

**Defendants' Response:** Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached copy of Plaintiff's citizen complaint and IA investigation regarding Plaintiff's 3-16-22 traffic stop made the basis of this lawsuit.

**Defendants' 2.16.24 Letter:** Defendant is producing Gereb's personnel file, as well as body worn camera from Deputy Gereb concerning the incident in question.

**Requested Relief:** Defendants have not produced a single SPEARS summary or incident report from Deputy Gereb (other than documents already produced because they involve Deputy Babb and Deputy Molina). Instead, after repeating boilerplate objections, Defendants provided documents that the request did not seek: a copy of "Plaintiff's citizen complaint and IA investigation regarding Plaintiff's 3-16-22 traffic stop"; Deputy Gereb's personnel file, and new footage of the March 16, 2022 traffic stop. Putting aside the fact the new footage of the traffic stop in this case should have been produced months ago, the SPEARS summaries of Deputy Gereb, who conducts criminal interdiction efforts in tandem with Deputy Babb, are directly relevant to Alek's claims, especially Alek's *Monell* claim. Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 44 and produce all responsive documents within 14 days.

**Request for Production 49:** All documents relating to Defendant Martin A. Molina III's certification as a dog handler, including any certification of Defendant Molina with Maximus, the dog that sniffed Plaintiff's car on March 16, 2022.

**Defendants' Response:** See attached copies of Deputy Martin Molina's training file with certifications. Defendant will supplement Molina's dog handler certifications, if any.

**Defendants' 2.16.24 Letter:** Dog Certifications for K-9 Maximus as well as certifications for Herrera and Molina have been produced.

**Requested Relief:** Defendants have not produced any certification records for Maximus or of Molina and Herrera as dog handlers. *See* Ex. __ (2.22.24 letter) (noting that BCSO's K9 policy requires dogs and handlers to be certified and that none of the K9 documents Defendants have produced resemble the certifications the K9 policy requires) Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFP 49 and produce all responsive documents within 14 days.

**Requests for Production 50–51:** All documents and communications relating to the certification of Officer George Herrera as a dog handler and relating to changing Maximus's handler from Officer Herrera to Deputy Molina.

**Defendants' Responses** (consolidated)**:** Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Defendant objects Under Rule 26(b) of the FEDERAL RULES OF CIVIL PROCEDURE as said Request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, objection is made pursuant to the TEXAS GOVERNMENT CODE, Chapter 552, §552.102, §552.103, §552.108, §552.117 and §552.119. Defendant further objects under the Texas Local Government Code, Chapter 143, §143.089 and §143.1214. Defendant also asserts the self-critical analysis privilege.

Without waiving objection, Defendant will supplement Molina's dog handler certifications, if any, and see attached copies of canine maximus' training records.

**Defendants' 2.16.24 Letter:** All documents concerning K-9 Maximus have been produced.

**Requested Relief:** Defendants have not produced any certification of Herrera as a dog handler or any documents concerning the transfer of Maximus from Herrera to Molina. The reliability of Maximus, records of the transfer of Maximus to another handler, and certification of Maximus's prior handler are all directly relevant to Alek's claims that the search was unreasonable and that BCSO conducts car searches without any reason to suspect the driver of a crime. *See Florida v. Harris*, 568 U.S. 237, 247 (2013) (party challenging a car search based on a dog alert "must have an opportunity to challenge . . . evidence of a dog's reliability"). Nothing in the Texas statutes that Defendants cite prohibits the production of dog handler records in litigation. And the Fifth Circuit does not recognize the self-critical analysis privilege. *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 & n.20 (5th Cir. 2000).[3] Alek asks the Court to order Defendants to conduct a thorough search for documents responsive to RFPs 50–51 and produce all responsive documents within 14 days.

---

[3] Defendants have provided no authority contradicting Alek's understanding of the Texas statutes or Fifth Circuit precedent.