# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-706-OLG-RBF |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Alek Schott serves this First Set of Requests for Production to Defendants.

### INSTRUCTIONS

1. All responses and objections must comply with Federal Rule of Civil Procedure 34 and all other applicable rules.

2. In general, these requests do not seek privileged information or attorney work product. However, if you assert that information responsive to a request is privileged, identify each piece of information that you contend is privileged and state the basis for your contention that the privilege applies. In other words, produce a privilege log.

3. If you acquire information not included in your initial responses but within the scope of these requests, supplement your responses as required by Federal Rule of Civil Procedure 26(e)(1).

4. When responding to these requests, use the definitions below. If no definition is provided, use the common or dictionary definition of the term.

5. Unless otherwise stated, these requests seek only information about events from January 1, 2020 through the present.

6. Please contact Plaintiff's counsel in writing if anything in this document is unclear to you in any way.

## DEFINITIONS

1. "And" and "or" mean "and/or" whenever required to provide the fullest breadth of meaning.

2. "BCSO" means Bexar County Sheriff's Office, including its officers, agents, employees, subsidiaries, affiliates, and anyone else acting within its control and on Bexar County Sheriff's Office's behalf—past or present.

3. "Communication(s)" means any oral, written, or electronic transmittal of information, by and to whomever made, including correspondence, dialogues, meetings, discussions, interviews, consultations, agreements, and all other understandings between or among two or more persons.

4. "Concerning" means relating to, referring to, regarding, describing, evidencing, or constituting.

5. "Crime," unless otherwise stated, means any violation of the law, including any state or federal criminal or civil offense.

6. "Defendants" means Joel Babb, Martin A. Molina III, and Bexar County, Texas.

7. "Describe" means to answer in complete detail and not simply to state an answer in summary or outline fashion. It includes narrating, relating, or depicting a series of events, including identifying the parties involved, where the events took place, and when and how the events unfolded.

8. "Document(s)" means any medium containing information in the broad sense of Federal Rule of Civil Procedure 34(a), such as drawings, graphs, charts, photographs, sound recordings, video recordings, digital files, images, data, data compilations, electronic mail, text messages, and voicemails. A draft or non-identical copy of a document (including copies bearing distinct annotations or comments) is a separate document. This definition expressly includes documents and communications stored in or transmitted via the NCIC/TCIC computer system, Brazos electronic ticket writing system, any BCSO officer's mobile laptop unit, and any BCSO officer's cellphone.

9. "Identify" means:

    a. When used in conjunction with a person or other entity: to provide the name, address, telephone number, and e-mail address of the person or entity; and for a person, the current place of employment, if known;

    b. When used in reference to documents: to specify the contents of the documents in sufficient detail (e.g., title of document, author, date prepared, and description of

        contents) to permit a person to locate and recognize the document. Please identify the current custodian of each document by providing that person's name, address, telephone number, and e-mail address;

        c.   When used with respect to a date, event, thing, or set of facts: to describe with specificity the facts, event, date, or thing sought through the request.

10.   "Includes" means "includes, but is not limited to."

11.   "Including" means "including, but not limited to."

12.   "Person" means any natural individual, corporation, limited liability company, partnership, proprietorship, association, organization, group of persons, and any other business, legal, or governmental entity or institution.

13.   "Plaintiff" means Alek Schott.

14.   "Relating" and "referring" mean having any connection to, referencing, addressing, concerning, describing, evidencing, or constituting, whether the connection is direct or indirect.

15.   "County" means Bexar County, Texas, including its offices, officers, agents, employees, subsidiaries, affiliates, and anyone else acting within its control and on the County's behalf—past or present.

16.   "You" or "your" refer to Defendants and all other persons acting or purporting to act on Defendants' behalf, including agents and employees—past or present.

17.   "All" and "each" shall be construed as "all and each," so as to provide the fullest breadth of meaning.

18.   The use of the singular form of any word includes the plural form and vice versa.

## REQUESTS FOR PRODUCTION

**Request for Production 1**

All documents and communications that mention Plaintiff, whether by using his full name, (Alek Schott), a variant on his name (e.g., Alek, Schott, Mr. Schott), or a term that in context refers to him (e.g., driver, suspect).

**Request for Production 2**

All documents and communications that mention license plate number LJR4135.

**Request for Production 3**

All documents—including drafts and comments for revision—and communications that mention, were created during, or otherwise relate to CAD Master Incident Number BCSO-2022-0082748.

**Request for Production 4**

All documents—including drafts and comments for revision—and communications that mention, were created during, or otherwise relate to SPEARS Incident Summary BCS220059233.

**Request for Production 5**

All bodycam and dashcam footage from Defendant Babb and Defendant Molina for February 16, 2022 to April 16, 2022.

**Request for Production 6**

All communications, and records of those communications, between Defendant Babb and any other BCSO employee on March 16, 2022.

**Request for Production 7**

All communications, and records of those communications, between Defendant Molina and any other BCSO employee on March 16, 2022.

**Request for Production 8**

All communications, and records of those communications, between Deputy Joe Gereb and any other BCSO employee on March 16, 2022.

**Request for Production 9**

All communications, and records of those communications, between Sergeant Gamboa and any other BCSO employee on March 16, 2022.

**Request for Production 10**

All documents and communications that support Defendant Babb's contention that Plaintiff committed a traffic violation on March 16, 2022. *See* Compl. n.1, Babb A at 2:26; Dkt. No. 13-1 at 3.

4

**Request for Production 11**

All documents and communications that support Defendant Babb's contention that he had reason to suspect there was something illegal in Plaintiff's car on March 16, 2022. *See* Compl. n.1, Babb A at 13:38; Dkt. No. 13-1 at 3.

**Request for Production 12**

All documents and communications that support Defendant Molina's contention that a drug dog, Maximus, gave a positive alert on Plaintiff's car on March 16, 2022. *See* Compl. n.1, Molina at 2:40; Dkt. No. 13-1 at 4.

**Request for Production 13**

If you possess any evidence, other than documents produced in response to requests 1–11, that Plaintiff committed a traffic violation or that Defendant Babb had reason to suspect Plaintiff of a crime on March 16, 2022, produce that evidence.

**Request for Production 14**

All warrants that any BCSO officer has ever obtained to search Plaintiff, his vehicle, or his property.

**Request for Production 15**

All documents evincing the training, certification, and qualifications of Defendant Babb and Defendant Molina for the entirety of their careers as peace officers. This request includes, but is not limited to, materials provided as part of Texas Commission on Law Enforcement training, provided by BCSO, or provided by private third parties on how to perform traffic stops, criminal interdiction, drug dog sniffs, and vehicle searches.

**Request for Production 16**

All documents and communications reflecting complaints or disciplinary actions against Defendant Babb or Defendant Molina for the entirety of their employment with BCSO.

**Request for Production 17**

For any complaint about actions taken by a BCSO officer other than Defendant Babb and Defendant Molina during a traffic stop and vehicle search, produce documents evidencing the nature of the complaint and action taken by the County—such as an employee counseling report, a performance report, or a summary of complaint and action taken.

**Request for Production 18**

All documents concerning Maximus, the dog that sniffed Plaintiff's car on March 16, 2022. This request includes, but is not limited to, training curriculum, training manuals, certification records, score sheets, handler notes, deployment record, field performance documents, veterinary records, and similar documents.

**Request for Production 19**

All documents and communications concerning the reliability and performance of BCSO's K9 Unit or of individual dogs or K9 handlers. This request includes, but is not limited to, deposition transcripts, affidavits, and declarations.

**Request for Production 20**

All documents and communications relating to the maintenance and inspection of the patrol vehicle driven by Defendant Babb on March 16, 2022 and its dash camera from February 1, 2022 to April 15, 2022.

**Request for Production 21**

All documents and communications relating to Defendant Babb's contention that the dash camera on his patrol vehicle was inoperable on March 16, 2022.

**Request for Production 22**

All documents and communications evincing the County's or BCSO's K9 policy. This request includes, but is not limited to, general orders, rules, standard operating procedures, memoranda, and similar documents on how drug detecting dogs are selected, trained, certified, qualified, evaluated, used, and managed.

**Request for Production 23**

All documents and communications other than the current Sheriff's Manual of Policy and Procedure that govern BCSO officers' behavior during traffic stops, roadside investigations, and vehicle searches. This request includes, but is not limited to, general orders, rules, standard operating procedures, memoranda, and similar documents.

**Request for Production 24**

All documents and communications stating the County's or BCSO's policies relating to criminal interdiction. This request includes, but is not limited to, general orders or standard operating procedures upon which BCSO officers rely in the course of their duties.

**Request for Production 25**

All documents and communications stating the County's or BCSO's policies relating to the use and maintenance of bodycams, dashcams, and footage from those cameras. This request includes, but is not limited to, general orders or standard operating procedures upon which BCSO officers rely in the course of their duties.

**Request for Production 26**

All documents and communications setting forth the official purpose of BCSO's Criminal Interdiction Unit and K9 Unit.

**Request for Production 27**

All documents that the County or BCSO use to track traffic stops and vehicle searches. This request includes, but is not limited to, running lists, active databases, and regular reports, whether created for internal tracking or external use.

**Request for Production 28**

All SPEARS Incident Summaries and corresponding incident reports for traffic stops with reports by Defendant Babb or Defendant Molina from January 1, 2022 to May 2, 2022. *See* Dkt. No. 13-1.

**Request for Production 29**

All SPEARS Incident Summaries and corresponding incident reports concerning traffic stops for drifting over or touching the fog line. *See* Dkt. No. 13-1.

**Request for Production 30**

All memoranda of understanding and contractual agreements between the County or BCSO and other entities, governmental or otherwise, that facilitates or is designed to facilitate BCSO's criminal interdiction work.

**Request for Production 31**

All documents and communications relating to BCSO's participation in Texas's Selective Traffic Enforcement Program (STEP).

**Request for Production 32**

All documents and communications related to the several Public Information Act requests submitted by Plaintiff and by his attorney Joshua Windham before this case was filed—including communications between any BCSO officer and the person responding to such requests. The numbers of those requests are:

- R010361-071822
- S004068-040622
- S005565-012423
- R012425-030223
- S005692-021023
- S005563-012423
- S005550-012323
- S005549-012323

This request does not seek documents and communications already available in the Bexar County Open Records Portal.

**Request for Production 33**

All documents relating to document-retention policies that apply to documents within BCSO's possession.

**Request for Production 34**

All organizational charts showing BCSO's structure and chain of command.

**Request for Production 35**

All BCSO Training Academy "annual internal audits and other risk evaluations" referenced in Sheriff's Manual of Policy and Procedure (Aug. 3, 2021 version) § 2.11, to the extent those audits and risk evaluations contain information about BCSO officers' performance of their law enforcement duties.

**Request for Production 36**

All documents—not including any privileged information or attorney work product—that you contend support any affirmative defense raised in this matter or that you otherwise intend to rely on at summary judgment or at trial.

Dated: September 1, 2023                Respectfully submitted,

/s/ Christen M. Hebert
Christen M. Hebert (TX Bar No. 24099898)
Institute for Justice
816 Congress Avenue, Suite 960
Phone: (512) 480-5936
Fax: (512) 480-5937
chebert@ij.org

8

Joshua A. Windham* (NC Bar No. 51071)
Trace E. Mitchell* (DC Bar No. 1780794)
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
jwindham@ij.org
tmitchell@ij.org

*Attorneys for Plaintiff*

*Admitted *Pro Hac Vice*

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, a true and correct copy of the foregoing Plaintiff's First Set of Requests for Production was served via e-mail on the following counsel of record:

Robert W. Piatt III
Susan A. Bowen
ASSISTANT DISTRICT ATTORNEYS, CIVIL DIVISION
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
(210) 335-0785
robert.piatt@bexar.org
sbowen@bexar.org

/s/ Christen Mason Hebert
Christen Mason Hebert
*Attorney for Plaintiff*