# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| JOEL BABB, IN HIS INDIVIDUAL AND OFFICIAL § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| CAPACITY; MARTIN A. MOLINA III, IN § | |
| HIS INDIVIDUAL AND OFFICIAL CAPACITY; § | |
| JAVIER SALAZAR, IN HIS INDIVIDUAL § | |
| AND OFFICIAL CAPACITY; AND § | |
| BEXAR COUNTY, TEXAS, § | |
| § | |
| *Defendants.* § | |
| § | |

## DEFENDANT BEXAR COUNTY'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Now comes **BEXAR COUNTY, TEXAS**, Defendant in the above styled and numbered cause and pursuant to Rule 34 of the Federal Rules of Civil Procedure, files the attached as its Responses to Second Request for Production propounded by Plaintiff **ALEK SCHOTT**.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877

BY:   /s/ Charles S. Frigerio
      CHARLES S. FRIGERIO
      SBN:  07477500
      SD. Fed I.D. 19387

      HECTOR X. SAENZ
      SBN:  17514850
      SD. Fed I.D. 19388
      ATTORNEYS FOR BEXAR COUNTY, TEXAS,
      and DEPUTIES JOEL BABB, MARTIN A. MOLINA III

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of January, 2024, I electronically filed the foregoing Defendant Bexar County's Responses to Plaintiff's Second Request for Production via electronic mail to the following:

Christen Mason Hebert
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701        Email:  chebert@ij.org

Joshua Windham*        Email: jwindham@ij.org
Trace E. Mitchell*        Email: tmitchell@ij.org
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Attorneys for Plaintiff
*Admitted Pro Hae Vice

                /s/ Charles S. Frigerio
                CHARLES S. FRIGERIO

## DEFENDANT BEXAR COUNTY'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

**Request for Production 37**: All documents that Defendant Babb has used or currently uses in his role at the Bexar County Sheriff's Office Training Academy to instruct on traffic stops and searches.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 37:** See Bates numbered documents as follows:

1. BC685 – BC863;
2. BC934 – BC945;
3. BC946;
4. BC947 – BC966;
5. BC973 – BC980;
6. BC981 – BC1116;
7. BC117 – BC1280;
8. BC1281 – BC1298;
9. BC1299 – BC1373;
10. BC1374 – BC1393;
11. BC1394;
12. BC2250 – BC2256;

**Request for Production 38**: All documents relating to the investigation of the traffic stop and search of Plaintiff on March 16, 2022, referenced on BC002161—including the investigative report due September 12, 2023, referenced on BC002160 and the investigative report due December 11, 2023, referenced on BC002225.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 38:** See attached copies of Deputy Joel Babb's Citizen Complaints and IA Disciplinary Records.

**Request for Production 39**: All documents identifying the mission, goals, structure, or activities of BCSO's Special Enforcement Unit applicable from January 1, 2022, to present.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 39:** See attached copies of Interdiction MOU Documents. Defendant will supplement BCSO Policies and Procedures.

**Request for Production 40**: All documents concerning reports on BCSO's criminal interdiction activities and the results of those activities, including any such reports submitted to the Bexar County Commissioners Court or used to support budget requests.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 40: OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the

parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached copies of Deputy Joel Babb and Deputy Martin Molina's Spears Reports.

**Request for Production 41**: All documents concerning the budget and funding of the Special Enforcement Unit.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 41:** None responsive to this request.

**Request for Production 42**: All documents and communications—including meta data—reflecting access to and revision of SPEARS Incident Summary BCS220059233.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 42:** **OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached Spears Incident Report BCS220059233 regarding Plaintiff's 3-16-22 Traffic stop.

**Request for Production 43**: All documents concerning BCSO's use of dog sniffs during traffic stops, including any records or reports reflecting deployment of dogs to sniff vehicles and the results of those sniffs.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 43:** **OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake

in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached copies of Canine Deputy Martin Molina Spears Reports regarding Canine use during traffic stops.

**Request for Production 44**: All SPEARS Incident Summaries and corresponding incident reports for traffic stops with reports by BCSO Officer Joe Gereb from January 1, 2022, to May 2, 2022.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 44: OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Without waiving objection, see attached copy of Plaintiff's citizen complaint and IA investigation regarding Plaintiff's 3-16-22 traffic stop made the basis of this lawsuit.

**Request for Production 45**: All documents relating to performance evaluation records for Defendant Joel Babb.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 45:** See attached copies of Deputy Joel Babb's personnel file and training file. Defendant will supplement performance evaluation records, if any.

**Request for Production 46**: All documents relating to the performance evaluation of Defendant Martin A. Molina III.

**Alek Schott v. Bexar County, Texas et al**  
Defendant's Responses to Plaintiff's Second Request for Production

Civil Action No. 5:23-cv-00706-OLG-RBF  
Page 5

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 46:** See attached copies of Deputy Martin Molina's Personnel file and Training File. Defendant will supplement Molina's performance evaluation records, if any.

**Request for Production 47**: All documents relating to the performance evaluation of BCSO Officer Joe Gereb.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 47:** **OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Defendant objects Under Rule 26(b) of the FEDERAL RULES OF CIVIL PROCEDURE as said Request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, objection is made pursuant to the TEXAS GOVERNMENT CODE, Chapter 552, §552.102, §552.103, §552.108, §552.117 and §552.119. Defendant further objects under the Texas Local Government Code, Chapter 143, §143.089 and §143.1214. Defendant also asserts the self-critical analysis privilege.

Without waiving objection, Defendant will supplement Gereb's performance evaluations, if any.

**Request for Production 48**: All documents relating to the performance evaluation of BCSO Officer Pete Gamboa.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 48:** **OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Defendant objects Under Rule 26(b) of the FEDERAL RULES OF CIVIL PROCEDURE as said Request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, objection is made pursuant to the TEXAS GOVERNMENT CODE, Chapter 552, §552.102, §552.103, §552.108, §552.117 and §552.119. Defendant further objects under the Texas Local Government Code, Chapter 143, §143.089 and §143.1214. Defendant also asserts the self-critical analysis privilege.

Without waiving objection, Defendant will supplement Gamboa's performance evaluation records, if any.

**Request for Production 49**: All documents relating to Defendant Martin A. Molina III's certification as a dog handler, including any certification of Defendant Molina with Maximus, the dog that sniffed Plaintiff's car on March 16, 2022.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 49:** See attached copies of Deputy Martin Molina's training file with certifications. Defendant will supplement Molina's dog handler certifications, if any.

**Request for Production 50**: All documents relating to BCSO Officer George Herrera's certification as a dog handler, including any certification of Officer Herrera with Maximus, the dog that sniffed Plaintiff's car on March 16, 2022.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 50:** **OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Defendant objects Under Rule 26(b) of the FEDERAL RULES OF CIVIL PROCEDURE as said Request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, objection is made pursuant to the TEXAS GOVERNMENT CODE, Chapter 552, §552.102, §552.103, §552.108, §552.117 and §552.119. Defendant further objects under the Texas Local Government Code, Chapter 143, §143.089 and §143.1214. Defendant also asserts the self-critical analysis privilege.

Without waiving objection, Defendant will supplement Molina's dog handler certifications, if any.

**Request for Production 51**: All documents and communications relating to changing Maximus's handler from BCSO Officer George Herrera to Defendant Martin A. Molina III.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 51:** **OBJECTION**: Under Rule 26(b) of the Federal Rules of Civil Procedure as said Request is not relevant to Plaintiff's claim and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to this request for the reason that it is vague, overly broad, unreasonably burdensome and is propounded solely for the purpose of harassing this defendant.

Defendant objects to this request since, as phrased, it seeks or may seek to have this Defendant speculate as to the exact nature, type, or category of documents being sought by the propounding party and as such this request is overbroad.

Defendant objects Under Rule 26(b) of the FEDERAL RULES OF CIVIL PROCEDURE as said Request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, objection is made pursuant to the TEXAS GOVERNMENT CODE, Chapter 552, §552.102, §552.103, §552.108, §552.117 and §552.119. Defendant further objects under the Texas Local Government Code, Chapter 143, §143.089 and §143.1214. Defendant also asserts the self-critical analysis privilege.

Without waiving objection, see attached copies of canine maximus' training records.

**Request for Production 52**: All computer-aided dispatch or CAD records for Defendant Joel Babb, Defendant Martin A. Molina III, and Officer Joe Gereb for March 16, 2022.

**DEFENDANT BC'S RESPONSE TO PLAINTIFF'S SECOND RFP NO. 52:** See attached copy of 3-16-22 CAD records regarding Plaintiff's traffic stop.