EXHIBIT 6



INSTITUTE FOR JUSTICE
TEXAS

February 22, 2024

**VIA ELECTRONIC MAIL**
Charles S. Frigerio
Law Offices of Charles S. Frigerio
111 Soledad, Suite 465
San Antonio, TX 78205
csf@frigeriolawfirm.com

Robert Piatt & Susan Bowen
Bexar County Criminal District Attorney's Office
7th Floor Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
robert.piatt@bexar.com
sbowen@bexar.com

*Counsel for Defendants*

Re:   **Demand for supplemental production to deficient discovery responses before
      scheduled depositions in Schott v. Babb et al., No. 5:23-cv-706**

Dear Counsel,

       This letter demands that Defendants provide supplemental production of items that
Defendants' *own production* proves exist.

       Defendants must immediately produce the responsive documents described below
so Plaintiff's counsel can competently prepare for the depositions scheduled in this case.
However, Plaintiff's counsel will depose BCSO Deputy Gereb and Officer Rodriguez on
February 27–28, 2024 regardless of whether Defendants supplement their production
before the depositions. **Given Defendants' failure to produce responsive documents in
a timely fashion before Gereb's and Rodriguez's depositions, Plaintiff's counsel
expressly reserves the right to continue Gereb's and Rodriguez's depositions after
Defendants remedy their production deficiencies <u>even if additional time is required</u>.**

       Further, because BCSO's electronic records policy suggests that certain responsive
records may only be retained "for a period of two (2) years" (BC003864–67), there is a
risk that responsive records, especially communications, may be destroyed on March 16,
2024—just 23 days from now. **Defendants must take immediate action to ensure
responsive documents are not destroyed**. **<u>If Defendants fail to preserve responsive
documents, Plaintiff will move for relief under Federal Rule of Civil Procedure 37(e).</u>**

**ADDITIONAL DISCUSSION OF DEFICIENT PRODUCTION**

This letter reincorporates by reference the deficiency letters Plaintiff sent on October 27, 2023, December 6, 2023, and February 9, 2024. On any good-faith reading of those letters and the deficiencies they identified, Defendants' responses to Plaintiff's first and second sets of requests for production were—and remain—deficient. This letter, without waiving points made in prior letters, identifies a few examples of why Defendants' production remains deficient.

**Requests for Production 1–2.** [Condensed] All documents and communications that mention Plaintiff, whether by using his full name, a variant on his name (e.g., Alek Schott, Mr. Schott), or a term that in context refers to him (e.g., driver, suspect), or license plate number LJR4135.

**Requests for Production 6–9.** [Condensed] All communications and records of communications between Defendant Babb, Defendant Molina, Deputy Joe Gereb, and Sergeant Gamboa and any other BCSO employee on March 16, 2022.

Defendants have not fully responded to RFPs 1–2 or 6–9. BC000159 shows that on September 9, 2023, Bexar County IT conducted an email search for "A Schott" (665 hits), "Alek Schott" (1028 hits), and "LJR4135" (75 hits), and states: "We have a 2.9GB pst file that is too large to attach to RITM." But, five months later, Defendants still have not produced the 2.9GB pst file or any other results from the email search.

Moreover, records of communications between BCSO officers on March 16, 2022 plainly exist. BC003864 states that BCSO officers are equipped with computers, electronic messaging devices, and cellphones. During the traffic stop at issue in this case, BCSO officers repeatedly used computers, electronic messaging devices, and cellphones. For example:

- Defendant Babb's bodycam footage shows that he started using his computer almost immediately (00:58) and did so throughout the stop;
- Defendant Babb's bodycam footage shows that he used a cellphone—presumably to text—several times (4:10, 5:51, 8:10, 15:10, 21:45, 22:35, 23:10, 23:47, 28:03, 32:36, 34:00, 35:18, 37:17);
- Deputy Gereb's bodycam footage shows that he used a cellphone—presumably to text—multiple times during the stop (3:13, 4:18);
- Deputy Gereb's bodycam footage shows him answering at least one phone call (5:52);
- Defendant Babb's bodycam footage shows him answering phone calls during the stop (35:24, 36:53), including a call by somebody he calls "sir" (39:42), and he references receiving a call either before or earlier during the stop: "So this guy, they've been, I'll tell you later. A guy called me, said 'where you at,' and I said 'I'm here,' and he's like 'yeah'" (38:50);
- Defendant Babb's bodycam footage implies that he was instructed either before or during the stop to look for Plaintiff's license plate number (34:32, 42:20)

Despite all this, Defendants still have not produced a single text message, call log, email, or any other electronic communication by any BCSO officer or employee related to this stop. That is unacceptable.

* * *

**Request for Production 22.** All documents evincing the County's or BCSO's canine policy. This request includes, but is not limited to, general orders, rules, standard operating procedures, memoranda, and similar documents on how drug detection dogs are selected, trained, certified, qualified, evaluated, used, and managed.

**Requests for Production 49–50.** [Condensed] All documents relating to Defendant Martin A. Molina III's and George Herrera's certification as a dog handler, including any certifications with Maximus, the dog that sniffed Plaintiff's car on March 16, 2022.

Defendants have not fully responded to RFPs 22 or 49–50. Despite Defendants' assertion in their February 16, 2024 letter that "Certifications for K-9 Maximus as well as certifications for Herrera and Molina have been produced," Plaintiffs have not received a single certification for Maximus, Herrera, or Molina.

To spell it out, the BCSO canine policy states: "Our unit certification standard will be in compliance with nationally or internationally recognized standards. For example – NATIONAL POLICE CANINE ASSOCIATION (NPCA), NATIONAL NARCOTICS DETECTOR DOG ASSOCIATION (NNDDA), NATIONAL CANINE AUDIT TRACKING SYSTEM (NCATS), INTERNATIONAL POLICE WORKING DOG ASSOCIATION (IPWDA)" (BC002241), and that the "Canine Unit Supervisor/Trainer" must maintain those certifications (BC002247).

Again, Plaintiff has not received any certifications that meet the description in BCSO's policy. Molina's personnel file (BC000864–933) does not contain canine certifications. Herrera's personnel file (BC005917–6035) does not contain canine certifications. And the K-9 Training Detail Reports (BC001466–1938) and K-9 Deployment Detail Reports (BC003927–5363) are not canine certifications.

Moreover, while BCSO's canine policy is responsive to RFP 22, the policy references several more documents that are also responsive to RFP 22 that Defendants have not produced:
- Basic Canine Handler Certificates for Molina and Herrera (BC002242);
- "training . . . guidelines established by the Sheriff's Office Canine Unit" (BC002244);
- Records of the "annual evaluation of each Canine Team" and "yearly recertification in the canine's area of proficiency" for Molina, Herrera, and Maximus (BC002246);
- Documents regarding a "canine or handler['s] . . . remov[al] from active duty" for "fail[ure] to meet the monthly training requirements or fail[ure] to meet the training requirements of their specialization"—which "shall be documented" (BC002246–47);
- Documents showing that Molina completed a "check/test [of his vehicle's] Heat Alarm Sensor" on March 16, 2022—which "will be . . . documented" (BC002247)

\* \* \*

Defendants claim to be acting in good faith but have repeatedly failed to make diligent searches for and produce all responsive items. That fact that Defendants' *own production* shows that Defendants have not provided all responsive items underscores that Defendants are not fulfilling their discovery obligations.

As always, I remain willing to discuss the status of this case and Defendants' discovery efforts via phone, Zoom, or email.

Sincerely,

/s/ Christie Hebert
Christie Hebert
Institute for Justice