EXHIBIT 7



February 9, 2024

**VIA ELECTRONIC MAIL**
Charles S. Frigerio
Law Offices of Charles S. Frigerio PC
111 Soledad, Suite 465
San Antonio, Texas 78205
csf@frigeriolawfirm.com

Robert Piatt & Susan Bowen
Bexar County Criminal District Attorney's Office
7th Floor Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
robert.piatt@bexar.org
sbowen@bexar.org

*Counsel for Defendants*

Re:   Request that Defendants remedy their deficient discovery for Schott v. Babb et al., No. 5:23-cv-706

Dear Counsel,

This letter addresses Defendants' lack of good faith participation in discovery for the matter of *Schott v. Babb et al.* Plaintiff's counsel has made every effort to work with Defendants' counsel—meeting twice via Zoom, sending letters and emails, and even having a face-to-face conversation. Defendants, on the other hand, have failed to produce requested documents, failed to address problematic written responses, failed to agree to deposition dates, and failed to communicate for months at a time. This letter is a final request that Defendants remedy their discovery deficiencies and communication failures before Plaintiff files a motion to compel.

The following sections provide (I) an overview of the status of discovery and Defendants' failure to engage in discovery in good faith; (II) a detailed discussion Defendants' deficient responses and production; and (III) specific requests to guide Defendants in fulfilling their discovery obligations.

**I.   Status of Discovery Efforts**

A. <u>Plaintiff's First Set of Requests for Production (First RFPs)</u>: Defendants have failed to address deficiencies with their written responses or fully remedy their deficient production even though Plaintiff served his First RFPs over five months ago.

- On September 1, 2023, Plaintiff served his First RFPs on Defendants. A copy of the First RFPs is attached as Exhibit A.

- On October 2, 2023, Defendants provided responses and objections to Plaintiff's First RFPs but produced no documents.

- On October 3, 2023, counsel for Plaintiff and Defendants met via Zoom to discuss Defendants' responses to Plaintiff's First RFPs. That conversation included, among other things, identification of issues with Defendants' written responses to Plaintiff's First RFPs.

- On October 17, 2023, Defendants produced a portion of responsive documents but admittedly withheld videos and indicated that additional documents were forthcoming.

- On October 27, 2023, Plaintiff's counsel sent Defendants' counsel a letter highlighting issues with Defendants' written responses and objections to Plaintiff's First RFPs. A copy of that letter is attached as Exhibit B. Defendants have not responded to the October 27th letter or revised their written responses.

- On November 7, 2023, Defendants produced a portion of documents responsive to RFP 28, indicating via letter that more documents responsive to RFP 28 were forthcoming.

- On December 6, 2023, Plaintiff's counsel sent Defendants' counsel a second letter. This letter identified deficiencies with Defendants' production, among other things. A copy of that letter is attached as Exhibit C.[1]

- On January 10th, Plaintiff's counsel met with Defendants' new counsel, Charles Frigerio. Among other things, Defendants agreed to provide an update on the status of outstanding production.

- On January 12th, Plaintiff's counsel provided copies of a draft protective order and previous correspondence.

- After Defendants' counsel failed to respond to emails concerning outstanding production, Plaintiff's counsel requested a meeting. On January 24th, the parties met via Zoom. Defendants indicated that they would produce the remaining discovery responsive to Plaintiff's First RFPs on January 26th.

---

[1] The exhibits to the letter sent December 6, 2023 are not reattached here because those exhibits are already attached to this letter as Exhibits A and B.

- On January 26th, Defendants produced videos and some documents. However, as described in my two prior letters and highlighted below in Part II, Defendants' production is still deficient.

B. <u>Depositions</u>: Although this case has been pending for over seven months, no depositions have been held, and no depositions are scheduled.

- On October 3, 2023, Plaintiff's counsel noticed an initial set of depositions for some of Defendants' witnesses (Gereb, Rodriguez, and Hernandez) to take place on November 15th and 16th based on previous correspondence between counsel for all parties.

- On October 26, 2023, Plaintiff's counsel asked via email about availability of Defendants' counsel and a second set of witnesses (Herrera, Molina, Babb, Gamboa, Perez, and Salazar) for depositions during the week of January 22nd. Defendants' counsel did not respond.

- After 5 pm on Friday, November 10, 2023 (Veteran's Day), Defendants' counsel emailed a request that Plaintiff's initial depositions set for November 15th and 16th be postponed until Defendants secured new opposing counsel. Defendants' counsel advised that new counsel would be in place on November 28th.

- Plaintiff's counsel agreed to postpone depositions (even though two of Plaintiff's counsel are based in Virginia and were forced to cancel their flights and hotels last-minute).

- In the letter sent December 6, 2023, Plaintiff's counsel asked Defendants' original counsel to reschedule the depositions of Gereb and Rodriguez if they were going to continue representing Defendants. Defendants' original counsel did not respond.

- During the January 10th meeting, after Defendants had secured new counsel, that counsel agreed to confer about deposition dates, among other things.

- During the January 24th Zoom meeting, Defendants agreed to seek to schedule:
    - The depositions of Gereb, Rodriguez, and Herra during either the week of 2/26 or 2/19; and
    - The depositions of Babb, Molina, Gamboa, and Salazar during the week of 4/22.

- Following Defendants' silence about deposition dates, Plaintiff's counsel followed up via email on February 2nd. For the first time, Defendants' counsel indicated that he was only available February 27th and 28th but had no information on witness availability.

- On February 5th, Plaintiff's counsel indicated that the three witnesses that Plaintiff sought to depose in February (Gereb, Rodriguez, and Herrera) could not be deposed in only two days. Plaintiff's counsel asked that Gereb and Rodriguez be made available on February 27th and 28th.

- Defendants have not responded to that request, and no depositions have been scheduled.

3

C. <u>Plaintiff's Second Set of Requests for Production (Second RFPs):</u> Even though Defendants received a two-week extension on their deadline to respond, Defendants' responses are deficient.

- On December 13, 2023, Plaintiff served his Second RFPs on Defendants. A copy of the Second RFPs is attached as Exhibit D. The parties agreed to extend Defendants' deadline to respond to January 26, 2024.

- On January 26th, Defendants provided written responses and a portion of documents responding to Plaintiff's Second RFPs.

- On February 5th, following a preliminary review of Defendants' production, Plaintiff's counsel noted via email that (1) Defendants' production did not include a category of documents, even though Defendants represented that those documents were attached; and (2) Defendants' written responses indicated that Defendants would affirmatively supplement their production or would supplement their production if additional documents existed. Plaintiff's counsel asked when Defendants would supplement their production, but Defendants have not answered that question.

- As detailed in Part II, both Defendants' written responses and production are deficient.

D. <u>Defendants' failure to communicate:</u> Throughout discovery, Defendants have failed to respond to Plaintiff's counsel or fully comply with their discovery obligations.

- On August 17, 2023, the parties represented to the Court via a joint report that there was no need to change the timing for initial disclosures. Plaintiff timely served his initial disclosures on August 24th. Without explanation or response to inquiries by Plaintiff's counsel, Defendants did not serve their initial disclosures until more than a month after the deadline, on September 29th.

- On October 3, 2023, Plaintiff's counsel sent Defendants' counsel a revised proposed confidentiality and protective order to address Defendants' confidentiality concerns. Without explanation, Defendants ignored Plaintiff's follow-up attempts for over three months.

- After Plaintiff's counsel postponed depositions based on the representation that Defendants were securing new counsel effective November 28th, Defendants stopped responding for nearly two months.

- Despite Plaintiff's efforts to reschedule the postponed depositions and schedule depositions for other witnesses, Defendants have generally ignored Plaintiff's requests for counsel and witness availability preventing Plaintiff from scheduling those depositions.

- Given Defendants' deficient responses to Plaintiff's RFPs, Plaintiff has repeatedly asked Defendants to revise their written responses and remedy their deficient production. Defendants have ignored Plaintiff's requests. Additionally, Defendants' failure to indicate what supplementary production they are providing and when

4

additional production will be delivered inhibits Plaintiff's ability to assess if their RFPs have been or will be satisfied.

## II. Production Deficiencies

Defendants' production is deficient, and Defendants should both revise their written responses and supplement their production. Expressly incorporating my prior letters (Exhibits B and C), below I (A) highlight additional issues with Defendants' production responsive to Plaintiff's First RFPs and (B) summarize deficiencies with Defendants' responses to Plaintiff's Second RFPs. The following is not intended as an exhaustive list of deficiencies. Plaintiff reserves the right to raise additional deficiencies.

### A. First RFPs

***General deficiencies.*** As previously discussed via letter, email, and Zoom meeting, Defendants have identified items responsive to Plaintiff's First RFPs but have failed to produce those items. For example, Defendants' production does not contain any items relating to Babb's patrol vehicle (RFP 20); any items relating to Babb's contention that his patrol vehicle was inoperable on March 16, 2022 (RFR 21); any MOUs or contracts designed to facilitate BCSO's criminal interdiction work (RFP 30); or any BCSO "annual internal audits and other risk evaluations" (RFP 35). Yet, for over four months, Defendants have rested on their claim that responsive items are "currently being bate stamped" or "will be produced." See Responses to RFPs 20, 21, 25, 28, 29, 30, 34, and 35.

***Requests for Production 6–9***. RFPs 6–9 request all communications and records of communications between Defendant Babb, Defendant Molina, Deputy Joe Gereb, and Sergeant Gamboa and any other BCSO employee on March 16, 2022. No phone records or text messages from March 16, 2022 have been produced. However, during the traffic stop on March 16, 2022, Defendant Babb repeatedly used his cell phone—seeming to text and answer a call from a fellow officer. See [Deputy Babb BWC Video A](#) at 5:53, 35:16, and 39:38. Review of other body camera footage from Defendant Babb confirms that he often texts other BCSO employees during traffic stops. See BC514 at 19:21; BC516 at 54:09; BC518 at 29:53.

***Request for Production 34***. RFP 34 requests "[a]ll organizational charts showing BCSO's structure and chain of command. During the January 24th meeting, Defendants' counsel indicated that Defendants already provided a copy of their organizational chart. Plaintiff's counsel did not uncover any organizational chart until after review of the production provided on January 26th. From that batch of production, BC3920 features a very simple organization chart. However, a basic internet search reveals other, more detailed BCSO organization charts that may or may not be accurate but indicate that Defendants have not fulfilled their discovery obligations.

### B. Second RFPs

***Request for Production 38***. RFP 38 requests "[a]ll documents relating to the investigation" of the March 16, 2022 traffic stop of Plaintiff, specifically requesting two investigative reports mentioned on BC2160 (which indicates a report was due September 12, 2023) and BC2225 (which indicates a report was due December 11, 2023). Without any objections, Defendants indicated that they were only producing "attached copies of Deputy Babb's Citizen

5

Complaints and IA Disciplinary Records." Putting aside the fact that no such documents were produced in response to Plaintiff's Second RFPs, Defendants cannot ignore portions of Plaintiff's request. Either Defendants should produce the other responsive documents or clarify their response to indicate that no other responsive documents—including the reports expressly referenced in BC2160 and BC 2225—exist.

***Request for Production 39***. RFP 39 requests documents concerning BCSO's Special Enforcement Unit. Without objection, Defendants stated that "Interdiction MOU Documents" were "attached" and that Defendants would "supplement BCSO Policies and Procedures." No Interdiction MOU Documents were produced. When Plaintiff's counsel asked via email about the Interdiction MOU Documents, Defendants' counsel claimed that no such documents existed. Defendants' statement that they are producing documents not actually included in their production underscores the fact that Defendants are not carrying out their discovery obligations in good faith.

***Request for Production 40.*** RFP 40 seeks reports on BCSO's criminal interdiction activities. This request is directly relevant to Plaintiff's claims as Deputy Babb stated that he was part of BCSO's Criminal Interdiction Unit and was carrying out criminal interdiction activities when he stopped Plaintiff. Further, the requested is narrowly tailored, asking for only "reports." Nevertheless, Defendants assert boilerplate objections that the request is not relevant, is not proportional to the needs of the case, is vague, is overly broad, is unreasonably burdensome, and the purpose of the request is "harassing this defendant," among other objections. Then, after the objections, Defendants limit Plaintiff's request to Babb and Molina's "Spears Reports." Again, Defendants should produce all responsive documents (not just SPEARS summaries) from any BCSO employee (not just Babb and Molina) or state that no other responsive documents exist.

***Request for Production 41.*** RFP 41 requests documents concerning the budget and funding of the Special Enforcement Unit, and Defendants claim there are no responsive documents. But Defendants' Exhibit 1 to their motion to dismiss indicates that both Deputy Babb and Deputy Gereb were part of "Special Enforcement" on March 16, 2022. Further, a BCSO organizational chart available online—and purporting to be current as of April 21, 2022—identifies a "Special Enforcement Unit" within the "Tactical Operations Section." Defendants have failed to make a good-faith search for documents responsive to RFP 41.

***Request for Production 42.*** RFP 42 asks for all documents and communications, including meta data, for the SPEARS summary from the traffic stop of Plaintiff. Again, after asserting copied and pasted objections (that refer to "Defendant" rather than Defendants), Defendants unilaterally limit Plaintiff's request to the SPEARS summary already produced. Defendants have no valid reason to withhold all documents and communications associated with the SPEARS summary that Defendants generated after stopping Plaintiff and must produce those items.

***Request for Production 43.*** RFP 43 requests all documents concerning BCSO's use of dog sniffs during traffic stops. After the same boilerplate objections Defendants pasted throughout their responses, Defendants limited their production to Deputy Molina's SPEARS summaries. Defendants should produce the other responsive documents.

6

***Request for Production 44.*** RFP 44 seeks the SPEARS summaries for Deputy Gereb for a limited time, a four-month period. Defendants have not produced a single SPEARS summary for Deputy Gereb (apart from summaries that involve Deputy Babb and Deputy Molina). Instead, repeating boilerplate objections, Defendants claim to provide an "attached copy of Plaintiff's citizen complaint and IA investigation regarding Plaintiff's 3-16-22 traffic stop" — a document the request does not seek. Moreover, no such document was provided with the production that accompanied Defendants' responses to Plaintiff's Second RFPs. The SPEARS summaries of Deputy Gereb, who helped search Plaintiff's truck and who appears (based on Defendants' bodycam production) to conduct criminal interdiction efforts in tandem with Deputy Babb, are directly relevant to Plaintiff's claims, especially Plaintiff's *Monell* claim. Defendants have no valid reason to withhold Deputy Gereb's SPEARS summaries.

***Requests for Production 45–46.*** RFPs 45–46 ask for Deputy Babb's and Deputy Molina's performance evaluation records. Defendants again purport to attach documents not produced with their production in response to Plaintiff's Second RFPs. But also, Defendants say they will supplement their production with performance evaluation records "if any." Not only did Defendants fail to make a diligent search for those records before responding to Plaintiff's Second RFPs, but Defendants have also refused to provide any information on when Plaintiff can expect the supplemented production. Defendants must produce Deputy Babb's and Deputy Molina's performance evaluation records—preferably before depositions so that Plaintiff does not have to request additional depositions to examine late documents.

***Requests for Production 47–48.*** RFPs 47–48 request Deputy Gereb's and Sergeant Gamboa's performance evaluation records. After copying and pasting the boilerplate objections used throughout Defendants' responses, Defendants claim that these performance records are outside the scope of permissible discovery and are shielded from disclosure under Chapter 552 of the Texas Government Code, Chapter 143 of the Texas Local Government Code, and the self-critical analysis privilege. None of these objections block production. Deputy Gereb and Sergeant Gamboa were part of the traffic stop at issue and appear to be part of BCSO's criminal interdiction activities. Their performance records are relevant to Plaintiff's *Monell* claim. Further, nothing in the Texas statutes that Defendants cite prohibits the production of performance records in litigation. And the Fifth Circuit does not recognize the self-critical analysis privilege. *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 & n.20 (5th Cir. 2000).[2] Defendants must produce Deputy Gereb's and Sergeant Gamboa's performance records.

***Request for Production 49.*** RFP 49 requests all documents relating to Deputy Molina's certification as a dog handler. Even though Plaintiff already requested all documents evincing training and certification of Deputy Molina (RFP 15) and concerning Maximus, the dog that sniffed Plaintiff's truck (RFP 18), Plaintiff seeks documents about Deputy Molina's handler certification (1) because evidence of Molina's certification has not been provided even though four months have passed since responses to Plaintiff's First RFPs were due and (2) to avoid any ambiguity about what is requested.

---

[2] If Defendants claim that my understanding of the law is incorrect, please provide authority to the contrary.

***Request for Production 50–51.*** RFPs 50–51 seek documents relating to the certification of Officer George Herrera as a dog handler and relating to changing Maximus's handler from Officer Herrera to Deputy Molina. The reliability of Maximus, records of the transfer of Maximus to another handler, and certification of Maximus's prior handler are all directly relevant to Plaintiff's claims that the search was unreasonable and that BCSO conducts searches without any reason to suspect the driver of a crime. And, as outlined above in discussing RFPs 47–48, Defendants' objections citing Chapter 552 of the Texas Government Code, Chapter 143 of the Texas Local Government Code, and the self-critical analysis privilege provide no valid basis to withhold the documents responsive to RFPs 50–51.

### III.   Summary and Requested Actions

In sum, Defendants' responses to Plaintiff's RFPs and production are deficient. The delayed production, baseless and boilerplate objections, inappropriate narrowing of the scope of Plaintiff's requests, and misstatements on what has been produced show that Defendants have not fulfilled their discovery obligations and are not acting in good faith. We therefore request that Defendants:

1. Communicate a plan for carrying out the following actions with due dates for each action;
2. Revise written responses to both sets of RFPs;
3. Produce all documents responsive to Plaintiff's First RFPs;
4. Produce all documents responsive to Plaintiff's Second RFPs; and
5. Within one week of receipt of this letter, identify and confirm depositions dates for (a) Gereb and Rodriguez and (b) Herrera, Babb, Molina, Gamboa, and Salazar.

As always, I remain willing to discuss the status of this case and Defendants' discovery efforts via phone, Zoom, or email.

Sincerely,

/s/ Christie Hebert
Christie Hebert
Institute for Justice