# EXHIBIT 8



INSTITUTE FOR JUSTICE
TEXAS

December 6, 2023

**VIA ELECTRONIC MAIL**
Robert Piatt & Susan Bowen
Bexar County Criminal District Attorney's Office
7th Floor Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
robert.piatt@bexar.org
sbowen@bexar.org

*Counsel for Defendants*

**Re: Discovery status, deficient production, and next steps for Schott v. Babb et al., No. 5-23-CV-00706-OLG-RBF**

Dear Counsel,

I write to (1) provide a summary of discovery efforts in this case, (2) identify deficiencies with Defendants' production, and (3) propose next steps. Hopefully, this letter will enable Defendants to fulfill their discovery obligations and easily onboard any new counsel. Alternatively, this letter provides additional notice of Defendants' deficient discovery efforts and grounds for relief from the Court.

**1. Summary of Discovery Efforts**

- On August 17, 2023, the parties represented to the Court via a joint report that there was no need to change the timing for initial disclosures. Plaintiff timely served his initial disclosures on August 24th. Defendants did not serve their initial disclosures until more than a month after the deadline, on September 29th.
- On September 1st, Plaintiff served his First Set of Requests for Production (RFPs) on Defendants. A copy of those RFPs is attached as Exhibit A.
- On October 2nd, Defendants provided responses and objections to Plaintiff's RFPs but produced no documents.
- On October 3rd, counsel for Plaintiff and Defendants met via Zoom to discuss Defendants' responses to Plaintiff's RFPs:
    - Defendants' counsel stated that they would withhold all dash camera and bodycam footage because of concerns that such footage would be made public to influence the outcome of a trial.

   - Plaintiff's counsel refused to designate such footage as confidential information but agreed to shield the identity of any private citizens in such footage.
   - Plaintiff's counsel also provided a revised draft of a joint proposed confidentiality and protective order to address Defendants' concerns about the release of footage. Despite numerous follow-up efforts by Plaintiff's counsel, Defendants have not provided any feedback on the proposed order and have continued withholding all footage.
   - Counsel discussed the nature and scope of several of Defendants' objections to Plaintiff's RFPs.
   - Defendants agreed to produce a portion of responsive documents by October 6th, but Defendants did not produce an initial portion of responsive documents until October 17th.

- Also on October 3rd, Plaintiff's counsel noticed an initial set of depositions for some of Defendants' witnesses (Gereb, Rodriguez, and Hernandez) to take place on November 15th and 16th based on previous correspondence between counsel for all parties.
- On October 26th, Plaintiff's counsel asked via email about availability of Defendants' counsel and a second set of witnesses (Herrera, Molina, Babb, Gamboa, Perez, and Salazar) for depositions during the week of January 22nd. Defendants' counsel has not responded.
- On October 27th, Plaintiff's counsel sent Defendants' counsel a letter highlighting issues with Defendants' written responses and objections to Plaintiff's RFPs. A copy of that letter is attached as Exhibit B. Defendants have not responded to the October 27th letter.
- On November 7th, Defendants produced a portion of documents responsive to RFP 28, indicating via letter that more documents responsive to RFP 28 were forthcoming. No additional documents have been produced.
- After 5 pm on Friday, November 10th (Veteran's Day), Defendants' counsel emailed a request that Plaintiff's initial depositions set for November 15th and 16th be postponed until Defendants secured new opposing counsel. Defendants' counsel advised that new counsel would be in place on November 28th.
- Plaintiff's counsel agreed to postpone depositions (even though two of Plaintiff's counsel are based in Virginia and were forced to cancel their flights and hotels last-minute) and asked about (1) Defendants' position on the proposed confidentiality and protective order to address Defendants' concerns

about video footage and (2) the outstanding production. Defendants have provided no information in response to Plaintiff's questions.

- On November 29th, Plaintiff's counsel emailed to ask about the delay in the substitution of counsel. Defendants' counsel indicated that they would inquire about the status of substitution, but no additional information or explanation has been provided.

**2. Defendants' Deficient Production**

Defendants' production is deficient, and additional materials should be produced to remedy those deficiencies. In addition to the October 27th letter highlighting issues with Defendants' written responses and objections (Exhibit B), below I identify deficiencies with Defendants' production itself. The following is not intended as an exhaustive list of deficiencies, and Plaintiff reserves the right to raise additional deficiencies.

***General Deficiencies***

Defendants have produced only a portion of items responsive to Plaintiff's RFPs (Exhibit A). Defendants have repeatedly indicated that they have identified responsive items but have failed to produce those items. In Defendants' written responses to RFPs 20, 21, 25, 28, 29, 30, 34, and 35, Defendants indicated responsive items were "currently being bate stamped" or "will be produced." However, more than two months after Defendants' responses to Plaintiff's RFPs were due, Defendants still have not provided most of the items Defendants said were forthcoming.

Although Defendants provided some late production—a portion of documents responsive to RFP 28, the SPEARS Incident Summaries by Defendant Babb—Defendants have not fulfilled that entire request either. In the letter accompanying the portion of late production, Defendants indicated that they would produce the "SPEARS reports of Deputy Martin Molina III" in the "next week," but they have not done so. Nor have Defendants provided any indication when they will produce the "corresponding incident reports" requested by RFP 28. *Compare* BC164, *with* BC161, *and* BC172.

***Specific Deficiencies***

***Requests for Production 1 and 2.*** RFPs 1 and 2 seek documents and communications referring to Alek Schott or his license plate number. Defendants produced only a single, two-page document in response to these requests, BC159–160. Yet, the responses to other RFPs, those targeting specific documents, reveal that more than a single document should have been produced—undercutting any confidence that Defendants completed a thorough search for responsive items. Moreover, the single document that Defendants produced indicates that an email search was conducted but does not include the results of the search. In fact, BC159–160 indicates that a particular search resulted in a "file that is too large to attach[.]" That file does not



816 Congress Avenue, Suite 970 Austin, TX 78701 (512) 480-5936 (512) 480-5937 Fax
general@ij.org www.ij.org/texas

appear to have been produced. Additionally, please note that any search for documents responsive to RFP 1 should include terms accounting for the misspelling of Plaintiff's name (ex. Alex instead of Alek).

***Request for Production 4.*** RFP 4 asks for all documents relating to SPEARS Incident Summary BCS220059233. Defendants provided a single copy of SPEARS Incident Summary BCS220059233, which is labeled as BC164–168. However, there are differences between the document labeled as BC164–168 and the document attached as Exhibit 1 to Defendants' Motion to Dismiss. See ECF No. 13-1). To satisfy RFP 4, Defendants must produce all versions of SPEARS Incident Summary BCS220059233.

***Request for Production 5.*** RFP 5 requests bodycam and dashcam footage from Defendant Babb and Defendant Molina for a narrow window. More than two months after Defendants' response to Plaintiff's RFPs were due, Defendants still have not provided any video footage and offer no justification for the assertion that such footage is confidential other than a desire that the footage not be released to the public. That desire does not relieve Defendants of their obligation to produce responsive items.

***Requests for Production 6–9.*** RFPs 6–9 requests all communications and records of communications between Defendant Babb, Defendant Molina, Deputy Joe Gereb, and Sergeant Gamboa and any other BCSO employee on March 16, 2022. Defendants produced one excel sheet (BC169) and an email about a search of CAD messaging (BC170-17). The email references an attachment, but it is unclear if that attachment was produced. No text messages or phone records were produced. But video footage of the March 16, 2022, traffic stop shows that Defendant Babb repeatedly used his cell phone during the stop, including answering a call from another BCSO officer about the search of Plaintiff's truck. Defendants have failed to provide all the requested, responsive items.

***Request for Production 18.*** RFP 18 seeks all documents concerning Maximus, the dog that sniffed Plaintiff's car on March 16, 2022. Defendants only produced Maximus's K-9 Training Detail Reports (BC1466–2098) and veterinary records (BC2226–BC2239). Other responsive documents such as certification records, deployment records, and field performance documents should be provided.

***Request for Production 19.*** RFP 19 asks for documents and communications concerning the reliability and performance of BCSO's K9 Unit, of individual dogs, or of K9 handlers, including items such as depositions transcripts or affidavits. Defendants have produced no documents relating to the performance of BCSO's K9 Unit or asserting the reliability of a particular dog's alert or BCSO's K9 Unit more generally. It strains credibility for Defendants to assert that they have no responsive records—not one memorandum, affidavit, or declaration submitted, for example, in a criminal matter asserting that a dog alert reliably provided grounds to search.

***Requests for Production 24 and 26.*** RFPs 24 and 26 ask for documents and communications setting forth the policies and purpose of BCSO's Criminal Interdiction Unit and K9 Unit. Defendants have indicated that there are no responsive documents. It is highly unlikely that Defendants do not have a single document or communication articulating criminal interdiction policies or the purpose of BCSO's Criminal Interdiction Unit (which is how Defendant Babb refers to his unit as recorded on his bodycam footage from March 16, 2022) or its K9 Unit. However, if Defendants maintain that there are no responsive documents, Plaintiff asks that they certify that they possess no documents with the term "criminal interdiction" and that all documents concerning BCSO's K9 Unit have been produced.

**3. Next Steps**

To remedy Defendants' deficient discovery efforts and ensure that this case proceeds toward trial, I propose the following three actions that do not depend on new counsel:

A. Within one week (by December 13th), Defendants produce the documents that they have admittedly identified as responsive to Plaintiff's RFPs but have thus far failed to produce;

B. Defendants supplement their deficient responses to address the issues identified above and in the October 27th letter within two weeks (by December 20th); and

C. For the withheld video footage, (i) produce the footage with the other supplementary production within two weeks (by December 20th), or (ii) if Defendants still refuse to produce the footage due to confidentiality concerns, agree to let Plaintiff's counsel file the joint proposed confidentiality and protective order and produce the footage.

On the topic of new counsel, I propose that:

A. Defendants' current counsel introduce Defendants' new counsel to Plaintiff's counsel via email by the end of this week (December 8th); or

B. Defendants' current counsel continues to represent Defendants in this case until new counsel is secured.

If Defendants' current counsel continues to represent Defendants in this case, I ask that Defendants' counsel provide their availability and the availability of BCSO officers Joe Gereb and Marta Rodriguez to reschedule their depositions for the week of January 29th.

Of course, I am open to discussing an alternative way forward. I remain willing to discuss the status of this case and Defendants' discovery efforts via phone (512-480-5936) or via email (chebert@ij.org).

Sincerely,

/s/ Christie Hebert
Christie Hebert
Institute for Justice