EXHIBIT 9



INSTITUTE FOR JUSTICE
TEXAS

October 27, 2023

**VIA ELECTRONIC MAIL**
Mr. Robert Piatt & Ms. Susan Bowen
Bexar County Criminal District Attorney's Office
7th Floor Paul Elizondo Tower
101 W. Nueva,
San Antonio, Texas 78205
*Counsel for Defendants*

    Re:   Defendants' deficient discovery responses for *Schott v. Babb et al.*, No. 5-23-CV-00706-OLG-RBF

Dear Counsel,

    I am writing to address concerns about Defendants' discovery responses to Plaintiff's First Set of Requests for Production. Given that Plaintiff's counsel did not receive any documents from Defendants until October 17 (over two weeks after the documents were due on October 2), we are still in the process of reviewing those documents. However, I wish to highlight issues with Defendants' written responses and objections. We previously discussed these written responses and objections via Zoom on October 3rd, but I more fully address the issues in writing below. My hope is that this letter will help resolve the issues and avoid litigating a motion to compel.

    Below, I specify two general concerns as well as item-specific deficiencies. Any omission of a particular request or objection from this letter shouldn't be understood as a waiver of any of Plaintiff's rights to dispute Defendants' discovery responses and objections.

    I ask that you identify and produce any remaining responsive documents by November 3, 2023. Plaintiff's counsel continues to be willing to meet via phone or via Zoom to discuss Defendants' discovery responses.

    \*    \*    \*

    A quick recap of where discovery stands so far: On September 1, Plaintiff served his First Set of Requests for Production on Defendants.

Ms. Robert Piatt
Ms. Susan Bowen
October 27, 2023
Page 2 of 6

On October 2, Defendants provided responses and objections but produced no documents, despite indicating responsive documents exist and were Bates stamped.

On October 3, we met via Zoom to discuss Defendants' responses to Plaintiff's discovery requests. During our meeting, you stated that you would produce a portion of the documents responsive to Plaintiffs' discovery requests—excluding all dash camera and bodycam footage, which you would hold pending resolution of our proposed joint confidentiality and protective order—by Friday, October 6. However, we did not receive that initial portion of responsive documents until Tuesday, October 17. We are still waiting for the remainder of the documents Defendants have identified as responsive.[1] Defendants have not modified any of their written responses. Depositions in this case start November 15.

### A.   General Concerns

***First,*** Defendants' responses to RFPs 1, 6, 7, 8, 9, 16, 17, and 27 object to producing materials "not related to the matter that is the subject of the lawsuit" without specifying whether any responsive documents have been withheld or the nature of those documents being withheld.

That falls short of Rule 34, which states that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. Civ. R. P. 34(b)(2)(C); *see also Forbes v. San Gabriel Recovery Ranch*, No. 1:21-CV-00851-LY-SH, 2022 WL 10208252, at *1 (W.D. Tex. Oct.17, 2022) ("Order[ing] that Defendant must state in any amended or supplemental responses to Plaintiff's Requests for Production whether it is withholding any documents on the basis of its objections, pursuant to Rule 34(b)(2)(C) … ."). Defendants' failure to indicate (1) whether they are withholding documents and (2) what documents they are withholding prevents any meaningful conversation about the production of additional documents and modifying the scope of discovery requests.

As such, please specify whether any documents responsive to RFPs 1, 6, 7, 8, 9, 16, 17, and 27 have been withheld and the nature of those documents. That way, we can "facilitate an informed discussion." *See* Fed. R. Civ. P. 34(b)(2)(C) advisory committee's note to 2015 amendment (noting this rule is intended to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections").

Ms. Robert Piatt
Ms. Susan Bowen
October 27, 2023
Page 3 of 6

*Second*, Defendants' responses to RFPs 15, 21, 22, 23, 25, 27, and 33 appear to ignore portions of Plaintiff's requests. For example, RFP 15 seeks documents *including* TCOLE material—yet your response only states that "TCOLE Training Records and Certificates of Training" (no other documents) will be produced. Likewise, RFP 22 seeks documents *evincing* the County or BCSO's K9 policy—yet your response only states that "the K9 Policy will be produced." From Defendants' responses, it's unclear whether the documents you've produced are the *only* responsive documents that exist or if you responded to only a portion of our request. We ask that you clarify your above responses so that we can avoid any further confusion.

    B.    **Specific Concerns**

***Request for Production 17.*** RFP 17 seeks documents about complaints brought against BCSO officers (other than Defendants Babb and Molina) for actions they made during a traffic stop or vehicle search. You indicated that you're currently working to determine if complaints have been made against other officers in the Criminal Interdiction Unit but object to producing complaints against any other BCSO officers. You base your objection on the assertion that "Plaintiff's Original Complaint concerns the Criminal Interdiction Unit."

Respectfully, Defendants read Plaintiff's complaint too narrowly, which alleges that "*Bexar County* has a policy, practice, and custom of using traffic stops as a tool to conduct searches and seizures without any reason to suspect the driver of a crime" and that "that policy, practice, and custom is executed by *BCSO* and its deputies, *particularly* the Criminal Interdiction Unit." Compl. at ¶ 182 (emphasis added). Plaintiff's complaint thus concerns *Bexar County's* policies executed by BCSO—particularly, not exclusively, by the Criminal Interdiction Unit. Please produce all documents responsive to RFP 17.

***Requests for Production 20 and 21.*** RFPs 20 and 21 seek "all documents and communications" relating to (1) the maintenance and inspection of Defendant Babb's patrol vehicle on March 16, 2022; (2) that vehicle's dash camera from February 1, 2022 to April 15, 2022; and (3) Defendant Babb's contention that his dash camera was inoperable on March 16, 2022.

You've agreed to produce fleet and video logs, but RFPs 20 and 21 are not limited to those logs. Rather, all documents and communications include: (1) text messages, emails and other forms of internal electronic correspondence; and (2) images, such as photographs, and sound or video recordings. Plaintiff's counsel believes at least some additional responsive

documents and communications exist and therefore requests that a diligent search be performed for documents other than fleet and videos logs.

***Request for Production 23.*** RFP 23 seeks "all documents and communications other than the current Sheriff's Manual of Policy and Procedure that govern BCSO officers' behavior during traffic stops, roadside investigations, and vehicle searches." Your response does not identify any responsive documents but instead states that "the Sheriff's Manual of Policy and Procedure governs the BCSO Officers behavior during a traffic stop, roadside investigation and vehicle searches."

Defendants' position appears to be that the *only* document or communication which governs BCSO officers in the above contexts is a single manual. Surely though, there are other documents and communications—like those specified in our request—that govern, *i.e.*, direct in some way, BCSO officers' behavior in the above contexts. For example, any written directives from Sheriff Salazar, or other superiors, would plainly "govern" BCSO officers' behavior. Plaintiff's counsel believes at least some additional responsive documents and communications exist and therefore requests that a diligent search be performed for documents other than the Sheriff's Manual of Policy and Procedure.

***Request for Production 24.*** RFP 24 seeks "all documents and communications stating the County's or BCSO's policies relating to criminal interdiction." In response, you stated there are "no responsive documents concerning 'criminal interdiction.'"

Respectfully, it seems highly unlikely that there are *zero* written or recorded "policies relating to criminal interdiction." To be clear, this request not only encompasses documents and communications specifically referencing "criminal interdiction"—it also includes documents or communications stating the policies related to the work of criminal interdiction (*e.g.*, addressing outstanding warrants, drug possession and trafficking, money laundering, criminal gangs, human trafficking, stolen property). We suspect Defendants have documents stating policies relating to these issues. Examples include letters, memoranda, slide presentations, training videos, and policy manuals. Plaintiff's counsel therefore requests that a diligent search be performed for documents responsive to RFP 24 and that any responsive documents be produced.

***Request for Production 27.*** RFP 27 seeks "all documents that the County or BCSO use to track traffic stops and vehicle searches."

Ms. Robert Piatt
Ms. Susan Bowen
October 27, 2023
Page 5 of 6

      Defendants agreed to produce the traffic stop data from January 1, 2020 to present, but Defendants appear to object to RFP 27 based on relevancy and the burden it imposes. There are two problems with Defendants' response: First, Defendants have not agreed to produce information concerning vehicle searches. RFP 27 requests documents tracking both "traffic stops and vehicle searches" and Defendants have either mistakenly or impermissibly narrowed Plaintiff's request to only traffic stops. Second, RFP 27 is both relevant and proportionate to the needs of this case. Plaintiff alleges that "Bexar County has a policy, practice, and custom of using traffic stops as a tool to conduct searches and seizures without any reason to suspect the driver of a crime." Compl. at ¶ 182. Traffic and vehicle search data is directly relevant to that allegation. Plaintiff's counsel therefore requests that a diligent search be performed for documents responsive to RFP 27 and that all responsive documents be produced.

      ***Request for Production 31.*** RFP 31 seeks "all documents and communications relating to BCSO's participation in Texas's Selective Traffic Enforcement Program (STEP)." Defendants objected to this request on relevancy grounds because our Complaint makes "no reference to [STEP]."

      Plaintiff's case concerns BCSO's practices and policies concerning traffic enforcement and vehicle searches. BCSO's participation in Texas's traffic enforcement program and how BCSO executes Texas's requirements is directly relevant to Plaintiff's allegation that "Bexar County has a policy, practice, and custom of using traffic stops as a tool to conduct searches and seizures without any reason to suspect the driver of a crime." Compl. at ¶ 182. Plaintiff's counsel therefore requests that a diligent search be performed for documents responsive to RFP 31 and that all responsive documents be produced.

      ***Request for Production 32.*** This request seeks "all documents and communications related to the several Public Information Act requests submitted by Plaintiff and by his attorney Joshua Windham before this case was filed—including communications between any BCSO officer and the person responding to such requests." Defendants did not produce any documents, stating they "cannot identify which claim this request would address" and that "there may be communications between the Sheriff's Office and the PIA attorney which would be privileged by attorney-client communication."

      We understand some documents may need to be redacted or withheld because of an attorney-client privilege. Indeed, the instructions accompanying Plaintiff's RFPs stated that the "requests do not seek privileged information," and if a privilege applies, Defendants should "produce a privilege log." Any remaining responsive documents, however, are relevant and discoverable for

Ms. Robert Piatt
Ms. Susan Bowen
October 27, 2023
Page 6 of 6

at least two reasons: (1) the requests were tailored to identify documents relevant to Plaintiff's allegation in this suit, and (2) the failure to produce responsive documents via the open-records requests may tend to provide information about BCSO's policies and practices concerning traffic stops and vehicle searches. Plaintiff's counsel therefore requests that a diligent search be performed for documents responsive to RFP 32 and that all responsive documents be produced.

\*   \*   \*

Please let me know if any of the above-listed concerns above are unclear or if I can do anything to assist you in providing complete responses to Plaintiff's First Set of RFPs by November 3, 2023.

Sincerely,

/s/ Christie Hebert
Christie Hebert
Institute for Justice