# EXHIBIT 13



**INSTITUTE FOR JUSTICE**
TEXAS

March 6, 2024

**VIA ELECTRONIC MAIL**
Charles S. Frigerio
Law Offices of Charles S. Frigerio
111 Soledad, Suite 465
San Antonio, TX 78205
csf@frigeriolawfirm.com

Robert Piatt & Susan Bowen
Bexar County Criminal District Attorney's Office
7th Floor Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
robert.piatt@bexar.org
sbowen@bexar.org

*Counsel for Defendants*

**Re:    Preservation of documents related to Schott v. Babb et al., No. 5-23-CV-00706-OLG-RBF**

Dear Counsel:

The purpose of this letter is to ensure that documents[1] potentially relevant to Plaintiff Alek Schott's above-named case against Defendants are preserved. Though defendants already have a duty to preserve, Plaintiff sends this letter because there is a risk that potentially relevant documents may soon be destroyed under the Bexar County Sheriff's Office's (BCSO) retention schedules.

***Scope of documents to be preserved.*** Plaintiff requests that Defendants ensure the preservation and retention of all traffic-stop related documents—including communications and audio or video recordings—from June 1, 2021 to present. A non-exhaustive list of such traffic-related documents includes ALL:

- BCSO SPEARS Incident Summaries
- BCSO Incident Detail Reports
- BCSO traffic warning and citation reports
- Copies and records of communications, from both BCSO and personal devices, such as:
    - Phone calls

---

[1] As used in this letter, "document(s)" means any medium containing information in the broad sense of Federal Rule of Civil Procedure 34(a).

- - o Text messages
    - o Emails
    - o Other forms of electronic messaging
  - Bodycam footage
  - Dashcam footage
  - Electronic or handwritten notes
  - Electronic or handwritten statements
  - License plate reader records and data
  - All other documents responsive to Plaintiff's first, second, and third set of requests for production, including documents mentioned in the deficiency letters Plaintiff's counsel sent on October 27 & December 6, 2023, and February 9 & 22, 2024.

***Instructions for ensuring document preservation.*** Again, Defendants—and all their agencies, officers, employees, attorneys, and agents—already have a duty to take reasonable steps to preserve all documents that are potentially relevant to this case. The potentially relevant documents identified above should therefore still exist.

But as Plaintiff indicated in his February 22, 2024 letter to Defendants' counsel, BCSO's document retention policies suggest some of these documents may only be retained for two years. *See* BC003864–67, 3896–900. That includes documents potentially related to the March 16, 2022 traffic stop of Plaintiff.[2] Defendants and their counsel must ensure that these documents continue to be preserved.

Additionally, to ensure no potentially relevant documents are destroyed, Plaintiff directs that each Defendant, or counsel, take the following steps **by March 12, 2024**, to ensure the preservation of traffic-stop related documents from June 1, 2021 to present:

1. Inform custodians of their obligation to preserve all traffic-related documents and take all reasonable affirmative steps to ensure that such information is in fact preserved.

---

[2] Defendants failed to produce BCSO's document-retention schedules in response to Plaintiff's RFP 33, which *specifically requested* "[a]ll documents relating to document-retention policies that apply to documents within BCSO's possession." *See* First Set of RFPs (Sept. 1, 2023). Defendants' response to RFP 33 was simply, "[BCSO] follows the Texas State Records Retention-Schedule for Records of Public Safety Agencies." *See* Responses to First Set of RFPs (Oct. 2, 2023).

Only after Plaintiff read the Sheriff's Manual of Policy and Procedure (which Defendants failed to produce until January 26, 2024, in response to Plaintiff's *Second* Set of RFPs) did he learn that BCSO has its own document-retention schedules which differ from the Texas State Records Retention Schedule.

2. Inform any third parties who store information on Defendants' behalf that all traffic-related documents be preserved.

3. Confer with relevant information technology personnel (including third party service providers) to ensure that potentially relevant data is preserved intact and unmodified in its original electronic form.

4. Recover any deleted traffic-stop related documents.

5. Suspend any automated system that deletes any potentially relevant documents.

Plaintiff expects that potentially relevant documents may be held by Defendants (or third parties) in both paper and electronic form.

\* \* \*

If Defendants fail to preserve potentially relevant documents, Plaintiff will move for relief under Federal Rule of Civil Procedure 37(e).

As always, I remain willing to address any questions you may have via phone, Zoom, or email.

Sincerely,

/s/ Christie Hebert
Christie Hebert
Institute for Justice