## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-00706-OLG-RBF |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Most of Alek's motion to compel is undisputed. Alek's requests seek relevant, nonprivileged documents, and Defendants haven't produced all responsive documents. Instead of disputing the substance of Alek's motion or the validity of Alek's requests, Defendants assert that providing *some* documents should be enough, characterizing Alek's lawsuit as much ado about a single traffic stop. Resp. (Dkt. No. 50) at 1–2. Defendants do not meet their burden—which requires a specific objection for each request—to escape their production obligations.

And the very first paragraph of Alek's complaint confirms that this case is about more than one traffic stop: "Plaintiff Alek Schott files this lawsuit to protect his Fourth Amendment right to be free from unreasonable searches and seizures and to end Bexar County's policy and custom of using traffic stops as a tool to perform searches and seizures without any basis to suspect drivers of crimes." Compl. (Dkt. No. 1) ¶ 1. The Court already ruled Alek's *Monell* claim—that Bexar County has unconstitutional policy, practice, or custom that caused the violation of Alek's

constitutional rights—could proceed. Dkt. Nos. 33, 34. Bexar County should not be allowed to retroactively challenge the existence of Alek's *Monell* claim by evading discovery.

## ARGUMENT

**I.    Defendants do not meet their burden to justify their undisputedly deficient production.**

This discovery dispute is relatively simple: Alek has asked for certain documents, and Defendants don't want to produce them. Instead, Defendants have cherry-picked responsive documents and announced that they have done enough. That's not how discovery works. *See* Fed. R. Civ. P. 26, advisory committee's note to 1946 amendment ("The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case.").

Defendants do not claim that Alek's production requests seek undiscoverable or irrelevant documents. Defendants don't argue that they have satisfied Alek's discovery requests—because they haven't. In fact, Defendants do not address most of Alek's motion to compel, including that:

- Defendants failed to produce responsive emails and text messages—including emails about Alek himself (Mot. to Compel (Dkt. No. 49) at 4);

- Defendants failed to produce any documents or communications concerning "criminal interdiction" even though BCSO formed its Criminal Interdiction Unit in 2020 (*id.* at 5);[1]

- Defendants haven't produced the documents that they indicated five months ago were "currently being bate stamped" or would "be produced" (*id.*);

- Defendants ignored portions of Alek's discovery requests, producing only a portion of responsive documents (*id.*);

- Defendants haven't produced all responsive video footage—including the dashboard camera footage of the officers who participated in the search of Alek's truck (*id.* at 6);

---

[1] Defendants only state "that there [is] no interdiction Memorandum of Understanding" without refuting the existence of other criminal interdiction documents. Resp. (Dkt. No. 50) at 7.

- Defendants refuse to provide documents relating to the investigation of the traffic stop of Alek such as written statements that officers have provided to internal affairs or the reports about that investigation that were due in 2023 (*id.* at 6–7);[2]

- Defendants mispresented their own production (*id.* at 7);[3]

- Defendants failed to produce any certification documents for K-9 Maximus or his handlers, even though BCSO's own policy requires the "Canine Unit Supervisor/Trainer" to maintain those certifications (*id.* at 7);

- The Texas statutes and self-critical analysis privilege that Defendants cited in objecting to some of Alek's requests don't apply (*id.* at 9); and

- There is a danger that responsive items have been or may be destroyed, and Defendants have not responded to Alek's letters about that danger (*id.* at 7–8).

Running away from these undisputed facts, Defendants ask the Court to shield them from discovery because (they say) the violation of Alek's constitutional rights was relatively short. But Defendants do not even attempt to meet their burden: they do not "have a valid objection to each one [of Alek's requests] in order to escape the production requirement." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also O'Bryant v. Walgreen Co.*, 802 F. App'x 826, 833 (5th Cir. 2020) ("The party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." (cleaned up)).

Defendants' broad objection that they have produced enough documents doesn't meet the standard to resist discovery. Defendants must remedy their deficient production.

---

[2] Defendants insinuate—without actually making any argument—that the "pending" status of an internal investigation shields investigative files from discovery. Resp. (Dkt. No. 50) at 4. Not so. *See Roque v. City of Austin*, No. 1-17-CV-00932-LY, 2018 WL 5848988, at *4 (W.D. Tex. Nov. 7, 2018) (recognizing that only "investigative files *in an ongoing criminal investigation*" are shielded from discovery (emphasis in original)).

[3] Defendants again mispresented their own production in responding to Alek's motion to compel: Defendants never produced a memo explaining why "Bexar County does not have Maximus Full Armor training records[.]" Resp. (Dkt. No. 50) at 5.

II.     **Alek is entitled to broad discovery on his *Monell* claim against Bexar County.**

This Court previously held that Alek "state[d] facts sufficient to support a claim that the County has an unconstitutional policy, practice, or custom that was the moving force behind the alleged violation of [his] constitutional rights." Dkt. No. 33 at 7. Even overlooking the fact that Defendants cavalierly dismiss their violation of Alek's constitutional rights, Defendants completely ignore Alek's *Monell* claim, characterizing Alek's lawsuit as concerning a single traffic stop. But Alek's lawsuit is about more than just the traffic stop he experienced; he seeks to end Bexar County's policy and practice of unconstitutional traffic stops and searches for everyone, himself included. *See* Compl. (Dkt. No. 1) ¶¶ 181–88; *see also id.* ¶ 187 (requesting "[a]n order permanently enjoining Defendants from using traffic stops to conduct searches and seizures without any reason to suspect the driver of a crime").

Courts generally hold that *Monell* claims require broader discovery than claims against only individuals. *See Brown v. City of Alexandria,* No. 1:20-CV-00541, 2022 WL 951407, at *4 (W.D. La. Mar. 29, 2022) ("Discovery in *Monell* claims is often broad to allow plaintiffs the opportunity to establish official policy, practice or custom."); *Lou v. Lopinto*, No. CV 21-80, 2022 WL 1447554, at *9 (E.D. La. Mar. 24, 2022) ("Courts addressing discovery-related disputes in cases involving *Monell* claims routinely recognize that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff had sued only the individuals directly involved in the alleged deprivation of rights given the heavy burden on that claim."); *Maurer v. St. Tammany Par. Sch. Bd.*, No. CV 19-13479, 2020 WL 12801030, at *2 (E.D. La. June 26, 2020) (collecting cases from other circuits).

Alek's production requests seek the type of documents that courts have blessed for *Monell* claims. *See, e.g.*, *Brown*, 2022 WL 951407, at *9 (five years of excessive force complaints against any officer); *Lou*, 2022 WL 1447554, at *13 (all emails, text messages, and other correspondence

4

between named officers about the incident and, separately, all such documents containing key

terms for a two-year period); *Maurer*, 2020 WL 12801030, at *4 (four years of records of current

and former employees potentially subjected to a similar unconstitutional action); *Roque*, 2018 WL

5848988, at *5 (video and audio recordings, Internal Affairs investigation files, and use of force

reports). Alek's discovery requests are inside the bounds permitted for a *Monell* claim, and

Defendants have no excuse for failing to produce the requested documents.

Other than citing authorities for the general standard governing discovery, Defendants cite

a single case to resist Alek's discovery requests, *Hinson v. Arbuckle*, No. 5:17-CV-00260, 2023

WL 1495402 (W.D. La. Jan. 17, 2023). Resp. (Dkt. No. 50) at 7. But that case doesn't support

their position. Defendants selectively quote the relevant paragraph of the *Hinson* court's analysis

to omit the context. Here's the whole paragraph:

> The undersigned finds that the entire DPSO policy manual or set of policies is not
> discoverable, nor is Hinson entitled to discovery of the additional policies on
> internal investigations and disciplinary process and on document retention and
> reporting. **Hinson has no remaining claims in this matter for an**
> **unconstitutional policy, custom, or practice**; for failure to train, hire, or
> supervise; or for vicarious liability against Sheriff Arbuckle. Hinson's only claims
> are against Martin for his actions related to Rex's biting of Hinson and for his own
> actions in allegedly kicking Hinson, both after Hinson was subdued and/or
> handcuffed. While Hinson is correct that documents or materials do not have to be
> admissible in evidence to be discoverable, an evaluation under Rule 26 does require
> that the materials sought be relevant to a claim or defense, and it is beyond dispute
> that many of the policies are not.

*Hinson*, 2023 WL 1495402, at *9 (emphasis added).

To summarize, the court in *Hinson* held that the plaintiff was not entitled to broader

discovery because the plaintiff did not have a *Monell* clam. *Id.* Alek, by contrast, brings a *Monell*

claim, alleging that the stop and search he endured are part of a broader unconstitutional policy.

Defendants cannot challenge the viability of Alek's *Monell* claim—which this Court already ruled

could proceed to discovery—by construing Alek's lawsuit to exclude that claim and refusing to engage in discovery on it.

## CONCLUSION

Alek respectfully asks the Court to grant his motion to compel, order Defendants to produce all responsive documents, award expenses, and allow Alek an opportunity to prove the amount incurred.

Dated: March 20, 2024               Respectfully submitted,

/s/ Christen M. Hebert
**Christen M. Hebert**
(TX Bar No. 24099898)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 960
Phone: (512) 480-5936
Fax: (512) 480-5937
chebert@ij.org

**Joshua A. Windham***
(NC Bar No. 51071)
**Daniel Z. Nelson***
(VA Bar No. 96173)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
jwindham@ij.org
dnelson@ij.org

*Attorneys for Plaintiff*
*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert

*Attorney for Plaintiff*