UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT,<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5: 23-cv-00706-OLG-RBF |

## JOINT ADVISORY TO THE COURT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE RICHARD B. FARRER:

On March 28, 2024, the parties conferred via Zoom. The parties discussed Defendants' overarching objection to producing more documents (see item 1 below) and each request for production that Alek seeks to compel Defendants to fulfill, walking through Exhibit 1 to Alek's Motion to Compel (Dkt. No. 49-1). The following disputed issues remain:

1. **Scope of discovery**
    a. <u>Alek's position:</u> Alek brings a *Monell* claim—that Bexar County has an unconstitutional policy, practice, or custom that caused the violation of Alek's rights. This Court already ruled that Alek's *Monell* claim could proceed, and Alek's requests are within the scope of what courts allow for discovery in *Monell* cases. Defendants must make a diligent search for and produce any additional responsive documents. If no other documents exist, Defendants must certify that fact for each RFP.
    b. <u>Bexar County's position:</u> This case concerns a single traffic stop, and Defendants have already produced over 7,500 Bates-labeled pages and 475 body-worn camera and dashcam videos, totaling 294.72 GB. Additional production is not proportional to the needs of this case.

1

2. **Documents and communications referring to Alek Schott or his license plate number (RFPs 1–2):**

    a. <u>Alek's position:</u> Documents and communications referring to Alek are relevant to Alek's claims and should be produced. For example, Defendants have not produced the results from an email search for "A Schott" (665 hits), "Alek Schott" (1028 hits), and "LJR4135" (75 hits). Defendants must make a diligent search for all responsive documents.

    b. <u>Bexar County's position:</u> Defendants' counsel has not seen the documents, including the results from the email search. Defendants' counsel expects to receive a flash drive containing the results of the email search and will need two weeks to review its contents before producing additional documents.

3. **Documents concerning the traffic stop of Alek Schott (RFPs 4, 42)**

    a. <u>Alek's position:</u> All versions of the documents referencing the traffic stop of Alek Schott, including communications about the traffic stop, are relevant to Alek's claims and should be produced. The access logs of who reviewed those documents and when review occurred should also be produced.

    b. <u>Bexar County's position:</u> Defendants' counsel was not aware that there could be multiple versions of the reports on the traffic stop and does not know if access logs could be obtained. Defendants will provide more information when they have it.

4. **Communications from March 16, 2022, the date of the traffic stop (RFPs 6–9)**

    a. <u>Alek's position:</u> When Alek made a complaint to internal affairs and subsequently filed suit, Defendants did not take steps to preserve potentially relevant cell phone records. Body camera footage confirms that BCSO's officers used cell phones during the traffic stop. During his deposition, Deputy Gereb stated that he had used his personal cell phone on March 16, 2022; he tried to get the records of his calls from his cell phone company, but the company will only give the records with a subpoena.

    During the court-ordered conference on Alek's motion to compel, Defendants could not say if the other officers (Babb, Molina, Gamboa) were using personal or BCSO-issued phones. One of Defendants' attorneys stated, "Personal records on phones were not preserved," and "I do not believe any of the phone messages were preserved, to be honest."

    b. <u>Bexar County & Defendant Molina's position:</u> There are no text messages responsive to the RFPs.

    c. <u>Defendant Babb's position:</u> Defendant Babb will make a diligent search for any texts or call logs.

5. **Documents concerning BCSO's traffic stop practices, data, and policies (RFPs 17, 23, 27–29, 44)**

    a. <u>Alek's position:</u> Defendants have not produced several categories of documents that Alek seeks to support his *Monell* claim. For example, Defendants have not produced documents concerning complaints about traffic stops; emails, memos, or

2

  directives governing traffic stops; reports tracking traffic stops and searches; incident reports for traffic stops made during a requested four-month period; or incident reports for drifting over or touching the fog line. During the court-ordered conference on Alek's motion to compel, Defendants were unable to provide any information on what searches had been conducted or what efforts to identify responsive documents had been undertaken.

 b. <u>Bexar County's position</u>: Defendants agree that they will produce SPEARS Incident Summaries and corresponding incident reports for traffic stops with reports by Deputy Gereb from January 1, 2022, to May 2, 2022, within three weeks (RFP 44). Defendants' counsel has produced all documents given to them by Defendants.

6. **Documents concerning Maximus, Maximus's handlers, and BCSO's K9 unit (RFPs 15, 18–19, 22, 26, 43, 49, 50–51)**

 a. <u>Alek's position</u>: Defendants must make a diligent search for any other documents on Maximus, his handlers, and the K9 unit. Defendants said they would produce the canine certifications only in drafting this joint advisory—*after* the court-ordered conference on Alek's motion to compel. Defendants had maintained for weeks that all certifications and documents for K-9 Maximus had been produced.[1] Other responsive but unproduced records may also exist.

  If no other canine documents exist, Defendants must certify that (1) Defendants have produced all certification documents for Maximus or his handlers; (2) Defendants do not have any other records concerning Maximus or his training and performance; (3) Defendants do not have any documents or communications concerning the reliability and performance of BCSO's K9 unit, individual dogs, or handlers; (4) Defendants have produced all documents evincing BCSO's K9 policy and the purpose of the K9 unit; and (5) Defendants have produced all documents concerning the use of dog sniffs during traffic stops.

 b. <u>Bexar County's position</u>: Defendants' counsel conferred with Deputy Molina and Deputy Herrera (the dog handlers). These deputies have canine certifications that will be produced this week.

7. **Documents concerning Deputy Babb's patrol vehicle, his dash camera, and patrol camera policies (RFPs 20–21, 25)**

 a. <u>Alek's position</u>: Defendants have been Bates stamping the fleet and video logs for months but have not produced them. During the court-ordered conference, Defendants claimed to have produced these items, but Defendants could not identify any Bates numbers for the documents (because they hadn't been produced). Further, Defendants have no information about efforts to identify any *other* documents concerning Babb's patrol vehicle, his dash camera, or policies on the use and maintenance of patrol cameras.

---

[1] For example, in Defendants' February 16, 2024 letter, Defendants stated that "[d]og certifications for K-9 Maximus as well as certifications for Herrera and Molina have been produced" and "[a]ll documents concerning K-9 Maximus have been produced."

b. <u>Bexar County's position:</u> Defendants have provided dashcam and body worn camera footage from Deputy Babb on collateral stops within the timeframe requested. Defendants' counsel will ask Defendants about video logs, but Defendants' counsel has produced all documents given to them by Defendants.

8. **Documents relating to criminal interdiction (RFPs 24, 26, 30, 39–41)**

   a. <u>Alek's position:</u> Defendants have failed to produce any documents concerning criminal interdiction. Deputy Babb and Deputy Gereb wore uniforms with the words "Criminal Interdiction" on them when they searched Alek's truck. During deposition, Deputy Gereb testified that the Criminal Interdiction Unit was created in 2020, and it originally had four officers. Despite these facts, Defendants have not provided a single memo, email, report, or other document about criminal interdiction.

   b. <u>Bexar County's position:</u> Defendants' counsel has produced all documents given to them by Defendants.

9. **Documents concerning investigation of the traffic stop of Alek Schott (RFP 32, 38)**

   a. <u>Alek's position:</u> BCSO's internal investigation into the traffic stop of Alek Schott is not shielded by any privilege; Defendants must produce the evidence gathered and the results of that investigation. During deposition, Deputy Gereb testified that he submitted a written statement to internal affairs; Defendants refuse to produce that statement or any others. Additionally, during the court-ordered conference on Alek's motion to compel, Defendants could not provide any information about the existence of other documents and communications related to Alek's open-records requests. Although Defendants say they will look into whether other responsive documents exist, that search should have been done months ago—when Defendants' discovery responses were due.

   b. <u>Bexar County's position:</u> Defendants will not produce any statements or other evidence gathered by internal affairs while BCSO's internal investigation is ongoing. The ongoing internal investigation was opened by the Sheriff's Office because of the filing of this lawsuit. When the investigation is complete, Defendants will produce the investigation's records. Additionally, Defendants will look for any other documents relating to Alek's open-records requests, including communications about the requests, and produce them if they exist.

10. **Documents about BCSO's organization and management (RFPs 34–35)**

    a. <u>Alek's position:</u> First, Defendants have not produced any document indicating where the Criminal Interdiction Unit falls within BCSO, showing the unit's structure, or how the unit's supervisor fits in the chain of command. Second, the Sheriff's Manual of Policy and Procedure § 2.11 requires an "annual internal audit and other risk evaluations." Defendants have not produced the results of that audit. Either the required audit has not been done for years, or Defendants have failed to produce responsive documents.

    b. <u>Bexar County's position:</u> Defendants have produced the current Bexar County Sheriff's Organizational Chart. No other documents exist responsive to this request.

| | |
|---|---|
| Dated: April 3, 2024 | Respectfully Submitted, |
| /s/ Christen M. Hebert<br>Christen M. Hebert<br>(TX Bar No. 24099898)<br>INSTITUTE FOR JUSTICE<br>816 Congress Avenue, Suite 970<br>Phone: (512) 480-5936<br>Fax: (512) 480-5937<br>chebert@ij.org<br><br>Joshua A. Windham* (NC Bar No. 51071)<br>Daniel Z. Nelson*(VA Bar No. 96173)<br>William R. Aronin* (NY State Bar No. 4820031)<br>INSTITUTE FOR JUSTICE<br>901 N. Glebe Road, Suite 900<br>Arlington, VA 22203<br>Phone: (703) 682-9320<br>Fax: (703) 682-9321<br>jwindham@ij.org; dnelson@ij.org;<br>waronin@ij.org<br><br>*Attorneys for Plaintiff*<br>*Admitted *pro hac vice* | /s/ Charles S. Frigerio<br>Charles S. Frigerio<br>Riverview Towers<br>111 Soledad, Suite 465<br>San Antonio, Texas 78205<br>(210) 271-7877<br>csf@frigeriolawfirm.com<br><br>Robert W. Piatt III<br>Susan A. Bowen<br>ASSISTANT DISTRICT ATTORNEYS, CIVIL DIVISION<br>101 W. Nueva, 7th Floor<br>San Antonio, Texas 78205<br>(210) 335-0785<br>robert.piatt@bexar.org<br>sbowen@bexar.org<br><br>*Attorneys for Defendants Bexar County and Martin A. Molina III*<br><br>/s/ Blaire J. Leake<br>Blair J. Leake<br>Stephen B. Barron<br>Wright & Greenhill, P.C.<br>4700 Mueller Blvd., Suite 200<br>Austin, Texas 78723<br>(512) 476-4600<br>bleake@w-g.com<br>sbarron@w-g.com<br><br>*Attorneys for Defendant Joel Babb* |

## CERTIFICATE OF SERVICE

    I hereby certify that on April 3, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all attorneys of record.

                                            /s/ Christen Mason Hebert
                                            Christen Mason Hebert