IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEK SCHOTT, | § § § | |
| *Plaintiff,* | § § | 5:23-CV-00706-OLG-RBF |
| vs. | § § § | |
| JOEL BABB, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARTIN A MOLINAIII, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND BEXAR COUNTY, TEXAS, | § § § § § § § § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

On April 5, 2024, this Court held a hearing on Plaintiff Alek Schott's Motion to Compel. Dkt. No. 49. Having duly considered the arguments of counsel, the facts, and the briefing, the Court **GRANTED** Plaintiff's Motion to Compel during the hearing and found an award of reasonable expenses to Plaintiff warranted, with a written order detailing the specific relief granted to follow. In accordance with the Court's findings and rulings during the hearing, the Court **ORDERS** the following:

1. Defendants SHALL CONDUCT a thorough and diligent search for **all** items responsive to Plaintiff's Requests for Production as outlined in Exhibit 1 to Plaintiff's Motion to Compel, Dkt. No. 49-1, and SHALL PRODUCE **all** responsive, non-privileged items within **forty-five (45) days** of the date of this Order. For each discovery request in Exhibit 49-1, Defendants SHALL CERTIFY to this Court that they have produced all responsive documents OR that no responsive documents exist. Defendants' search of their electronically stored information SHALL INCLUDE the following search terms:

a. "Alek Schott" and all variants of his name such as Alek, Schott, Mr. Schott and potential misspellings (ex. "Alex" instead of Alek, as well as "Schot" or "Shott")

b. License plate number "LJR4135"

c. "Interdiction"

d. "Criminal Interdiction"

e. "Maximus" and "Max" as used to refer to BCSO canine Maximus

f. Incident Number "BCSO-2022-0082748"

g. SPEARS Incident Summary Number "BCS220059233"

2. The Court OVERRULES Defendants' objection that only a subset of responsive documents should be produced because of the duration of the traffic stop in this case.

3. Defendants SHALL PRODUCE all non-privileged documents relating to BCSO's investigation of the traffic stop of Alek Schott that occurred on March 16, 2022, including all documents concerning the investigation opened after this case was filed. Defendants' objection that the ongoing nature of the investigation means that investigation documents are exempted from discovery is OVERRULED, and Defendants SHALL PRODUCE all non-privileged evidence gathered, emails, notes, written statements, reports, and other documents concerning the investigation.

4. Defendants SHALL PRODUCE all non-privileged documents concerning Deputy Babb's patrol car from January 1, 2022 to present, including all documents discussing the operability or inoperability of his dashboard camera.

5. The Court finds that Defendants may have failed to preserve phone records that should have been preserved in the anticipation or conduct of this litigation, and that a forensic examination of the cell phones at issue is warranted to determine if any pertinent

communications were deleted after this lawsuit was filed. *See* Fed. R. Civ. P. 37(e). Body camera footage from the March 16, 2022 traffic stop and from other traffic stops confirms that Defendant Babb, Defendant Molina, and Deputy Gereb used their cell phones within the scope of their employment with Bexar County Sheriff's Office and in making traffic the stop at the heart of this litigation, including by using their phones to communicate with Sergeant Gamboa. Further, at the April 5, 2024 hearing, Defendants' counsel represented that Defendant Babb used WhatsApp to communicate with other officers but suggested that Defendant Babb could not obtain his WhatsApp messages because he had previously deleted WhatsApp from his phone. The loss of communication records about and during the traffic stop of Plaintiff and concerning criminal interdiction traffic stops in general is potentially prejudicial to Plaintiff. The Court therefore ORDERS the following measures to cure the prejudice:

a. The parties agree that Flashback Data Recovery ("Flashback") shall serve as a neutral third-party vendor retained jointly by all parties to this case. Should Flashback be unavailable or unwilling to serve as a third-party vendor in this case, the parties SHALL confer to identify other vendors until forensic service can be secured. The costs of the service performed by Flashback or other vendor as directed herein SHALL be borne by Defendants. The terms of the joint retention agreement are as follows:

   i. Defendant Babb SHALL REINSTALL WhatsApp (or any other messaging or communication service or app) onto his phone and make a good-faith attempt to login to his account(s). Any other officers who uninstalled WhatsApp (or any other messaging or communication service or app)

SHALL REINSTALL the app and make a good-faith attempt to login to their accounts.

ii. Defendants SHALL SURRENDER the cell phones of Defendant Joel Babb, Defendant Martin A. Molina III, Deputy Joe Gereb, and Sergeant Pedro Gamboa (also known as Pete Gamboa) to Flashback or other vendor within seven (7) days of this order.

iii. Flashback or other vendor shall determine whether any responsive communications are contained on the cell phones or can be recovered from the cell phones. Responsive communications include text messages, emails, WhatsApp messages, or any other messages sent on any other platform. Responsive communications are further defined as:

1. All communications between Defendant Babb and any other BCSO employee on March 16, 2022;
2. All communications between Defendant Molina and any other BCSO employee on March 16, 2022;
3. All communications between Deputy Joe Gereb and any other BCSO employee on March 16, 2022;
4. All communications between Sergeant Gamboa and any other BCSO employee on March 16, 2022;
5. Communications with the following terms, and the surrounding context of those communications, from March 1, 2022 to present:
    a. "Alek Schott" and all variants of his name such as Alek, Schott, Mr. Schott and potential misspellings (ex. "Alex" instead of Alek, as well as "Schot" or "Shott")
    b. License plate number "LJR4135"
    c. "Interdiction"
    d. "Criminal Interdiction"
    e. "Maximus" and "Max" as used to refer to BCSO canine Maximus
6. AND any communication Flashback or other vendor reasonably believes to be about Plaintiff, the traffic stop at issue, the search of

4

        Plaintiff's vehicle, the inoperability of Defendant Babb's dash camera, or criminal interdiction.

  iv. Flashback or other vendor shall return the physical phones back to the Law Offices of Charles S. Frigerio, Riverview Towers, 111 Soledad Street, Suite 465, San Antonio, TX 78205 as soon as reasonably practical to ensure that Defendants are not deprived of use of their cell phones for longer than is necessary.

  v. Flashback or other vendor shall provide the responsive communications to Defendants' counsel of record, respectively, who SHALL each have seven (7) days to review the responsive communications and indicate to Flashback or other vendor whether any of the responsive communications should be withheld. Defendants SHALL CREATE a withholding log identifying what communications, if any, have been withheld and the reason for doing so (*e.g.*, attorney-client privilege), respectively. Defendants SHALL PROVIDE a copy of that withholding log to Plaintiff's counsel at the same time Defendants indicate to Flashback or other vendor whether any responsive communications should be withheld.

  vi. Flashback or other vendor shall determine whether any responsive communications were ever deleted, the date when such deletion occurred, and how such deletion occurred. Flashback or other vendor shall create a report indicating its findings and provide the report to all counsel of record.

  vii. Flashback or other vendor shall obtain or create a mirrored copy of data reflecting what calls were sent or received on the cell phones on March 16,

    2022. The data produced should be limited to the caller's phone number, the name corresponding with the caller's phone number, the recipient's phone number, the name corresponding with the recipient's phone number, the time the calls were made, and the duration of each call. Flashback or other vendor shall provide such data to all counsel of record pursuant to the limitations specified herein.

  viii. Flashback or other vendor shall produce the responsive communications, other than those withheld pursuant to the terms of this order, to all parties' counsel of record. Nothing in this order should be construed to prohibit Plaintiff from subsequently objecting to any such withholding. However, the parties agree to confer with one another in an attempt to resolve any withholding disagreement prior to presenting the issue to this Court.

  ix. The parties SHALL CONFER in good faith if it is determined that any additional terms are potentially needed to effect the purposes of this forensic examination, which is meant to obtain responsive communications, determine what calls were made and received on March 16, 2022, and why responsive communications and call records were not preserved.

6. The Court **GRANTS** Plaintiff's request that he be permitted additional depositions of Joe Gereb and Marta Ortega (formerly Rodriguez) given Defendants' failure to produce all requested documents before the depositions. The additional depositions of Gereb and Ortega SHALL BE no longer than four (4) hours each.

7. Defendant Bexar County, Texas is **ORDERED** to pay Plaintiff's reasonable expenses incurred in making the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). At the April 5, 2024 hearing, this Court afforded Defendants an opportunity to be heard. The Court found that Defendant Bexar County's conduct necessitated the filing of Plaintiff's motion to compel and that Rule 37 mandates the award of Plaintiff's reasonable expenses, including attorneys' fees. None of the exceptions to that mandate apply here. An award of reasonable expenses is therefore appropriate.

8. Accordingly, Defendant Bexar County is **ORDERED** to pay Plaintiff $17,100. The Court finds that Plaintiff's request for $17,100 as compensation for the expenses incurred in this motion is reasonable. Plaintiff submitted evidence that his attorneys expended 60 hours in drafting the motion to compel, drafting the reply, leading the court-ordered conference, preparing a joint advisory, preparing for and appearing at the hearing on the motion; and drafting the court-ordered proposed order.[1] The hourly rate of $285, the 2019 average hourly rate in San Antonio,[2] is reasonable.

9. If Defendants continue to fail to carry out their discovery obligations, this Court will treat Defendants' conduct as a failure to comply with a court order under Federal Rules of Civil Procedure 16 and 37(b) and may issue sanctions against Defendants, Defendants' counsel, or both. Defendants are advised that they must produce **all** non-privileged records responsive to Plaintiff's discovery requests and that they must ensure that potentially relevant documents are preserved. Any future objections by Defendants that

---

[1] Plaintiff's Proposed Order Granting Motion to Compel, Dkt. No. 56, Exhibit 1.
[2] State Bar of Texas, 2019 Income and Hourly Rates 10, https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=56637.

Plaintiff's requests are not proportional to the needs of this case or delay in producing all responsive documents will be disfavored.

**IT IS SO ORDERED.**

**SIGNED this 24th day of April, 2024.**

_____
**RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE**