IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | |
| JOEL BABB, IN HIS INDIVIDUAL AND OFFICIAL § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| CAPACITY; MARTIN A. MOLINA III, IN § | |
| HIS INDIVIDUAL AND OFFICIAL CAPACITY; § | |
| JAVIER SALAZAR, IN HIS INDIVIDUAL § | |
| AND OFFICIAL CAPACITY; AND § | |
| BEXAR COUNTY, TEXAS, § | |
| § | |
| *Defendants.* § | |
| § | |

### DEFENDANTS BEXAR COUNTY AND DEPUTY MOLINA'S
### OPPOSED MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME **BEXAR COUNTY** and **DEPUTY MARTIN MOLINA**, Defendants in the above entitled and numbered cause, and file this their Opposed Motion to Strike and Exclude the testimony and report of Plaintiff's Expert Witness Ricardo J. Palacios, Sr. [Dkt. 66] pursuant to Rule 702 of the Federal Rules of Evidence and would respectfully show the Court the following:

### I.
### BACKGROUND

Defendants herein would show the Court that the case at bar concerns a traffic stop and detention of Plaintiff Alek Schott on March 16, 2022 by Bexar County Sheriff's Office Deputy Joel Babb. Deputy Babb reports that he observed Plaintiff commit the traffic offense of drifting over the fog line. This event was captured by Plaintiff's dashcam video and the interaction between Plaintiff and Deputy Babb was captured by Deputy Babb's body worn camera video.

Plaintiff has designated and submitted an expert report by former law enforcement accident reconstruction expert Ricardo J. Palacios, Sr. (See Exhibit A- Expert Report by Palacios, Sr.). In his report, Mr. Palacios states that he was hired "to produce a report that discusses vehicle movement, lines of sight, traffic violations, and whether it was reasonable to conclude that Mr. Schott drifted over the fog line."

According to his report, Mr. Palacios states that he reviewed Plaintiff's **dashcam video** on the date in question and opines that **his interpretation of the video** indicates that "Mr. Schott's truck did not cross or touch the yellow line on the left side of I-35 Northbound." He further opines and **speculates**: "As Mr. Schott's truck approached Deputy Babb's position, Deputy Babb could not have seen the left wheels of Mr. Schott's truck hit or minorly crossed the yellow line from his vantage point given his position off of the right side of the highway…" In his report, Mr. Palacios gives his **legal conclusion** "that momentarily touching the line on the outside of a traveling is not a traffic violation."

## II.
## OPINIONS INVADE PROVINCE OF JURY

Defendants herein would show the Court pursuant to Rule 702 of the Federal Rules of Evidence allows a witness who is qualified as an expert to testify if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. ***Daubert v. Merrell Dow Pharms., Inc.***, 509 U.S. 579 (1993). ***Daubert*** requires the district courts to act as "gatekeepers" to ensure expert testimony meets Rule 702's standards. *Id.* at 589. ***Daubert*** also requires the court to determine if expert

testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Id*. at 591.

Defendants herein would further show the court that a number of courts have addressed expert testimony of video recordings and have concluded that the **expert should not be permitted to interpret the video's contents** where the expert is no better suited than a layperson to do so. ***Castro v. Wal-Mart Real Estate Business***, 645 F.Supp.3d 638, 645 (W.D. Tex. Dec. 8, 2022); ***Slack v. City of San Antonio***, No. SA-18-CV-01117-JKP, 2021 WL 1390428, at 4 (W.D. Tex. Apr. 13, 2021), reconsideration denied, No. SA-18-CV-01117-JKP, 2021 WL 1857301 (W.D. Tex. Apr. 30, 2021).

In *Castro*, the district court granted defendant's motion to exclude the testimony of plaintiff's safety expert in a trip and fall case wherein the expert, with 15 years of experience in the flooring industry, based his opinions on his **interpretation** of the store video. The court stated that it was not convinced that the expert's interpretation testimony as to the condition of the mat would be helpful to the jury, given that the jury would primarily rely on video footage. *Castro*, 645 F.Supp.3d at 645. The court further agreed that the expert's testimony **would invade the province of the jury**, and thus, defendant's motion to exclude the expert's testimony should be granted. *Id*. at 645-46.

Defendants herein would further show the court that United States District Judge Pulliam in a recent case similarly precluded a law enforcement expert in a police shooting case from testifying as to what the police officers' bodycam videos depicted. ***Roundtree v. City of San Antonio***, No. SA-18-CV-01117-JKP-ESC, 2022 WL 906405, at 4 (W.D. Tex. March 28, 2022). The court noted that this issue had been previously considered by the Honorable United States Magistrate Elizabeth Chestney who correctly found that the expert's proposed testimony on the

contents of the video recordings from the officers' body camera would not assist the jury; rather, the testimony **would likely confuse or invade the province of the jury**. Id. at 4; ***Slack v. City of San Antonio***, No. SA-18-CV-01117-JKP, 2021 WL 1390428, at 3-4 (W.D. Tex. April 13, 2021)(granting Defendants' motion to exclude law enforcement expert opinions based on video recordings as improper since the expert was no better suited than a layperson to do so); ***Dunlap v. Hood***, No. 3-07-CV-2147-BD, 2009 WL 362292, at 1 (N.D. Tex. Feb. 13, 2009)(prohibiting forensic analyst from testifying as to the contents of video on use of force incident because he was no better suited the jury to interpret the contents of the video).

### III.
### OPINIONS ARE IMPROPER LEGAL CONCLUSIONS

Defendants herein would further show the Court that Mr. Palacios opinions constitute improper and inadmissible legal conclusions. In his report, Mr. Palacios includes a recitation of the Texas Transportation Code and states that in applying his knowledge of the law and review of the dashcam video: "the momentarily touching the line on the outside of a travel lane is not a traffic violation."

Defendants herein contend that Mr. Palacios opinions constitute an inadmissible legal conclusion that invades the province of the court and does not assist the trier of fact. ***Bailey v. Ramos***, No. SA-20-CV-00466-XR, 2022 WL 17658641, at 4 (W.D. Tex. Nov. 21, 2022). In ***Bailey***, the trial court granted defendant's motion to exclude the testimony of plaintiff's law enforcement expert who opined as to the "reasonableness" of the defendant officer's actions as constituting an **inadmissible legal conclusion** that **invades the province of the court** and does not assist the trier of fact. Id. at 4; ***Goodman v. Harris County***, 571 F.3d 388, 399 (5th Cir. 2009)(holding that expert opinions as to whether a defendant violated the law are inadmissible under Rule 702 of the Federal

Rules of Evidence); **Snap-Drape, Inc. v. C.I.R.**, 98 F.3d 194, 198 (5th Cir. 1996)(holding that experts may not render conclusions of law).

## IV.
## OPINIONS CONTAIN IMPERMISSIBLE SPECULATION AND CREDIBILITY DETERMINATIONS

Defendants herein further contend that Mr. Palacios' opinion that "as Mr. Schott's truck approached Deputy Babb's position, Deputy Babb could not have seen if the left wheels of Mr. Schott's truck hit or minorly crossed the yellow line from his vantage point given his position off of the right side of the highway…" constitutes impermissible **speculation**. This opinion constitutes speculation that confuses and invades the province of the jury who will review the video and make their own factual determinations. **Bailey v. Ramos**, No. SA-20-CV-00466-XR, 2022 WL 17658641, at 4 (W.D. Tex. Nov. 21, 2022)(holding that law enforcement expert's impressions and interpretations of body camera footage was **speculation** and would not aid the jury because a jury could review the same video and draw its own conclusions); **Estate of Collins v. Wilburn**, 253 F.Supp.3d 989, 992 (E.D. Kentucky May 24, 2017)(holding that law enforcement expert's **speculation** as to what the video depicted would only **confuse or mislead the jury** with the expert's characterizations of what was on video and contained improper credibility determinations).

Defendants herein move that the Court grant their Motion to Strike and Exclude the testimony and report of Plaintiff's Expert Witness Ricardo J. Palacios, Sr. pursuant to Rule 702 of the Federal Rules of Evidence on the basis that that said opinions based on his interpretation of the videos in question invade the province of the jury, confuse and mislead the jury, include impermissible speculation, contain inadmissible legal conclusions, and improper credibility determinations, as a matter of law. **Castro v. Wal-Mart Real Estate Business**, 645 F.Supp.3d 638,

645 (W.D. Tex. Dec. 8, 2022); *Bailey v. Ramos*, No. SA-20-CV-00466-XR, 2022 WL 17658641, at 4 (W.D. Tex. Nov. 21, 2022).

**WHEREFORE, PREMISES CONSIDERED**, Defendants **BEXAR COUNTY** and **DEPUTY MARTIN MOLINA** pray that their Motion to Strike and Exclude the testimony and report of Plaintiff's Expert Witness Ricardo J. Palacios, Jr. be in all things granted and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877

BY:   /s/ Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN:  07477500
    Email: csf@frigeriolawfirm.com

    HECTOR X. SAENZ
    SBN:  17514850
    Email: hxs@frigeriolawfirm.com

    CHARLES A. FRIGERIO
    SBN: 24140090
    NMBN: 161626
    Email: Charlie@Frigeriolawfirm.com
ATTORNEYS FOR BEXAR COUNTY, TEXAS,
and MARTIN A. MOLINA III

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of October, 2024, I electronically filed the foregoing Defendant Bexar County and Deputy Molina's Motion to Strike Plaintiff's Expert via CM/ECF which will electronically serve notice to the following:

Christen Mason Hebert  
INSTITUTE FOR JUSTICE  
816 Congress Ave., Suite 960  
Austin, TX 78701                Email:  chebert@ij.org

Joshua Windham                Email: jwindham@ij.org  
Will Aronin                        Email: waronin@ij.org  
INSTITUTE FOR JUSTICE  
901 N. Glebe Rd., Suite 900  
Arlington, VA 22203  
Attorneys for Plaintiff

Blair J. Leake  
Wright & Greenhill, P.C.          Email: BLeake@w-g.com  
4700 Mueller Blvd, Suite 200  
Austin, Texas 78723  
Attorney for Defendant Joel Babb

                                          /s/ Charles S. Frigerio  
                                          CHARLES S. FRIGERIO