IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | |
| JOEL BABB, IN HIS INDIVIDUAL AND OFFICIAL § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| CAPACITY; MARTIN A. MOLINA III, IN § | |
| HIS INDIVIDUAL AND OFFICIAL CAPACITY; § | |
| JAVIER SALAZAR, IN HIS INDIVIDUAL § | |
| AND OFFICIAL CAPACITY; AND § | |
| BEXAR COUNTY, TEXAS, § | |
| § | |
| *Defendants.* § | |

### DEFENDANT BEXAR COUNTY AND DEPUTY MOLINA'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE EXPERT WITNESS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME **BEXAR COUNTY** and **DEPUTY MARTIN MOLINA**, Defendants in the above styled and numbered cause, and file this their Reply to Plaintiff's Response to Defendants' Motion to Strike police expert witness Ricardo J. Palacios, Sr. pursuant to Rule 702 of the FEDERAL RULES OF EVIDENCE that would respectfully show the Court the following:

### I.
### BACKGROUND

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** would show the Court that the case at bar concerns a traffic stop and detention of plaintiff Alek Schott on March 16, 2022 by Bexar County Sheriff's Office Deputy Joel Babb. Deputy Babb reports that he observed Plaintiff commit the traffic offense of drifting over the fog line. This event was captured by Plaintiff's dashcam video and the interaction between Plaintiff and Deputy Babb was captured by Deputy Babb's body worn camera video.

## II.
## PLAINTIFF'S CONTENTION

Plaintiff contends that police expert Sgt. Palacios "*offers standard expert testimony that will help the fact finder reach more informed conclusions **about what Babb saw on March 16, 2022** and whether defendant Babb **actually observed Alek cross over the line**.*" Plaintiff further contends that expert Palacios may give his **legal conclusion** "*that momentarily touching the line on the outside of a traveling lane is not a traffic violation.*"

For these propositions, plaintiff primarily relies on ***United States v. Alvarado-Zarza***, 782 F.3d 246 (5th Cir. 2015) and ***Davis v. Cisneros***, 2024 WL 3799461, at *4 (W.D. Tex. Aug. 12, 2024).

## III.
## DEFENDANTS CONTENTION

Defendants herein contend that plaintiff cited cases do not support his propositions. ***United States v. Alvarado-Zarza*** involves a **criminal case** wherein the defendant was charged with possession of cocaine after a traffic stop. During a motion to suppress, defendant proffered a police expert who gave opinions based upon the dash-camera video of the arresting officer. Defendant's expert opined that the arresting officer made a mistake of law and erroneously stopped the defendant for an improper left turn rather than an improper lane change. Furthermore, the arresting officer admitted that he acted quickly and could not really be measuring the exact required signaling distance of 100 feet. The trial court denied defendant's motion to suppress and defendant appealed. The Fifth Circuit reversed finding that the district court clearly erred in determining that the expert witness's testimony as to when the defendant activated his turn signal lacked credibility. The Fifth Circuit noted that the mistake of law issue was critical in determining whether to uphold a criminal conviction based upon evidence derived from an unreasonable search.

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** would show the Court that in the case of *United States v. Alvarado-Zarza* which did not involve a *Daubert* analysis in a civil case, is inapplicable. Furthermore, the Fifth Circuit did not address whether a police expert may give opinions of **another person's state of mind based upon the expert's interpretation of a video.**

Further, Defendants would show the Court that in *Davis v. Cisneros*, although a *Daubert* analysis in a civil case, did not address whether a police expert may give opinions of **another person's state of mind** based upon the expert's interpretation of a video.

In *Davis v. Cisneros*, plaintiffs were passengers in a Biden-Harris campaign bus that was surrounded by approximately 35 vehicles driven by Trump supporters while traveling on the highway. Plaintiffs allege that defendants violated the KKK Act which creates liability for those that conspire to threaten any citizen from supporting a Presidential or Congressional candidate. One of the defendants filed a Daubert motion to exclude the testimony of plaintiffs' police expert who reviewed 35 videos to identify the defendant drivers and to identify the drivers specific threatening conduct. The trial court denied the defendant's motion and found that the expert's testimony was relevant because under the KKK claim, plaintiffs had to prove the defendants' actions were involved in a conspiracy to threaten plaintiffs with imminent bodily injury.

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** would show that the trial court in *Davis v. Cisneros* did not address whether a police expert may give **opinions of another person's state of mind based upon the expert's interpretation of a video**. *Davis v. Cisneros*, 2024 WL 3799461, at *4 (W.D. Tex. Aug. 12, 2024)

## IV.
## STATE OF MIND OPINIONS ARE INADMISSIBLE

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** would show the Court that **expert opinions as to the state of mind of another person**, unless such opinion is supported by an actual

statement or testimony are **inadmissible**, as a matter of law. *Martin v. Moody Nat. Bank, N.A.*, 248 Fed. App'x 534, 541 (5th Cir. 2007)(holding that expert's credentials do not place him in a better position than the jury to draw conclusions about a defendant's state of mind); *Sims v. City of Jasper, Texas*, 2023 WL 8258182, at *5 (E.D. Tex. Jan. 24, 2023)(holding that law enforcement expert could not give expert opinions on another person's state of mind since such opinions are not helpful to the trier of fact and invade the province of the jury).

## V.
## EXPERT LEGAL CONCLUSIONS IMPERMISSIBLE

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** further contend law enforcement expert opinions regarding whether an officer violated the law or constitutional rights are impermissible legal conclusions that invade the province of the jury. *Sims v. City of Jasper*, Texas, 2023 WL 8258182, at *5 (E.D. Tex. Jan. 24, 2023)(holding law enforcement expert opinions regarding whether an officer violated the law constituted impermissible legal conclusions since opinions attempt to tell the jury what result to reach impermissibly usurping the role of the trier of fact).

## VI.
## EXPERT CREDEBILITY DETERMINATIONS IMPERMISSIBLE

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** would also show the Court that police expert credibility determinations invade the province of the jury and are impermissible, as a matter of law. *Fetty v. City of Baton Rouge*, 518 F.Supp.3d 923, 930-33 (M.D. Louisiana Feb. 11, 2012)(holding that police expert opinions as to whether probable cause existed to arrest the plaintiff and any conclusions of reasonableness of the police officer's actions in arresting the plaintiff constituted impermissible credibility determinations that invade the province of the jury); *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995)(holding that an expert may not usurp the

exclusive function of the jury in weighing evidence and determining credibility, or pass judgment on a witness' truthfulness, under the guise of a professional opinion).

Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** move that the Court grant their Motion to Strike and Exclude the testimony and report of Plaintiff's expert witness Ricardo J. Palacios, Jr. pursuant to Rule 702 of the FEDERAL RULES OF EVIDENCE on the basis that said opinions based on his interpretation of the videos in question include impermissible expert opinions of another person's state of mind; invade the province of the jury; confuse and mislead the jury; include impermissible speculation; inadmissible legal conclusions; and improper credibility determinations, as a matter of law. ***Roundtree v. City of San Antonio***, 2022 WL 906405, at *4 (W.D. Tex. March 28, 2022)(holding that police expert's opinions as to what the officer's bodycam depicts invaded the province of the jury and was impermissible).

**WHEREFORE, PREMISES CONSIDERED**, Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** pray that their Motion to Strike and Exclude the testimony and report of Plaintiff's expert witness Ricardo J. Palacios, Jr. be in all things granted and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877

BY:   /s/ Charles S. Frigerio
      CHARLES S. FRIGERIO
      SBN:  07477500
      Email: csf@frigeriolawfirm.com

        HECTOR X. SAENZ  
        SBN:  17514850  
        Email: hxs@frigeriolawfirm.com

        CHARLES A. FRIGERIO  
        SBN: 24140090  
        NMBN: 161626  
        Email: Charlie@Frigeriolawfirm.com  
        ATTORNEYS FOR BEXAR COUNTY, TEXAS,  
        and MARTIN A. MOLINA III

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of October, 2024, I electronically filed the foregoing Defendant Bexar County and Deputy Molina's Reply to Plaintiff's Response to their Motion to Strike Plaintiff's Expert via CM/ECF which will electronically serve notice to the following:

Christen Mason Hebert  
INSTITUTE FOR JUSTICE  
816 Congress Ave., Suite 960  
Austin, TX 78701        Email:  chebert@ij.org

Joshua Windham        Email: jwindham@ij.org  
Will Aronin        Email: waronin@ij.org  
INSTITUTE FOR JUSTICE  
901 N. Glebe Rd., Suite 900  
Arlington, VA 22203  
*Attorneys for Plaintiff*

Blair J. Leake  
Wright & Greenhill, P.C.        Email: BLeake@w-g.com  
4700 Mueller Blvd, Suite 200  
Austin, Texas 78723  
*Attorney for Defendant Joel Babb*

        /s/ Charles S. Frigerio  
        CHARLES S. FRIGERIO