IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | |
| JOEL BABB, IN HIS INDIVIDUAL AND OFFICIAL § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| CAPACITY; MARTIN A. MOLINA III, IN § | |
| HIS INDIVIDUAL AND OFFICIAL CAPACITY; § | |
| JAVIER SALAZAR, IN HIS INDIVIDUAL § | |
| AND OFFICIAL CAPACITY; AND § | |
| BEXAR COUNTY, TEXAS, § | |
| § | |
| *Defendants.* § | |
| § | |

## DEFENDANT BEXAR COUNTY AND DEPUTY MOLINA'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO L. GARCIA:

NOW COME **BEXAR COUNTY** and **DEPUTY MARTIN MOLINA**, Defendants in the above styled and numbered cause, and file this their Response in Opposition to Plaintiff's Motion to Quash Subpoenas of Medical Provider Catherine A. Casey and Employment Records of RMS Controls Inc. and pursuant to Rule 45 of the FEDERAL RULES OF CIVIL PROCEDURE would respectfully show the Court the following:

**I.**

The case at bar is brought pursuant to 42 U.S.C. §1983 alleging Fourth Amendment violations of Plaintiff Schott's constitutional rights. On March 16, 2022, Plaintiff Schott was the subject of vehicular traffic stop and detention by Co-Defendant Deputy Joel Babb. Subsequently, Defendant Deputy Molina was dispatched as a K-9 handler to the scene of the traffic stop and detention. Deputy Molina's K-9 Maximus alerted at the vehicle that was being driven by Plaintiff

Schott. Subsequent to the K-9 alerting, a search was conducted inside the vehicle of Plaintiff Schott but no usable amount of any illegal substance was obtained.

Plaintiff Schott has brought the civil rights cause of action alleging damages. Plaintiff Alek Schott through his Complaint alleges his entitlement to compensatory and punitive damages against the defendants. Part of Plaintiff's damage model is for "stress and anxiety".

Discovery has been conducted in the case which includes the deposition of Plaintiff Schott as well as written discovery to Plaintiff Schott. Plaintiff Schott has indicated that he has only seen one health care provider regarding the incident giving rise to this lawsuit, namely Catherine A. Casey, LPC, LMFT. (*See, Exhibit A – Plaintiff's Responses to Defendant's Interrogatories No. 14*). Plaintiff works for RMS Controls Inc., as Director of Operations and Business Development. (*See, Exhibit A – Plaintiff's Responses to Defendant's Interrogatories No. 3*). Although Plaintiff Schott admitted in deposition that he is not claiming loss of wages for the incident in question, Plaintiff Schott denied a request for admission that he did not sustain any loss of earning capacity as a result of the incident in question. (*See, Exhibit B – Plaintiff Schott's Responses to Defendant's Request for Admissions, Request No. 4*).

## II.

Defendants attach the following exhibits into their Response as follows:

1. Exhibit A – Plaintiff Schott's Answers to Interrogatories.
2. Exhibit B – Plaintiff Schott's Responses to Defendant's Request for Admissions.
3. Exhibit C – Server's attempt at service.

The above Exhibits A through C are incorporated by reference for all purposes.

## III.
## LEGAL ANALYSIS

Under FEDERAL RULE OF CIVIL PROCEDURE 45, *the Court on a timely motion can quash or modify a subpoena if it:*

> (1) *Fails to allow reasonable time for compliance;*
>
> (2) *Requires a person who is not a party to travel more than 100 miles from where the person resides;*
>
> (3) *Requires disclosure of privileged or protected matter; or,*
>
> (4) *Subjects a person to undue burden.*

Generally, modification of the subpoena is preferable to quashing it outright. ***Wiwa v. Royal Dutch Petroleum Co.***, 392 F.3d 812, 819 (5th Cir. 2004). The moving party has the burden of proof and must meet the heavy burden of establishing that compliance with a subpoena would be unreasonable and oppressive. ***Williams v. City of Dallas***, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

As a point of initial analysis, Plaintiff infers some nefarious intent by the fact that a third party retrieval company was retained to obtain the records in question. Defendants assert that the use of a records retrieval company to serve a deposition by written questions (DWQ) to obtain records is a common everyday practice in the litigation community. Said record retrieval service Record Trak attempted personal service on both Cathey Casey and RMS Controls Inc. (*See, Exhibit C – Server's attempt at Service.*).

What is ultimately at issue concerning the motion to quash are the records of Plaintiff Schott's therapist named in discovery Catherine Casey and Plaintiff's employer RMS Controls, Inc.

A. **RECORDS OF CATHERINE A. CASEY**.

Defendants would assert unto the Court that the records of Catherine Casey, Plaintiff's Therapist are relevant and non-privileged. When a Plaintiff places his medical condition at issue, his medical records are discoverable and not protected by privilege. ***Giarratano v. Hunnington***

*Ingles Inc.*, 2022 WL 16552816 (E.D. La., Oct. 31, 2022, *7); ***Braymiller v. Lowe's Home Centers, Inc.***, 2007 WL 9734686 (W.D. Tex., Dec. 3, 2007 at *4).

In the case at bar, Defendants requested a limited five (5) year time frame from Catherine Casey. Defendants assert that the limited time frame of five (5) years for the health care records of Catherine Casey of Plaintiff Schott are relevant and not overly broad. Similar requests for a period of fifteen (15) years of medical records have been upheld. *See,* ***Giarratano v. Hunnington Ingles Inc.***, 2022 WL 16552816 (E.D. La., Oct. 31, 2022, *7).

Defendants assert that ***Braymiller v. Lowe's Home Centers, Inc.***, 2007 WL 9734686 (W.D. Tex., Dec. 3, 2007 at *4) is instructive to the case at bar. In ***Braymiller***, United States Magistrate Judge Mathey analyzed the issue of objections to a deposition by written questions of medical care providers in an employment case. Plaintiff objected to the deposition by written questions of the medical health care providers claiming patient/physician privilege. However, the Court held that since Plaintiff was seeking compensatory damages including mental anguish damages that the patient/physician privilege had been waived by the lawsuit. *Id*. *4.

In ***Ramirez v. Benavides***, 2022 WL 1810181 (S.D. Tex., Nov. 8, 2022), plaintiff was involved in an auto accident, objected to deposition by written questions for medical records and employment records. The Court held that when a Plaintiff places his medical condition at issue, that the medical records are discoverable and not protected by privilege. Furthermore, the Court held that portions of a plaintiff's employment records were discoverable even in light of the fact that no claim for lost wages was made. The Court, granted in part and denied in part, the objections to the employment records allowing disclosure of plaintiff's attendance records, wages, and salary information and personnel file. *Id.* *8.

**Alek Schott v. Bexar County, Texas et al**  
Defendant Bexar County and Deputy Molina's Response Plaintiff's Motion Quash

Civil Action No. 5:23-cv-00706-OLG-RBF  
Page 4

### B. RMS CONTROL INC.

Defendants assert that Plaintiff Schott's employment records at RMS Controls Inc. where he serves as Director of Operations and Business Development are relevant to the case at bar. Defendants seek a five year time frame to include personnel file, wage and salary information concerning his employee benefits. Plaintiff Schott is suing for compensatory damages and has denied the request for admission concerning loss of earning capacity. Defendants assert that the limited five (5) year time frame is relevant to the development of this case. Plaintiff Schott was allegedly working for RMS Controls Inc. at the time of the incident in question. Plaintiff states in his complaint that he suffers from anxiety for fear of police contact. Defendants request to explore whether or not Plaintiff's job duties have changed subsequent to the incident in question, as well as what his job duties prior to the incident in question. In ***Ochoa v. Mercer Transportation Company***, 2018 WL 6220154 (W.D. Tex. April 9, 2018), the Court analyzed a motion to quash the depositions by written questions issued by the plaintiff on a defendant truck driver. The notices to take the depositions by written questions were to the prior employers of the truck driver and not the current employer at the time of the accident. Defendant objected and filed a motion to quash. United States District Judge Orlando Garcia denied the motion to quash, reasoned that a period of five years for the defendant's prior employers including W-2 forms, payroll and performance reviews was proportional to the need of the case.

In summary, Defendants move the Court to deny Plaintiff's Motion to Quash the Depositions by Written Questions of Healthcare provider Catherine A. Casey and the employment records of Plaintiff Schott at RMS Control Inc. The healthcare records of Catherine A. Casey are not subject to the physician/patient privilege since Plaintiff Schott is suing for compensatory damages which includes damages for anxiety. The physician/patient privilege is not applicable.

*Braymiller v. Lowe's Home Centers, Inc.*, 2007 WL 9734686 (W.D. Tex., Dec. 3, 2007 at *4). Defendant would further assert that the limited timeframe of five (5) years is within the proportionality standards of medical records. *Giarratano v. Hunnington Ingles Inc.*, 2022 WL 16552816 (E.D. La., Oct. 31, 2022, *7); *Gray/Stanbury v. Ashley Distribution Services Ltd.*, 2021 WL 2792984 (W.D. Tex. Mar. 3, 2021).

Defendants request for the deposition by written questions of Plaintiff's employer, RMS Controls Inc. for a limited time frame of five (5) years is relevant for discovery of the case. Defendants assert that knowledge concerning Plaintiff's earning capacity is relevant to the case at bar. *Ramirez v. Benavides*, 2022 WL 1810181 (S.D. Tex., Nov. 8, 2022, *8). Defendants move that Plaintiff's Motion to Quash be in all things denied. In the alternative, Defendants move the Court to modify the Deposition by Written Questions allowing for substituted service of process through email. *See, Omikoshi Japanese Restaurant LLC v. Scottsdale Insurance*, 2008 WL 4829583 (E.D. La., Nov. 5, 2008); *Securities and Exchange Commission v. Pence*, 322 F.R.D. 450, 454 (2017).

**WHEREFORE, PREMISES CONSIDERED**, Defendants **BEXAR COUNTY** and **DEPUTY MOLINA** pray that Plaintiff's Motion to Quash be in all things denied and/or that the motion to quash be modified and for such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877

BY:  /s/ Charles S. Frigerio
      CHARLES S. FRIGERIO
      SBN:  07477500
      Email: csf@frigeriolawfirm.com

      HECTOR X. SAENZ
      SBN:  17514850
      Email: hxs@frigeriolawfirm.com

      CHARLES A. FRIGERIO
      SBN: 24140090
      NMBN: 161626
      Email: Charlie@Frigeriolawfirm.com

ATTORNEYS FOR BEXAR COUNTY, TEXAS,
and MARTIN A. MOLINA III

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of October, 2024, I electronically filed the foregoing Defendant Bexar County and Deputy Molina's Reply to Plaintiff's Response to their Motion to Strike Plaintiff's Expert via CM/ECF which will electronically serve notice to the following:

Christen Mason Hebert
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701                        Email: chebert@ij.org

Joshua Windham                 Email: jwindham@ij.org
Will Aronin                        Email: waronin@ij.org
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
*Attorneys for Plaintiff*

Blair J. Leake
Wright & Greenhill, P.C.            Email: BLeake@w-g.com
4700 Mueller Blvd, Suite 200
Austin, Texas 78723
*Attorney for Defendant Joel Babb*

                                          /s/ Charles S. Frigerio
                                          CHARLES S. FRIGERIO