UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-706-OLG-RBF |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT MOLINA'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Alek Schott serves these objections and responses to Defendant Martin Molina III's first set of interrogatories. Each request is copied verbatim below followed by Plaintiff's objections and responses:

**Interrogatory 1:** Please state the name of the individual answering these interrogatories, including your full name, any nicknames you are known by, your current address, date of birth, driver's license number, social security number, marital status, including any and all offspring.

**Objection:** Plaintiff's social security number and the names of his children are not relevant to any party's claim or defense and are not reasonably calculated to lead to the discovery of admissible evidence. This case is about whether Defendants, including Defendant Molina, violated the Fourth Amendment. *See* Compl. ¶¶ 1, 6, 136–187. Plaintiff's social security number and the names of his children have nothing to do with that legal question, nor with any defense Molina might raise.

**Response:** Subject to and without waiving this objection, Plaintiff's name is Alek Schott. He was born on March 28, 1986. His driver's license number is 11974520. His address is 1619 Cambridge Oaks Cir., Houston, TX 77094. He is married and has two children.

**Interrogatory 2:** Please state the extent of your education, including the institutions from which you graduated, the dates of said graduation and degree or degrees attained.

1

**Response:** Humble High School, 2004. Baylor University, 2008, BBA Information Management Systems.

**Interrogatory 3:** Please give information concerning your occupation, including your employer's name, address, your position, your salary and length of tenure. If less than ten (10) years at present employment, please indicate the same information for your previous employers.

**Objection:** This request is vague and unclear because the phrase "information concerning" does not specify what information the request seeks beyond the items listed after the term "including." Plaintiff further objects that this request is not reasonably calculated to lead to admissible evidence.

**Response:** Subject to and without waiving these objections, Plaintiff works at RMS Controls, Inc. His work address is 7830 Eagle Ln, Spring, TX 77379. His job title is Director of Operations and Business Development. His annual salary is $300,000. He has worked at RMS for 11 years.

**Interrogatory 4:** Please detail the number of business trips you took during the month of March 2022. Please include in your answer:

(a) The mode of transportation;
(b) If using a vehicle, please include the make, model, VIN No. and license plate number;
(c) The route traveled from Houston to the designated destination;
(d) The reason for travel from Houston to the designated destination;
(e) List any stops made to and from the said destination;
(f) The number of days each business trip entailed; and
(g) Whether or not you had a passenger in your vehicle at the time of each business trip. If your answer is in the affirmative, please include the name and address of said passenger.

**Objection:** Plaintiff objects to this request to the extent its seven subparts seeks to circumvent the rule that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

**Response:** Subject to and without waiving this objection, Plaintiff took four business trips in March 2022:

*March 10, 2022 business trip*

(a) Automobile
(b) 2019 Ford F250, 1FT7W2BT7KEC29944, LJR4135
(c) Plaintiff drove from his house in Houston to a customer site, GeoSouthern Energy (1780 US-71, Ringgold, LA), via Highway 59.
(d) Qnergy product startup
(e) Besides the GeoSouthern Energy stop, Plaintiff stopped at Armadillo Grill (1910 US-71, Coushatta, LA) for lunch with a GeoSouthern Energy employee named DJ Brown. Plaintiff also made routine food/gas/restroom stops.
(f) <1 day
(g) None

*March 15–16, 2022 business trip*

(a) Automobile
(b) 2019 Ford F250, 1FT7W2BT7KEC29944, LJR4135
(c) On March 15, Plaintiff drove from his house in Houston to a Holiday Inn Express (412 I-35, Pearsall), via I-10 and I-35. On March 16, Plaintiff drove from the Holiday Inn Express to a customer site, Chesapeake Energy (Gibson Unit Dim A Pad, GPS 28.426997/-99.722 705, Carrizo Springs), via I-35 and TX-85.
(d) Qnergy product startup
(e) Besides the Holiday Inn Express and the Chesapeake Energy stops, Plaintiff made routine food/gas/restroom stops.
(f) 2 days
(g) Plaintiff had a female passenger named Celine Liron—a sales manager for Qnergy—while driving from the Holiday Inn Express to the Chesapeake Energy site and back to the hotel. Plaintiff does not know Ms. Liron's current address.

*March 23, 2022 business trip*

(a) Automobile
(b) 2019 Ford F250, 1FT7W2BT7KEC29944, LJR4135
(c) Plaintiff drove from his house in Houston to a customer site, TotalEnergies (1527 S Cherry Ln, White Settlement), via Hwy 290 to I-35.
(d) Qnergy product startup
(e) Besides the TotalEnergies stop, Plaintiff made routine food/gas/restroom stops.
(f) <1 day
(g) None

*March 28–29, 2022 business trip*

(a) Automobile
(b) 2019 Ford F250, 1FT7W2BT7KEC29944, LJR4135
(c) On March 28, Plaintiff drove from his house in Houston to a customer site, TotalEnergies (410 Marti Dr, Cleburne, TX), via Highway 290 and I-35. During the site visit, Plaintiff had lunch with TotalEnergies employees at Taqueria Mexicano Grille Estilo Jalisco (1840 N Main St, Cleburne). After the site visit, Plaintiff went to dinner at Piola Italian Restaurant (3700 Mattison Ave, Fort Worth). After dinner, Plaintiff drove to a DoubleTree by Hilton (100 Altamesa Blvd, Fort Worth). On March 29, Plaintiff drove home.
(d) Qnergy product startup and training
(e) Besides the stops listed above on March 28, Plaintiff made routine food/gas/restroom stops on March 29.
(f) 2 days
(g) Plaintiff had a male passenger named Dr. Isaac Garaway—CTO of Qnergy—when driving to lunch and dinner surrounding the March 28 site visit.

**Interrogatory 5:** Please state whether or not you have ever been arrested or been given a traffic citation during the past ten years. If your answer is in the affirmative, please identify the state, city or county law enforcement agency issuing said citation, any charge for the arrest and ultimate disposition of the citation or arrest.

**Response:** Never arrested. Traffic citations and locations are listed at **BC008337**.

**Interrogatory 6:** Please list all forms of social media you have utilized during the past five years, including but not limited to YouTube, Facebook, Instagram, X, Instagram Reels, Snapchat, WhatsApp, Clubhouse, Steam It, House party, Caffeine, TikTok, Gab, Tumblr, Next-door Neighbor, Geopolitics, MoveOn, Reddit, New busters, Reason, Daily Kos. Of the social media accounts that you have provided, please identify your user names that are associated to your accounts.

**Response:**

*Reddit*
efffff, www.reddit.com/user/effffff/
NoYouCantSearchMyCar, www.reddit.com/user/noyoucantsearchmycar/

*Facebook*
www.facebook.com/AlekSchott

*LinkedIn*
https://www.linkedin.com/in/alekschott

*YouTube*
@alekschott, https://www.youtube.com/user/alekschott

**Interrogatory 7:** Please list all texting and posts you have made on social media and/or any electronic device or platform concerning the incident made the basis of your lawsuit which occurred on March 16, 2022.

**Response: P000020–P000107**

**Interrogatory 8:** Did you ingest any alcohol, marijuana or drug, ~~whether prescription or non-prescription~~ [strikethrough in original], within 24 hours preceding the incident made the basis of this lawsuit. If your answer is in the affirmative, please state:

  (a) What the substance was;
  (b) How long prior to the incident in question they were ingested;
  (c) What quantities were ingested.

**Response:** None.

**Interrogatory 9:** Please state any and all evidence which corroborates your allegation that Deputy Martin Molina violated your constitutional rights under the Fourth and Fourteenth Amendments as alleged in your complaint.

**Objection:** This is an impermissible "blockbuster" interrogatory to which no response is required. *See HCB Fin. Corp. v. Kennedy*, No. 1:10CV559-HSO-JCG, 2016 WL 6216179, at *2 (S.D. Miss. Mar. 28, 2016) (noting "courts have held that unnecessarily broad interrogatories, or 'blockbuster' interrogatories, which require a party to state every fact supporting all of its allegations . . . and all documents supporting each count, are impermissible," and collecting cases).

**Interrogatory 10:** Please state the number of times Celine Liron was a passenger in your vehicle during the months of February, March and April of 2022. For each time she was a passenger in your vehicle, please state the route of travel and destination for each trip.

**Response:** Plaintiff's trip from Pearsall to Carrizo Springs on March 16, 2022 was the only time Ms. Liron has been a passenger in his car. Plaintiff listed the trip route and destination above in response to Interrogatory 4.

**Interrogatory 11:** Please state the total amount of monies paid to you by Bexar County and/or its insurer for property damage to your truck as a result of the incident made the basis of this lawsuit which occurred on March 16, 2022.

**Response:** $7,268.46. *See* Compl. ¶ 135.

**Interrogatory 12:** Please detail the amount of money you have spent on your vehicle and/or equipment out of the monies paid by Bexar County and/or its insurer.

**Response:** The following vehicle-related damage, which includes damages to personal property in Plaintiffs vehicle, occurred as a result of the traffic stop:

- Oxygen Lambda Tuner was destroyed. Plaintiff replaced his Oxygen Lambda Turner for approximately $300.
- The cab of Plaintiff's truck was left a mess after the search. That mess included chip bags dumped onto the floor, dog hair, and dog slobber. Plaintiff had the interior of his truck professionally cleaned and estimates that he paid $300 for that service.
- Dog claw marks were gouged into the vehicle's leather seating and were not able to be removed. No repair was done. Dog claw scratches were made on the exterior of the truck. The exterior was cleaned and some of the scratches were able to be buffed out, but not all dog claw scratches were able to be removed. When Plaintiff sold the vehicle, the buyer demanded a $1,200 reduction in the sales price upon seeing the seat and exterior scratches. Plaintiff agreed to the reduced sales price.
- Wiring under the vehicle's dashboard was damaged. Plaintiff replaced the wiring himself.
- The car seats were replaced for approximately $300 each.

*See also* **P000103–P000130**, which provides a more thorough description of damage to Plaintiff's vehicle.

**Interrogatory 13:** Please state whether or not you have received money from any of your YouTube or social media postings through viewers/subscribers and/or followers. If your answer is in the affirmative, please state the amount of money you have received from each social media company.

**Response:** None.

**Interrogatory 14:** Please state any and all health care providers who have rendered medical services to you concerning the incident made the basis of your lawsuit. Please include in your answer, the name, address and telephone number of each health care provider, dates of service, diagnosis and itemization of billing.

**Objection:** Plaintiff objects to this request to the extent it calls for information protected by the privilege afforded to communications between a mental health provider and a patient—including any medical advice or diagnosis rendered. *See Sharon Stafford v. New Dairy Texas LLC*, No. 3:23-CV-272-N, 2024 WL 2927719, at *3 (N.D. Tex. June 10, 2024) ("[A] garden-variety request for emotional damages does not itself constitute a waiver of the psychotherapist-patient privilege"); *Fleming v. Methodist Hosp.*, No. SA-21-CV-01234-XR, 2023 WL 4307157 (W.D. Tex. June 30, 2023) (finding communications between a plaintiff and mental health provider and treatment notes protected from disclosure).

**Response:** Subject to and without waiving this objection, Plaintiff has only seen one healthcare provider regarding the incident that gave rise to this lawsuit: Catherine A. Casey, LPC, LMFT, https://cacaseylpclmft.com/, 281-686-9569. Plaintiff does not know her address (appointments occur online). Dates of service and billing itemizations are listed at **P000173–P000174**.

Dated: August 23, 2024

Respectfully submitted,

/s/ Christen M. Hebert

| | |
|---|---|
| **Joshua A. Windham*** (NC Bar No. 51071) | **Christen M. Hebert** |
| **Daniel Z. Nelson*** (VA Bar No. 96173) | (TX Bar No. 24099898) |
| **William R. Aronin*** (NY State Bar No. 4820031) | INSTITUTE FOR JUSTICE |
| INSTITUTE FOR JUSTICE | 816 Congress Avenue, Suite 970 |
| 901 N. Glebe Road, Suite 900 | Austin, TX 78701 |
| Arlington, VA 22203 | (512) 480-5936 |
| (703) 682-9320 | chebert@ij.org |
| jwindham@ij.org | |
| dnelson@ij.org | *Attorneys for Plaintiff* |
| waronin@ij.org | |
| *Admitted *pro hac vice* | |

## VERIFICATION

I, Alek Schott, have read the foregoing response to Defendant Martin Molina III's first set of interrogatories and declare under penalty of perjury that the responses are true and correct to the best of my personal knowledge.

Executed on 23 September, 2024.

_____
ALEK SCHOTT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record.

/s/ Christen Mason Hebert
Christen Mason Hebert
