UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-706-OLG-RBF |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT MOLINA'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Alek Schott serves these objections and responses to Defendant Martin Molina III's first set of requests for admission. Each request is copied verbatim below followed by Plaintiff's objections and responses:

### ADMIT OR DENY

**Request 1:** That Deputy Molina asked for permission to run his K-9 Maximus around your truck.

**Objection:** This request seeks to characterize an incident shown on Defendant Molina's bodycam. Courts must follow the facts "depicted by the videotape." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

**Response:** Subject to and without waiving this objection, admit.

**Request 2:** That you gave Deputy Molina permission to run his K-9 Maximus around your truck on the date of the incident in question.

**Objection:** This request seeks to characterize an incident shown on Defendant Molina's bodycam. Courts must follow the facts "depicted by the videotape." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

1

**Response:** Subject to and without waiving this objection, Plaintiff admits only that he said "it's okay" in response to Defendant Molina's request to run Max around his truck. Molina at 00:38–39. Plaintiff denies that he voluntarily gave Defendant Molina permission to run Max around his truck given that Plaintiff had been involuntarily stopped by Deputy Babb, involuntarily detained by Babb, and that Babb told Plaintiff—before Molina arrived—"we're *gonna* wait for a K9, the K9 *will* walk around the outside of the vehicle, [and] if it alerts to anything, we'll *do* a search of the vehicle." Babb A at 14:05–14:11 (emphases added). Plaintiff thus had no meaningful choice about whether Molina would run Max around his truck one way or the other.

**Request 3:** That Deputy Martin Molina was acting within the scope of his discretionary duty as a Bexar County Deputy under color of law at all times made the basis of your complaint.

**Objection:** This request calls for a legal conclusion to which no response is required.

**Response:** Subject to and without waiving this objection, Plaintiff admits only that Defendant Molina was acting within the scope of his duties as BCSO deputy during the incident in question. Plaintiff denies, however, that Molina's conduct was lawful because Plaintiff contends that Molina violated the Fourth Amendment. *See* Compl. ¶¶ 171–180.

**Request 4:** That you have not sustained lost wages or lost earning capacity as a result of the incident made the basis of this lawsuit.

**Response:** Deny.

**Request 5:** That after being detained an hour and 15 minutes you were released from detention with a warning citation.

**Objection:** This request seeks to characterize an incident shown on the BSCO officers' bodycams. Courts must follow the facts "depicted by the videotape." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

**Response:** Subject to and without waiving this objection, admit.

**Request 6:** That during the entire incident in question, you were never handcuffed by any law enforcement officer.

**Objection:** This request seeks to characterize an incident shown on the BCSO officers' bodycams. Courts must follow the facts "depicted by the videotape." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

**Response:** Subject to and without waiving this objection, admit.

**Request 7:** That at all times made the basis of your complaint, Deputy Molina was acting in the course and scope of his employment under color of law.

**Objection:** This request calls for a legal conclusion to which no response is required.

**Response:** Subject to and without waiving this objection, Plaintiff admits only that Defendant Molina was acting within the scope of his duties as BCSO deputy during the incident in question. Plaintiff denies, however, that Molina's conduct was lawful because Plaintiff contends that Molina violated the Fourth Amendment. *See* Compl. ¶¶ 171–180.

**Request 8:** That at all times made the basis of your complaint, Deputy Molina was acting in the course and scope of his duties under color of law within his discretionary capacity as a Bexar County K-9 Officer.

**Objection:** This request calls for a legal conclusion to which no response is required.

**Response:** Subject to and without waiving this objection, Plaintiff admits only that Defendant Molina was acting within the scope of his duties as BCSO deputy during the incident in question. Plaintiff denies, however, that Molina's conduct was lawful because Plaintiff contends that Molina violated the Fourth Amendment. *See* Compl. ¶¶ 171–180.

**Request 9:** That at all times made the basis of your complaint, that Deputy Molina acted within the course and scope of his authority as a Bexar County Deputy in good faith.

**Objection:** This request calls for a legal conclusion to which no response is required.

**Response:** Subject to and without waiving this objection, Plaintiff admits only that Defendant Molina was acting within the scope of his duties as BCSO deputy during the incident in question. Plaintiff denies, however, that Molina's conduct was lawful because Plaintiff contends that Molina violated the Fourth Amendment. *See* Compl. ¶¶ 171–180. Plaintiff further denies that Molina acted in good faith.

**Request 10:** That you receive money from YouTube and other media platforms for the hits and/or subscriptions obtained when your videos are viewed.

**Response:** Deny.

Dated: August 23, 2024

**Joshua A. Windham\*** (NC Bar No. 51071)
**Daniel Z. Nelson\*** (VA Bar No. 96173)
**William R. Aronin\*** (NY State Bar No. 4820031)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jwindham@ij.org
dnelson@ij.org
waronin@ij.org
\*Admitted *pro hac vice*

Respectfully submitted,

/s/ Christen M. Hebert
**Christen M. Hebert**
(TX Bar No. 24099898)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org

*Attorneys for Plaintiff*

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record.

/s/ Christen Mason Hebert
Christen Mason Hebert