# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>     *Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>     *Defendants.* | Civil Action No. 5:23-cv-00706-OLG-RBF |

## PLAINTIFF'S REPLY TO DEFENDANTS BEXAR COUNTY AND MARTIN MOLINA'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS

Defendants' third-party subpoenas to a therapist Alek saw, Ms. Casey, and Alek's employer, RMS, should be quashed in their entirety. It is undisputed that Defendants have not properly served the subpoenas. And Defendants cannot show that their overbroad requests for all records serve a purpose other than to harass Alek—especially given that Alek will not call Ms. Casey or RMS employees as witnesses and will not rely on their records at trial. Defendants' vague assertion that Alek's privileged therapy records and confidential employment records might reveal something about Alek's request for damages does not authorize a foray into those records. Nor do the cases that Defendants cite. The subpoenas should be quashed rather than modified.

## Argument

### I.    The Court should quash, rather than modify, Defendants' subpoenas.

"Though modification of an overbroad subpoena might be preferable to quashing, courts are not required to use that lesser remedy first." *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th

Cir. 1994). The Court should quash Defendants' third-party subpoenas in their entirety for both procedural and substantive reasons.

Defendants don't dispute that they haven't served their subpoenas on Ms. Casey or RMS under Rule 45(b). Nor does their one-sentence suggestion that the Court "allow[] for substituted service of process through email" (Resp. at 6) come anywhere close to making out a case for alternative service. To start, several courts in this Circuit have held that Rule 45 outright forecloses the sort of substituted service Defendants propose. *See, e.g.*, *Olmos v. David B. Giles P.C.*, No. 22-cv-77, 2022 WL 3928492, at *1 (N.D. Tex. Aug. 30, 2022). Even in jurisdictions where motions for alternative service are sometimes granted, moreover, "[c]ourts typically require a party seeking leave to serve by alternative means to demonstrate [ ] prior diligent attempt[s] to personally serve before permitting substituted service under Rule 45." *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quotation omitted). Here? Nothing of the sort. The unsworn, handwritten notes of Defendants' process server (Dkt. No. 77-3 at 1–2) suggest that he did not attempt personal service even once but placed one phone call each to Ms. Casey and RMS before unilaterally resorting to e-mail and calling it a day. In no federal court—anywhere in the nation— would this exercise satisfy Rule 45.

But that is not the only reason the Court should quash the subpoenas. Defendants' overbroad subpoenas have no purpose except to harass Alek through a fishing expedition.

As the parties seeking discovery, Defendants "bear[] the burden of showing its necessity." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *see also Dougherty v. U.S. Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *7 (5th Cir. Sept. 19, 2023) ("discern[ing] no abuse in the district court's decision to . . . quash [plaintiff]'s third-party subpoenas" where plaintiff failed to "bear the burden of showing its necessity"). Defendants do not meet that burden.

Defendants do not dispute that their subpoenas are generic requests for documents not tailored to the subject-matter of this case. Defendants do not offer any reason why the discovery Alek already provided about therapy with Ms. Casey and his work with RMS is not sufficient—especially given that Alek has stated that he will not call Ms. Casey or RMS employees at trial and will not rely on their records. *See* Mot. to Quash at 2–3. Nor do Defendants say why lost wages Alek suffered matter when Alek is not seeking compensation for that loss.

And Defendants fail to offer any explanation for why they need to subject third parties to production requests—requests that ask for privileged psychotherapy records and confidential employment records—rather than simply asking Alek himself. Defendants' allusions that those records might play a role in responding to Alek's claims for damages, Resp. at 5–6, "amount[] to nothing more than a fishing expedition and do[] not justify the wholesale production[.]" *See EEOC v. Renaissance III Org.*, No. 3-05-CV-1063-B, 2006 WL 832504, at *1 (N.D. Tex. Mar. 30, 2006) (quashing subpoenas for all employment records where defendant provided a "conclusory assertion" that the records "could affect the value of these employees' claim").

Modifying the subject matter of the subpoenas here would create perverse incentives. Defendants' intonations that this Court can "modify" subpoenas without explaining what subject-matter modifications could rehabilitate the subpoenas drive home the point. Resp. at 2–3, 6. It is not this Court's role to do the heavy lifting for Defendants. Quite the opposite: "As many courts have recognized, to narrow unreasonably overbroad discovery requests can encourage litigants to demand the moon thinking they can always fall back to something reasonable, but they should be reasonable from the start." *BAT LLC v. TD Bank, N.A.*, No. 15-cv-5839, 2018 WL 3626428, at *3 (E.D.N.Y. July 30, 2018) (cleaned up). That principle applies with special force as Defendants'

total-war approach to discovery has already wasted party and judicial resources. *See* Order Granting Pl.'s Mot to Compel (Dkt. No. 59). The Court should therefore quash the subpoenas.

## II.    Defendants' authorities do not support blessing Defendants' subpoenas.

Defendants offer the Court a handful of cases that they claim justify their overbroad subpoenas. But Defendants' authorities do not save them.

First, Defendants argue *Giarratano v. Huntington Ingalls Inc.*, No. CV 22-88, 2022 WL 16552816 (E.D. La. Oct. 31, 2022), stands for the idea that Ms. Casey's records are discoverable and nonprivileged. Resp. at 3–4. Not so. The court in *Giarratano* expressly modified the medical-records subpoenas to *exclude* production of "psychiatric treatment, counseling or consultation records[.]" 2022 WL 16552816, at *7. Contrary to Defendants' characterization, *Giarratano* shows that Ms. Casey's records are off limits.

Second, Defendants' citation to *Braymiller v. Lowe's Home Centers, Inc.*, No. CV SA-07-CA-196-XR, 2007 WL 9734686 (W.D. Tex. Dec. 3, 2007) similarly does not support their position. *Braymiller* applied the physician-patient privilege under Texas Rule of Evidence 509 rather than the federal psychotherapist-patient privilege. 2007 WL 9734686, at *2.[1] The Texas privilege is limited; it does not apply "[i]f *any party* relies on the patient's physical, mental, or emotional condition" as part of a claim or defense. Tex. R. Evid. 509(c), (e)(4) (emphasis added). By contrast, the federal psychotherapist-patient privilege protects therapy records unless waived by the patient or therapist. *See United States v. Murra*, 879 F.3d 669, 681 (5th Cir. 2018) (finding no waiver by

---

[1] In a federal question case, like this one, courts apply federal privilege law. *United States v. Moore*, 970 F.2d 48, 49–50 (5th Cir. 1992). "Though there is no physician-patient privilege recognized by federal courts, federal courts do recognize that confidential communications between a psychotherapist and a patient are privileged." *Stafford v. New Dairy Tex., LLC*, No. 3:23-CV-272-N, 2024 WL 2927719, at *3 (N.D. Tex. June 10, 2024) (citing *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996)).

patients or provider). Even putting aside the fact that *Braymiller* concerned a different privilege with different boundaries, at most *Braymiller* shows that a privilege protecting medical records can be waived if a "plaintiff placed his medical treatment at issue" by seeking damages for things like "breathing problems" and "sleep difficulties" and by conceding that "'Custodians of Records for [his] health care providers' are 'likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings[.]'" 2007 WL 9734686, at *2. Here, Defendants can point to nothing remotely similar.

Third, Defendants' reliance on *Ramirez v. Benavides*, another diversity case, is misplaced. No. 5:21-CV-00139, 2022 WL 18110181 (S.D. Tex. Nov. 8, 2022).[2] *Ramirez* is about whether employment records that contained medical information were protected by a *privacy* interest when the plaintiff claimed a car accident affected her ability to work. *Id.* The psychotherapist-patient privilege wasn't discussed. *Id.* Although the plaintiff disclaimed any damages from lost wages, the *Ramirez* court still found the employment records discoverable because the records could have contained information about the extent of plaintiff's injuries and how those injuries affected her ability to work. *Id.* at *5–7. And the court limited what records were discoverable, modifying the request to exclude plaintiff's employment applications, pension records, and benefits records. *Id.* at *7–8. Alek's lawsuit about the violation of his constitutional rights where he alleges no physical injuries is a far cry from a personal-injury lawsuit about a car accident.

Defendants' comparison of this case to *Ochoa v. Mercer Transportation Co.*—a lawsuit about liability from a tractor-trailer accident—is also an apples-to-oranges comparison. No. 5:17-CV-1005-OLG, 2018 WL 6220154, at *2 (W.D. Tex. Apr. 9, 2018). The plaintiff sued a truck driver

---

[2] It is unclear what law the *Ramirez* court is applying. Although the case was initially filed in Texas state court and removed on diversity grounds, the court cites federal cases from throughout the Fifth Circuit. *Id.* at *1, *4.

and his employer alleging, among other things, negligent hiring. *Id.* at *2. Referencing "the close link between information regarding [the defendant's] past performance as a truck driver and Plaintiff's claims against him," the *Ochoa* court authorized discovery from the driver's prior employers. *Id.* There is no such link here.

Of course, all this distracts from a more obvious point: before questions of privilege even enter the picture, Defendants "bear[] the burden of showing [the] necessity" for their subpoenas. *Freeman*, 556 F.3d at 341. They cannot do so here. The subpoenas should therefore be quashed.

### Conclusion

Alek asks that the Court quash the subpoenas Defendants sent to Ms. Casey and RMS.

Dated: November 25, 2024                    Respectfully submitted,

                                            /s/ Christen M. Hebert
**Joshua A. Windham*** (NC Bar No. 51071)   **Christen M. Hebert**
**Joshua A. Fox*** (GA Bar No. 627186)      (TX Bar No. 24099898)
**William R. Aronin*** (NY State Bar No. 4820031) INSTITUTE FOR JUSTICE
INSTITUTE FOR JUSTICE                       816 Congress Avenue, Suite 970
901 N. Glebe Road, Suite 900                Austin, TX 78701
Arlington, VA 22203                         (512) 480-5936
(703) 682-9320                              chebert@ij.org
jwindham@ij.org
jfox@ij.org
waronin@ij.org
*Admitted *pro hac vice*                    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on November 25, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert