UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>*Plaintiff,*<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>*Defendants.* | Civil Action No. 5:23-cv-706-OLG-RBF |

## JOINT ADVISORY TO THE COURT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE RICHARD B. FARRER:

On December 9, 2024, the parties conferred via Zoom. The parties discussed the issues raised in Defendants Bexar County and Martin Molina's Motion to Strike, Dkt. No. 67, and Plaintiff Alek Schott's Motion to Quash, Dkt. No. 76. The parties discussed their positions on both pending motions and were not able to resolve any of the issues raised by the motions. The following disputed issues accordingly remain:

1. **Defendants' Motion to Strike**

    a. <u>Alek's position:</u> To prove the initial stop at issue in this case violated the Fourth Amendment, Alek must show that Deputy Babb lacked probable cause to believe that a traffic violation occurred. Alek's expert witness Richard Palacios, a former highway patrol officer and sergeant at the Texas Department of Public Safety, has years of experience in accident reconstruction. His incident reconstruction, including site and vehicle measurements and test drives, will assist the factfinder in understanding Alek's dashcam footage and how to evaluate whether Alek crossed or touched the fog line. It will also help the factfinder reach a more informed conclusion about what Babb saw and could have seen before stopping Alek in the context of the Texas Transportation Code. Palacios's testimony is essential in the absence of Babb's dashcam footage,

1

which does not exist because Babb intentionally turned off his dashcam shortly before Alek's alleged traffic violation.

b. <u>Defendants' position:</u>  Plaintiff's expert, Ricardo Palacios, Sr., submitted an expert report stating that he was retained to "*produce a report that discusses vehicle movement, line of sight, traffic violations, and whether it was reasonable to conclude that Mr. Schott drifted over the fog line*."  Pursuant to Mr. Palacios' report, he reviewed Plaintiff's dash cam video on the date in question and opines that "*his interpretation of the video*" indicates Mr. Schott's truck did not cross or touch the yellow line on the left side of IH-35 Northbound.  Plaintiff's expert further opines and speculates that "*as Mr. Schott's truck approached Deputy Babb's position, Deputy Babb could not have seen the left wheels of Mr. Schott's truck hit or minorly cross the yellow line from his vantage point.*"  Mr. Palacios further gives his legal conclusion that "*the momentarily touching the line outside of a traveling lane is not a traffic violation.*"

Defendants assert that Mr. Palacios' "interpretation" of the video" will not aide the jury.  The jury can view the video and determine for itself whether or not the line was crossed.  Defendants assert that Plaintiff's expert Palacios cannot give an expert opinion concerning the state of mind of Deputy Babb.  An expert's proposed opinion on another's person's state of mind is inadmissible.  Defendants further assert that Plaintiff's legal conclusions invade the province of the jury and are inadmissible.

2. **Plaintiff's Motion to Quash**

a. <u>Alek's position</u>: Defendants Bexar County and Martin Molina's subpoenas sent to third parties Catherine Casey, a therapist Alek saw, and RMS Controls, Inc., Alek's employer, should be quashed.

The subpoenas are facially overbroad, asking for all Alek's medical and employment records since October 2019. Until this Court set a hearing, Defendants provided no justification for these sweeping, generic subpoenas other than a vague assertion that the records might contain information relevant for damages. That was not enough to satisfy Defendants' burden of showing the necessity of the discovery—especially as Alek has not listed Ms. Casey or RMS employees as persons with discoverable information that he may use to support his claims, will not call them as witnesses, and will not introduce or rely on their notes or records. Simply limiting the subpoenas to a five-year time frame cannot save Defendants' subpoenas, which are not tailored to the subject matter of this case. The subpoenas are an impermissible fishing expedition.

Within the overly broad net the generic subpoenas cast, Defendants request irrelevant documents, information that Alek has already provided through other discovery mechanisms, privileged therapy records, and confidential employment records. In response to Alek's assertion that the subpoenas are overbroad, Mr. Frigerio indicated at the December 9th conference that Defendants seek Ms. Casey's notes from the therapy sessions. Those notes are protected by the psychotherapist-privilege. Alek's

garden-variety claims for stress and anxiety do not waive that privilege, and Defendants have not provided authority to the contrary.

Further, in drafting this joint advisory after the court-ordered conference, Defendants asserted for the first time that they want Alek's employment records to evaluate whether Alek's job duties have changed because Alek alleges that he expects to drive through Bexar County regularly. Putting aside the late-breaking nature of this justification, Defendants' reason for the request does not match up with Defendants' broad and burdensome request for every document RMS has pertaining to Alek—including all correspondence, employment applications, performance evaluations, and benefits records. And if Defendants truly sought to discover if Alek's job duties had changed, then they could have asked Alek to provide his job description or answer an interrogatory about his job duties. They have not done so. Defendants' new rationale for requesting Alek's employer records should be seen for what it is: a last-minute attempt to provide some reason for requesting all employment records.

Finally, neither subpoena has been personally served. Defendants have not made diligent attempts to personally serve the subpoenas. Authorizing alternative means of service is therefore improper.

b. <u>Defendants' position</u>:  Plaintiff Alek Schott has testified that the only health care provider he has seen as a result of the incident made the basis of this lawsuit was Catherine Casey.  Plaintiff Schott's complaint alleges causes of action, Paragraph 132 "For loss sense of security and trust in BCSO and Law Enforcement Generally" and Paragraph 133 "The violation of Alek's constitutional rights caused Alex's stress and anxiety."  Defendants assert they are entitled within the limited timeframe of a five year period to examine the Healthcare provider records of Alek Schott for therapist Catherine Casey.

**RMS Control Inc.:** Defendants assert that the limited time frame of five years for Plaintiff Schott's employer's records is relevant and reasonable from a proportionality standpoint.  Plaintiff Schott's Complaint, Paragraph 120 states as follows: "*Alek expects to visit the sites of current and potential customers in South Texas about once a week.  Alek therefore expects to drive through Bexar County twice a week – once on the trip out to visit customers and once on the trip back to Houston.*"  Paragraph 121 of Plaintiff's Complaint, "*Alek expects to drive 100 miles (over an hour) in Bexar County weekly, which adds up to over 5,000 miles, approximately 70 hours in Bexar County yearly – half of which will be on IH-35.*"  Defendants are entitled to records concerning Plaintiff Schott for a limited five year time period concerning whether or not his job duties have changed subsequent to the incident in question which occurred on March 16, 2022.  Defendants assert that their deposition by written questions of Plaintiff's employer is limited in scope and relevant to the case at bar.

Dated: December 10, 2024

/s/ Christen M. Hebert
Christen M. Hebert
(TX Bar No. 24099898)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
Phone: (512) 480-5936
Fax: (512) 480-5937
chebert@ij.org

Joshua A. Windham* (NC Bar No. 51071)
William R. Aronin* (NY State Bar No. 4820031)
Joshua A. Fox* (GA Bar No. 627186)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone: (703) 682-9320
Fax: (703) 682-9321
jwindham@ij,org; waronin@ij.org; jfox@ij.org

*Attorneys for Plaintiff*
*Admitted pro hac vice*

Respectfully submitted,

/s/ Charles S. Frigerio
Charles S. Frigerio
Hector X. Saenz
Charles Anthony. Frigerio
LAW OFFICES OF CHARLES S. FRIGERIO
Riverview Towers
111 Soledad, Suite 465
San Antonio, TX 78205
Phone: (210) 271-7877
Fax: (210) 271-0602
csf@frigeriolawfirm.com

Robert W. Piatt III
ASSISTANT DISTRICT ATTORNEYS, CIVIL DIVISION
101 W. Nueva, 7th Floor
San Antonio, TX 78205
Phone: (210) 335-0785
Fax: (210) 335-2773
robert.piatt@bexar.org;

*Attorneys for Defendants Bexar County and Martin A. Molina III*

## CERTIFICATE OF SERVICE

    I certify that on December 10, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

                                                     /s/ Christen Mason Hebert
                                                     Christen Mason Hebert