IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, | § |
| *Plaintiff*, | § § § 5:23-CV-00706-OLG-RBF |
| vs. | § § |
| JOEL BABB, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARTIN A MOLINAIII, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND BEXAR COUNTY, TEXAS, | § § § § § § |
| *Defendants*. | § |

**ORDER**

Before the Court is Defendants Bexar County and Martin Molina's Motion to Strike, Dkt. No. 67, and Plaintiff Alek Schott's Motion to Quash, Dkt. No. 76. The District Court referred this case for disposition pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 16. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).

On December 12, 2024, the Court held a hearing on the motions. All parties appeared through counsel of record. For the reasons stated on the record at the December 12, 2024 hearing, **IT IS ORDERED THAT**:

- Defendants' Motion to Strike, Dkt. No. 67, is **DENIED**.
- Plaintiff's Motion to Quash, Dkt. No. 76, is **GRANTED**.

Although the Court's grant of Plaintiff's Motion to Quash is without prejudice to an appropriate renewed request for the third-party information, the Court stresses that any such renewed request ***must be*** proportional to the needs of the case. In particular, the extent to which a request for any privileged counseling notes might be discoverable is closely related to the nature

and extent of mental anguish harm and damages at issue. *See Fleming v. Methodist Hosp.*, No. SA-21-CV-01234-XR, 2023 WL 4307157, at *2 (W.D. Tex. June 30, 2023) (surveying and discussing differing approaches to waiver of the psychotherapist privilege). Here, the more significant that alleged harm and those damages, the more proportional to the case a request for those notes becomes. A claim or demand by Plaintiff for relatively minimal mental-anguish damages, however, would not in this Court's view support a request for privileged counseling notes under the facts presented here, especially in light of the Court's expressed concerns about Defendants' initial, overly broad request. But if the extent of Plaintiff's mental-anguish damages are unknown, and everything is on the table so to speak, then a carefully crafted request might be proportional and appropriate.

**IT IS SO ORDERED.**

SIGNED this 13th day of December, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE