UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT<br><br>   *Plaintiff*,<br><br>v.<br><br>JOEL BABB, in his individual and official capacity; MARTIN A. MOLINA III, in his individual and official capacity; JAVIER SALAZAR, in his individual and official capacity; and BEXAR COUNTY, TEXAS,<br><br>   *Defendants*. | Civil Action No. 5:23-cv-00706-OLG-RBF |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PARTIALLY STRIKE THE TESTIMONY OF DEFENDANT JOEL BABB'S EXPERT GARY D. HASTON**

Alek's motion to partially strike Haston's testimony is effectively unopposed because Alek moved to dismiss Defendant Babb (Deputy Babb) from this case (ECF No. 100). But even if the Court reaches the merits, Deputy Babb's defense of the inadmissible portions of Haston's testimony fails at every turn. Haston cannot rewrite the facts of this case, disguise legal conclusions about probable cause and reasonable suspicion as factual testimony, or offer lay interpretations of videos that the jury can watch for themselves. To the extent Haston remains a potential expert in this case, the Court should grant Alek's motion and exclude these improper aspects of Haston's testimony.

**Argument**

**I.   The Court can summarily grant Alek's motion to partially strike Haston's testimony because Alek has moved to dismiss the only party opposing his motion.**

The Court need not wade into the details of Deputy Babb's defense of his expert because Alek seeks to dismiss Babb from this case. While Alek's motion to dismiss Babb remains pending,

1

Babb does not oppose his dismissal. ECF No. 100. Given that the Court will likely grant that unopposed motion, Alek's motion to partially strike Haston's testimony is therefore effectively unopposed and should be granted. Should the Court reach the merits of the motion to partially strike, however, Babb's defense of his expert fails for the reasons set forth below.

**II.      Haston can't rewrite the facts to be what Deputy Babb wishes they were.**

Haston plans to tell the jury that Babb knew things he did not know and then acted based on that fake knowledge when pulling Alek over. That is not proper expert testimony. "An expert is in no 'better position than the jury to draw conclusions about a defendant's state of mind.'" *Ambler v. Nissen*, No. 1:20-CV-1068-LY, 2023 WL 4612016, at *4 (W.D. Tex. July 18, 2023) (quoting in part *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 541 (5th Cir. 2007)). Indeed, Babb concedes that "an expert's **_conclusory_** assertions regarding [an officer's] state of mind are not helpful or admissible." ECF No. 97 (Resp.) ¶ 13 (quoting *Marlin*, 248 F. App'x at 541) (emphasis Babb's)). That's all Haston offers here: baseless assertions about Babb's intel and observations before the traffic stop that contradict Babb's testimony about "what [he] actually knew." *Gobert v. Caldwell*, 463 F.3d 339, 348 n.29 (5th Cir. 2006).

First, the intel. It's telling that, for all his emphasis on the rule that state-of-mind opinions must be based on the record, Deputy Babb never identifies the *specific facts* supporting Haston's opinions. *See* ECF No. 97 (Resp.) ¶¶ 12–16. That's because he can't. In deposition, Babb made clear that he knew four pieces of information before stopping Alek; Haston testified that Babb knew six pieces of information. ECF No. 91 (Mot.) at 10–11. Similarly, Haston testified that Babb received the intel about Alek from someone in law enforcement. ECF No. 91-3 (Haston Dep.) at 107:17–22. But Babb testified that he learned the information from "Mr. Kiki"—a man he had never met but believed "should be" a law enforcement officer at the Laredo Fusion Center. Ex. E (Babb Dep. Supp.) at 146:8–149:18. Haston admitted he had no idea whether Mr. Kiki was a law

enforcement officer and that he did not confirm whether the Laredo Fusion Center exists. Ex. F (Haston Dep. Supp.) at 238:7–25. No one else has heard of the Laredo Fusion Center. Ex. G (Gamboa Vol. 1 Dep.) at 241:18–242:7; Ex. H (Gereb Vol. 2 Dep.) at 59:25–60:2.

Second, the alleged traffic violation. Haston wants to testify that Babb could have pulled Alek over for speeding. *See* Resp. ¶¶ 33–37. But Babb testified that "the only traffic violation [he] saw" Alek commit was the alleged failure to maintain a lane. ECF No. 91-4 (Babb Dep.) at 103:7–23. That testimony is consistent with what Babb said when he stopped Alek—failure to maintain the lane was "the only reason" for the stop—and the other evidence in this case. *See* Compl. ¶ 35 (quoting Babb about the only reason he stopped Alek). Again, Haston can't offer alternative facts about "what [Babb] actually knew." *Gobert*, 463 F.3d at 348 n.29. The only person who can testify about what Babb knew is Babb himself.

And that principle carries added weight here, where the constitutionality of the traffic stop turns on Babb's knowledge. Under the Fourth Amendment, courts "consider only what the officers knew at the time of their challenged conduct." *Cole v. Carson*, 935 F.3d 444, 456 (5th Cir. 2019) (en banc). "Facts that an officer"—or his expert—"learn[] after the incident ends . . . are not relevant." *Id.* (quoting *Hernandez v. Mesa*, 582 U.S. 548, 554 (2017) (per curiam)). Babb's actions "must be judged in light of the circumstances that confronted him, without the benefit of hindsight." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Haston can't play Monday-morning quarterback using replay footage that shows an entirely different perspective from Babb's and that Babb did not have when he made the decision to stop Alek.

The two cases that Babb cites prove as much. Resp. ¶ 36 & nn.62–63 (quoting *Terrell v. Allgrunn*, 114 F.4th 428, 435 (5th Cir. 2024), and citing *Hall v. Trochessett*, 105 F.4th 335, 341 (5th Cir. 2024)). Both cases include the same sentence: "Our cases make clear that an arresting

3

officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Terrell*, 114 F.4th at 435 (quoting *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)); *Hall*, 105 F.4th at 341. Babb completely ignores the parenthetical: "except for the facts that he knows." *Id. Terrell*, *Hall*, and the authorities they cite all make clear that "the facts then available to [the officer]"—not the facts available to an omniscient officer—control. *Terrell*, 114 F.4th at 435 (quotation omitted); *see also Hall*, 105 F.4th at 341 ("[T]he *known* facts provide probable cause." (emphasis added)). In other words, the facts of the traffic stop are what Babb knew and what Babb saw; the relevant inquiry is what a "reasonable officer could have concluded" from those facts. *Terrell*, 114 F.4th at 435 (quotation omitted). Haston can't change those facts by reviewing evidence Babb did not have—and did not claim to have—at the time he decided to pull Alek over.

### III. Deputy Babb can't disguise Haston's legal conclusions as testimony about the facts that support probable cause.

Babb concedes that Haston cannot testify about whether probable cause or reasonable suspicion actually existed. But Babb then tries to save portions of Haston's testimony by arguing that he can identify facts that "might support probable cause" and opine on how a "reasonable officer" would act. Resp. ¶ 18. This argument fails for two reasons.

First, Haston's testimony about what facts might support probable cause and that Babb "acted as a reasonable prudent officer would have acted under the same circumstances" are legal conclusions in disguise that "do[] not aid the jury in reaching its ultimate conclusion." *Rogers v. Bonnett*, No. CV SA-04-CA-0118-XR, 2009 WL 2461820, at *6 (W.D. Tex. Aug. 11, 2009). Indeed, the language of Haston's report reveals that Haston's opinions are the same as those excluded in *Rogers*: "[A] reasonable officer under the same circumstances as Deputy BABB would have responded in the same way in order to confirm or dispel that a crime was in progress." ECF No. 91-1 (Haston Report) at 30. Haston's artful use of the phrase "confirm or dispel that a crime

4

was in progress" to avoid the term "reasonable suspicion" "does nothing more than tell the jury how to decide the case." *Rogers*, 2009 WL 2461820 at *6.

Second, Babb's authorities don't say what he thinks they do. In *Reitz v. Woods*, the Fifth Circuit affirmed the exclusion of expert testimony about an officer's conduct. 85 F.4th 780, 787–89 (5th Cir. 2023). The expert's view that "information relied upon by [the officer] in executing the probable cause affidavit was insufficient and thus he lacked sufficient knowledge of probable cause" was an improper legal conclusion. *Id.* at 788. All of Haston's opinions tracking this legal conclusion must be excluded. For example, Haston opines that "an officer with the same experience and training would believe under the same circumstances faced by Deputy BABB that articulable facts existed[.]" ECF No. 91-1 (Haston Report) at 29–30. But that's just another way of saying that Babb had reasonable suspicion, using clever phrases like "reasonable officer" and "articulable facts" rather than the words "Babb had reasonable suspicion" to avoid exclusion.

The court in *Estevis v. City of Laredo*, likewise, excluded a law enforcement expert's legal conclusions. No. 5:22-CV-22, 2023 WL 9312081, at *5 (S.D. Tex. Dec. 28, 2023). While the court allowed opinions about how an officer "would be expected to act in the circumstances" according to "standards of conduct for law enforcement," it excluded an "opinion that the officers had probable cause to believe Plaintiff committed crimes." *Id.* Here too, Haston can testify about the standards of conduct for criminal interdiction officers—that's why Alek filed only a *partial* motion to strike—but he can't smuggle in legal conclusions about whether Babb had reasonable suspicion or probable cause merely by using artful phrases like "reasonable officer" and "articulable facts."

**IV.     Haston offers improper lay testimony, not expert testimony, on what the videos show.**

Finally, Babb says Haston can testify about whether Alek's dashcam video shows a traffic violation and about whether Babb's bodycam video shows deceptive behavior that would justify extending the stop. But Babb ignores a fundamental problem: Haston is "no better suited than a

5

lay person" to interpret the videos. *Castro v. Wal-Mart Real Est. Bus. Tr.*, 645 F. Supp. 3d 638, 645 (W.D. Tex. 2022).

Start with Alek's dashcam video. Babb likens Haston's video narration to the testimony offered by Alek's accident reconstruction expert, Sergeant Palacios. But they're nothing alike. Haston admitted that he has zero experience using dashcam footage for accident reconstruction, did not evaluate the relationship between Alek's dashcam view and tire position, and couldn't say where Alek's tires were based on the video. Mot. at 5–6. Alek's expert, by contrast, has extensive experience in accident reconstruction, did tests and took measurements to evaluate the dashcam view and tire position, and drew informed conclusions about where Alek's tires were based on the video based on his tests and experience. Haston's interpretation of Alek's dashcam video is not expert testimony—it's lay opinion that will not help the jury.

Babb's argument that Haston can narrate Babb's bodycam video with opinions about what body language strikes Haston as deceptive fares no better. Whether the video shows deception— and whether that deception justified Babb's conduct—is for the jury to decide. *See, e.g.*, *Fetty v. City of Baton Rouge*, 518 F. Supp. 3d 923, 934 (M.D. La. 2021) (allowing law enforcement expert to "testify as to applicable standards and well-established police policy and procedure" but excluding expert's "analysis/evaluation and/or interpretation of evidence," including videos depicting officer's conduct); *Williams v. City of Houston*, No. H-16-CV-3342, 2019 WL 2435854, at *6 (S.D. Tex. June 11, 2019) (excluding law enforcement expert's opinions "about what the videotapes show" when assessing whether officer acted reasonably because expert's spin on the video "does not make him uniquely helpful to the finder of fact"). At bottom, the jury can and should draw their own conclusions about what the bodycam footage shows.

## Conclusion

For the foregoing reasons, the Court should grant Alek's motion to partially strike Haston's testimony.

Dated: February 21, 2025.                                  Respectfully submitted,

/s/ Christen M. Hebert

**Joshua A. Windham*** (NC Bar No. 51071)    **Christen M. Hebert** (TX Bar No. 24099898)
**William R. Aronin*** (NY Bar No. 4820031)   INSTITUTE FOR JUSTICE
INSTITUTE FOR JUSTICE                         816 Congress Avenue, Suite 970
901 N. Glebe Road, Suite 900                  Austin, TX 78701
Arlington, VA 22203                           (512) 480-5936
(703) 682-9320                                chebert@ij.org
jwindham@ij.org
waronin@ij.org

*Admitted *pro hac vice*                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on February 21, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert