IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
August 28, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____RR_____
DEPUTY

| | |
|---|---|
| ALEK SCHOTT, § | |
| § | |
| *Plaintiff,* § | |
| v. § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| § | |
| BEXAR COUNTY, TEXAS, § | |
| § | |
| *Defendant.* § | |
| § | |

## DEFENDANT BEXAR COUNTY'S OBJECTIONS TO THE MAGISTRATE'S ORDER STRIKING EXPERT TESTIMONY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO L. GARCIA:

NOW COMES **BEXAR COUNTY**, Defendant in the above styled and numbered cause, and pursuant to 28 U.S.C. § 636(b)(1)(A), FEDERAL RULES OF CIVIL PROCEDURE and Rule 72, FEDERAL RULES OF CIVIL PROCEDURE files this its Objections to the United States Magistrate's Order Striking Defendant Bexar County Expert's Testimony [Dkt 129] and files this its appeal to the United States District Court and in support of said Objection would respectfully show the Court the following:

I.

Defendant **BEXAR COUNTY** appeals the United States Magistrate Judge's Order striking Bexar County K-9 Expert Kevin Sheldahl in its entirety and limiting Bexar County Expert Haston's expert testimony concerning Plaintiff Schott's own video camera displaying that the Schott vehicle was traveling in excess of the speed limit by traveling at 84 mph in a 75 mph zone. Defendant Bexar County asserts that the United States Magistrate Judge's **exclusion** of said testimony is clearly erroneous and contrary to law.

United States Magistrate Judge Farrer's Order which is being appealed was issued on August 14, 2025 [Dkt. 129]. Defendant Bexar County is timely objecting to the Magistrate's Order under 28 U.S.C. § 636(b)(1)(A), and Rule 72 of the FEDERAL RULES OF CIVIL PROCEDURE.

## II.
## STANDARD OF REVIEW

Magistrate Judges are given broad discretion to resolve non-dispositive motions. Upon timely objection to an Order concerning a non-dispositive motion, the District Court will set aside the Magistrate Judge's Order only if it is "clearly erroneous or is contrary to law." (*See, Federal Rules of Civil Procedure, Rule 72(a)*). A Magistrate Judge's legal conclusions are reviewed *de novo*, while factual findings will not be overturned unless clearly erroneous. ***Moore v. Ford Motor Company***, 755 F.3d 802, 806 (5th Cir. 2014). A ruling is "clearly erroneous" when the district court is left with a definite and firm conviction that a mistake has been committed. *Id.* at 808. A finding is clearly erroneous only if it implausible in light of the record considered as a whole. ***St. Aubin v. Quarterman***, 470 F.3d 1096, 1101 (5th Cir. 2006).

## III.
## BEXAR COUNTY'S OBJECTIONS

Defendant **BEXAR COUNTY** objects and appeals the Magistrate Judge's Order [Dkt. 129] concerning the striking of Bexar County K-9 Expert Kevin Sheldahl and the exclusion of Bexar County Expert Haston concerning his testimony from Plaintiff Schott's own dash cam video evidencing the fact that Plaintiff Schott was speeding at the time of the incident in question.

Defendant **BEXAR COUNTY** asserts that it responded to Plaintiff's Motion to Strike its Expert in [Dkt. 93]. Defendant Bexar County retained Co-Defendant Babb's Expert Witness when Plaintiff made the strategic move to dismiss both Deputies Babb and Molina (the K-9 Handler) from the case following extensive discovery. Defendant Bexar County's advisory to the Court is

[Dkt. 106] and the response in opposition to Plaintiff Schott's Motion for Partial Motion to Strike Expert Haston is [Dkt. 97]. Defendant Bexar County objects to the Court's exclusion of Expert Haston's testimony concerning Plaintiff Schott's own Dashcam Video which reveals he was speeding at the time of the incident in question by traveling 84 mph in a 75 mph zone.

## IV.
## LEGAL ANALYSIS

The admissibility of expert testimony is governed by the same rules, whether at trial or on summary judgment. *First United Fin. Corp. v. U.S. Fid. & Guaranty Co.*, 96 F.3d 135, 136 (5th 1996). Under *Daubert*, expert testimony is admissible if the proponent demonstrates that (1) the expert is qualified; (2) the evidence is relevant to the suit; (3) the evidence is reliable. *Hathaway v. Bazane*, 507 F.3d 312, 317 (5th Cir. 2007). Although *Daubert* lists five non-exclusive scientific factors to consider, these factors are not necessarily limited to scientific evidence and may be applicable to testimony offered by non-scientific experts, depending upon the particular circumstances of the case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). The purpose of the expert inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs the in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in relevant field. *Skidmore v. Precision Printing & Packaging*, 188 F.3d 606, 618 (5th Cir. 1999). The trial court's role as gatekeeper is not intended to serve as a **replacement** of the adversary system. The rejection of expert testimony is the **exception** rather than the rule. *Vertibo v. Dow Chemical Corp.*, 826 F.2d 420, 422 (5th Cir. 1987).

## IV.
## BACKGROUND

The case at bar concerns the vehicular stop of Plaintiff Alek Schott on March 16, 2022 on IH 35 South in San Antonio, Bexar County, Texas. The traffic stop was initiated by Bexar County

Deputy Babb who was a member of the pilot program known as "Interdiction" unit, a team of three individual deputies specializing in drug and human trafficking interdiction. The traffic stop of Plaintiff Alek Schott lasted a total of one hour and fifteen minutes. During the course of the stop, Deputy Babb called dispatch for a K-9 unit to be sent for an open air search. Bexar County dispatched Deputy Martin Molina with his K-9 Maximus (Max) to the scene in question. When Deputy Molina arrived on the scene, Deputy Molina requested consent from Plaintiff Alek Schott to run an open air search with his K-9 around the vehicle. Plaintiff Alek Schott consented to the open air sniff. Deputy Molina retrieved his K-9 "Max" from the patrol vehicle and ran an open air sniff around Alek Schott's vehicle. K-9 Maximus alerted to the driver's side door of Plaintiff Alek Schott's vehicle and a search was conducted inside the vehicle. The search of the vehicle uncovered a small amount of "shake" (Marijuana) inside the vehicle. This was not a usable amount of Marijuana to be used for criminal prosecution and therefore no charges were pressed. Plaintiff Alek Schott was released from detention. The entire incident lasted one hour and fifteen minutes.

Plaintiff Schott filed this Motion to Strike Defendant's K-9 Expert Kevin Sheldahl. (See, Dkt. 90). Defendant filed its reply in opposition to the Motion to Strike Dkt. 93. Defendant Bexar County's designated K-9 Expert Kevin Sheldahl for the purposes of showing that there was no constitutional deprivation of Plaintiff Schott concerning the vehicular stop in question. Defendant Bexar County asserts that both Deputy Babb and Deputy Molina did not violate Plaintiff's constitutional rights and would have been entitled to qualified immunity if they had not been dismissed from the suit. However, since Defendant Bexar County is still a party to the suit, the showing of no constitutional violation by the only two individuals who had contact with Plaintiff Schott would conclusively establish that Plaintiff does not have a cause of action for a custom and policy against Bexar County pursuant to ***Los Angeles v. Heller***, 475 U.S. 796, 798 (1986); ***Alpha***

*v. Hooper*, 440 F.3d 670, 672 (5th Cir. 2006). K-9 Expert Sheldahl is an experienced K-9 handler with over 30 years of experience and has testified in Federal Court on motions to suppress in the State of Utah. Expert Kevin Sheldahl can testify as to the acceptable police practices throughout the country concerning K-9's and K-9 handlers. K-9 expert Sheldahl will testify as to Deputy Molina and K-9 Maximus' certification under NCATS (National Canine Audit Tracking System) in meeting the national standard of care for K-9 handlers.

Plaintiff Schott filed a motion to partially strike expert Gary Haston who was the criminal interdiction expert for Co-Defendant Babb. (See, Dkt. 91). Co-Defendant Babb filed a response in opposition to partial motion to strike the testimony of Expert Gary Haston in Dkt. 97.

## IV.
## DAUBERT FACTORS

### A.  THE EXPERT IS QUALIFIED.

Defendant **BEXAR COUNTY** asserts that K-9 Expert Sheldahl has been working in law enforcement as a K-9 expert for over thirty (30) years with various departments throughout the United States. (*See, Exhibit A – Curriculum Vitae of Kevin Sheldahl; Exhibit B – Report of K-9 Expert Kevin Sheldahl*). Expert Sheldahl has trained instructors at various law enforcement agencies throughout the United States in the use of K-9 handling and training. Expert Sheldahl has testified in criminal trials on motions to suppress and has been recognized as an expert in the handling of K-9's. (*See, Exhibit C – Deposition of Kevin Sheldahl, p. 14*). Expert Sheldahl viewed the body worn camera footage of the incident in question concerning Defendant Deputy Molina and K-9 Max. Expert Kevin Sheldahl compared the stop with the training deployments for Deputy Molina and Max for certification through NCATS wherein K-9 Max received a 90 percent accuracy in deployment. (*See, Exhibit C – Deposition of Kevin Sheldahl, pp. 28-29; 101; 200-202*). Expert Kevin Sheldahl is qualified to testify as K-9 handler.

Defendant **BEXAR COUNTY** asserts that Expert Gary Haston is qualified to testify as a criminal interdiction unit expert. Expert Haston has over thirty years' experience in law enforcement. Expert Haston can testify that his acceptable standard of care for law enforcement to stop a vehicle on a highway in excess of the posted speed limit. Expert Haston can testify that Plaintiff Schott's own dash cam video displays his excessive speed limit of traveling at 84 mph in a 75 mph zone. (*See the speed referenced at the bottom of the dash cam video.*)

B.     THE EVIDENCE IS RELEVANT TO THE SUIT.

Defendant **BEXAR COUNTY** asserts that K-9 Expert Sheldahl's testimony is integral to Bexar County's defense that Plaintiff Schott sustained no constitutional deprivation. K-9 Expert Sheldahl uses his experience in law enforcement of over thirty years as well as his training of dog trainers to determine that the video of the incident in question compared to the NCATS training videos show consistent K-9 behavior.

"**Opinion 5**

*In reviewing the body worn camera video of the deployment of K-9 Max on the plaintiff's vehicle and in comparing it to the videos of several sniffs of vehicles from the NCATS audits we see very similar behaviors. The handler is directing the search without interfering with the K-9 or using the behaviors which could que the K-9….The dog independently works a pattern on the vehicle and indicates by sitting and the handler properly moves past the dog. This is in keeping with what can be observed in the NCAT certification videos.*

*K-9 max, has a strong record of properly locating the odor of substances he has been trained to detect. His deployment records show approximately 90% correct. The NCAT videos also show blank searches and deployment reports show searches without an alert/indication furthering a demonstration of reliability.*" (*See, Exhibit B – Report of K-9 Expert Kevin Sheldahl, p. 8*).

Defendant **BEXAR COUNTY** asserts that evidence of Molina and Max deployment team being certified by NCATS (National Canine Audit Tracking System) and Expert Sheldahl's opinion that Deputy Molina acted within the acceptable standard of care for law enforcement concerning

the open air sniff in question, is directly on point with Bexar County's defense that no constitutional deprivation took place. *Florida v. Harris*, 568 U.S. 237, 248 (2013).

Defendant **BEXAR COUNTY** asserts that Expert Gary Haston's testimony concerning probable cause to stop Plaintiff's vehicle for speeding as well as failure to maintain a lane while traveling, is evidence that Plaintiff Schott sustained no constitutional deprivation.

C. <u>**THE EVIDENCE IS RELIABLE UNDER THE DAUBERT FACTORS**</u>.

Defendant **BEXAR COUNTY** asserts that Expert testimony has been allowed by the trial court. Gatekeepers under Rule 702 and 704, FEDERAL RULES OF EVIDENCE concerning officer involved litigation. Specifically, Courts have held that Police Experts may testify to an ultimate issue under Federal Rules of Evidence 704, but may not offer legal conclusions. In *Neal v. City of Hempstead, Texas*, 2014 WL 3907785 (S.D. Tex. Aug. 11, 2014), the Court allowed the police expert to testify regarding his opinions regarding the acceptable standard of care for officer conduct and whether or not the officer was trained appropriately. *Id. *5*.

In the context of K-9 handlers, Courts have allowed trainers of law enforcement dogs to testify as to whether or not the K-9 has met the acceptable standard of care for K-9 training. In *Mitchum v. City of Indianapolis*, 534 F.Supp.3d 1001 (S.D. Ind. 2021), the Court analyzed a motion to exclude testimony of an expert witness from consideration during the summary judgment phase. The Court denied the motion to exclude the K-9 expert. The Court held that it was satisfied that Mr. Heyens' years of experience in the field of K-9 training allowed him to render an opinion as to whether the K-9 in the case met the relevant standards. *Id.* at 1009.

In *Pettaway v. Barber*, 2023 WL 1422457 (M.D. Ala. Jan. 31, 2023), the trial court denied a motion to exclude a K-9 Expert named Farley who worked as a K-9 trainer at the Alabama K-9 law enforcement training center. The Court denied the motion to exclude the K-9 expert and found

that Farley was a qualified expert in K-9 training and procedures and that any criticism regarding Farley's testimony goes to the weight and not the admissibility. *Id.* *5.

In *Rivera v. Ring*, 810 F.App'x 859 (11th Cir. 2020), an arrestee brought a Section 1983 excessive force claim against a K-9 officer concerning the use of K-9 during the apprehension of the arrestee. At trial, the K-9 officer presented testimony from K-9 Expert Dr. Hough concerning the use of the K-9 during the incident in question. The jury returned a verdict in favor of the officer and the arrestee appealed. The Eleventh Circuit Court of Appeals held that the K-9 expert was qualified to testify as to the K-9's conduct, the expert testimony was helpful to the jury and did not invade the province of the jury. *Id.* *864. Ultimately the Eleventh Circuit Court of Appeals held it was not error for the K-9 Expert to testify and affirmed the verdict for the K-9 Officer.

In the case at bar, K-9 expert Sheldahl has over 30 years' experience in law enforcement and owns his own K-9 training academy. Expert Sheldahl viewed the body worn camera of Deputy Molina, the K-9 handler concerning the incident made the basis of this lawsuit. K-9 expert Sheldahl compared the body worn camera of this incident with the NCATS videos concerning certification of K-9 Max during the K-9's tenure with the Bexar County Sheriff's Department. Expert Sheldahl opined that K-9 Max's behavior on the date of the incident in question concerning the Schott vehicular stop was in keeping what K-9 expert Sheldahl observed in the NCATS training video for certification of K-9 Max. (*See, Exhibit B – Report of K-9 Expert Sheldahl, p. 8*).

Defendant **BEXAR COUNTY** prays that this Honorable Court sustain Defendant Bexar County's objections to the Magistrate Judge's Order Striking K-9 Expert Sheldahl and that the Court allow K-9 Expert Sheldahl to testify. By not allowing Defendant's expert Sheldahl to testify Defendant Bexar County will be greatly prejudiced in the presentation of their case and will be

unable to fairly defend the County's position without said expert. Plaintiff's criticism of Expert Sheldahl goes to the weight and not the admissibility of his testimony.

Defendant **BEXAR COUNTY** asserts that Expert Gary Haston be allowed to testify concerning the acceptable standard of care for a police officer to conduct a vehicular stop for a speeding motor vehicle. The speed of the motor vehicle is from Plaintiff Schott's own dash cam video which provides probable cause for the vehicular stop. The Magistrate Judge's analysis that Babb was not aware of the speeding vehicle is flawed. In ***Terrell v. Allgrunn***, 114 F.4th 428 (5th Cir. 2024), the Fifth Circuit in reversing the denial of qualified immunity held that it was not what was only in the subjective mind of the officer. The Court analyzed as follows:

> "*But that is diametrically opposite of our case law. There must not even arguably be probable cause for the search and arrest for immunity to be lost. That is, if a reasonable officer **could** have concluded that there was probable cause upon the facts then available to him, qualified immunity will apply.*" ***Brown v. Lyford***, 243 F.3d 185, 190 (5th Cir. 2001). ***Id.*** at 435.

In ***Devonpeck v. Alford***, 543 U.S. 146 (2004), the Court held that for a plaintiff to state a Fourth Amendment claim for wrongful arrest, the Officer must not be aware of facts constituting probable cause to arrest or detain a person for "any" crime. An officer's subjective reasons for making the arrest need not be the criminal offense to which the known facts provide probable cause. ***Devonpeck v. Alford***, 543 U.S. 146, 153 (2004).

Defendant **BEXAR COUNTY** asserts that Expert Gary Haston should be allowed to testify that the Schott vehicle was exceeding the speed limit which gave probable cause for the vehicular stop in question. Defendant Bexar County prays that the Court sustain its objections to Expert Haston's testimony being stricken concerning Plaintiff Schott's own dash cam video.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **BEXAR COUNTY** prays that its Objections be in all things sustained, that the Magistrate's Order Striking K-9 Expert's Sheldahl and partially limiting Expert Gary Haston be **REVERSED** and for such other and further relief as Defendant may show itself justly entitled.

        Respectfully submitted,

        LAW OFFICES OF CHARLES S. FRIGERIO
        A Professional Corporation
        Riverview Towers
        111 Soledad, Suite 465
        San Antonio, Texas 78205
        (210) 271-7877

BY:    /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO
        SBN: 07477500
        Email: csf@frigeriolawfirm.com

        HECTOR X. SAENZ
        SBN: 17514850
        Email: hxs@frigeriolawfirm.com

        CHARLES A. FRIGERIO
        SBN: 24140090
        NMBN: 161626
        Email: Charlie@Frigeriolawfirm.com
ATTORNEYS FOR DEFENDANT BEXAR COUNTY

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of August, 2025, I electronically filed the foregoing Defendant Bexar County's Objection to the Magistrate Judge's Order Striking Expert Testimony via CM/ECF which will electronically serve notice to the following:

Christen Mason Hebert       Email: chebert@ij.org
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701

Joshua Windham      Email: jwindham@ij.org
Will Aronin      Email: waronin@ij.org
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
*Attorneys for Plaintiff*

      /s/ Charles S. Frigerio
      CHARLES S. FRIGERIO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, § § *Plaintiff,* § § v. § § § BEXAR COUNTY, TEXAS, § § *Defendant.* § § | Civil Action No.: 5:23-cv-706-OLG-RBF |

## ORDER

On this day came on to be considered, Defendant **BEXAR COUNTY**'s Objections to the Magistrate's Order Striking Expert Testimony pursuant to 28 U.S.C. § 636(b)(2)(A) and Rule 72, Federal Rules of Civil Procedure and the Court after having considered the Motion, finds said Motion to be meritorious;

**IT IS THEREFORE ORDERED** that Defendant **BEXAR COUNTY**'s Objections to the Magistrate's Order Striking K-9 Expert Sheldahl and Expert Gary Haston be SUSTAINED and the Magistrate's Order be REVERSED.

SIGNED THIS _____ day of _____, 2025 .

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE