IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEK SCHOTT, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| § | |
| BEXAR COUNTY, TEXAS, § | |
| § | |
| Defendant. § | |

**DEFENDANT BEXAR COUNTY'S
OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO GARCIA:

NOW COMES **BEXAR COUNTY**, Defendant in the above entitled and numbered cause, and pursuant to 28 U.S.C. § 636(b)(1)(B), files this its Objections to the United States Magistrate's Report and Recommendation [Dkt. 135] heretofore filed in response to Defendant's Motion for Summary Judgment [Dkt. 117], Supplement to Defendant's Motion for Summary Judgment [Dkt. 118] and Defendant's Reply in Support of Its Motion for Summary Judgment [Dkt. 127] and in support thereof would respectfully show unto the Court the following:

**I.
BACKGROUND**

The case at bar concerns the vehicular traffic stop of Plaintiff Alek Schott on March 16, 2022, on IH 35 North bound in Bexar County, Texas. Plaintiff Alek Schott was driving his Ford 250 Pickup (Texas License Plate LJR4135) when the traffic stop was conducted by Bexar County Deputy Joel Babb for Plaintiff Schott crossing over the painted line on the left side of the roadway known as the fog line.

Deputy Babb was part of an experimental unit called "Criminal Interdiction" which consisted of three officers namely: Sgt. Gamboa, Deputy Babb and Deputy Gereb. Despite Plaintiff's Counsel's nefarious fascination with the term "***Criminal Interdiction***" there is no connotation to anything illegal with the term "***Criminal Interdiction***".

Deputy Babb had probable cause for the initial traffic stop, reasonable suspicion to extend the traffic stop for a Canine Free Air Sniff, based on the actions of Plaintiff Schott and his responses to Deputy Babb's questions and probable cause to search the vehicle once the K-9 Maximus (Max) alerted to Schott's truck. Subsequent to the search of the truck, Plaintiff Schott was released. This entire incident lasted 75 minutes. (*See, Exhibit B – Deposition of Capt. Arron Von Mauldu, p. 148*).

Defendant **BEXAR COUNTY** asserts that it is the sole remaining defendant in this case. Bexar County's policymaker is Sheriff Javier Salazar for the purposes of ***Monell***. Plaintiff originally sued Bexar County, Deputy Babb and Deputy Molina (the K-9 handler) in the lawsuit. Subsequent to extensive and contentious litigation, Plaintiff made the strategic move to file a Rule 41 Stipulation of Dismissal with Prejudice against Deputy Babb and Deputy Molina [Dkt. 113 and 114]. This case is now solely about whether or not there is ***Monell*** liability against the governmental entity, Bexar County. As Bexar County's policymaker, Plaintiff must prove that Sheriff Salazar, as the policymaker, was deliberately indifferent to Plaintiff's rights. Plaintiff's Achillies' heel under ***Monell*** is that there was only one complaint against the Criminal Interdiction Unit, namely Plaintiff Schott's Complaint against Deputy Babb and he was ultimately terminated. Sheriff Salazar knew of the Criminal Interdiction Unit experiment but was unaware of any alleged unconstitutional conduct. Once the Schott Complaint was made, Deputy Babb was terminated for

violation of policy in turning off his dash camera. Sheriff Salazar was not deliberately indifferent to Plaintiff Schott's rights, as a matter of law.

## II.

Defendant **BEXAR COUNTY** objects to the Magistrate's Report and Recommendation concerning the denial of its Motion for Summary Judgment as follows:

> **OBJECTION NO. 1**: Defendant Bexar County objects to the Magistrate Judge's Report and Recommendation to the extent that the Court found there was a material fact issue as to whether or not a constitutional violation had occurred.

Plaintiff Schott strategically dismissed Deputies Babb and Molina prior to the dispositive motion deadline. The sole remaining defendant is the municipality, Defendant Bexar County. Defendant Bexar County, as the governmental entity, cannot be held liable under ***Monell*** if its employees (namely, Deputy Babb and Deputy Molina) did not commit a constitutional violation. ***City of Los Angeles v. Heller***, 475 U.S. 796, 799 (1986).

Defendant **BEXAR COUNTY** asserts that the actions of Deputy Babb and Deputy Molina on the date of the incident in question, did not violate Plaintiff Schott's constitutional rights under the Fourth Amendment. Deputy Babb had probable cause to make a vehicular stop of Schott's truck based on crossing the fog line in violation of Texas Transportation Code, Section 545.060(a). (*See, Exhibit D – Deposition of Deputy Joel Babb, pp. 102-103; Exhibit F – Alek Schott's Truck Dash Cam*). Point in fact, Plaintiff Schott admitted to crossing the fog line when informed by Deputy Babb for the reason for the traffic stop by responding, "I am sorry". (*See, Exhibit G - Body worn camera of Deputy Joel Babb - BC000502 at 2:45-2:51*). Furthermore, Plaintiff Schott's own truck dash cam clearly evidences the fact that Schott was traveling 84 mph in a 75 mph zone. (*See, Exhibit F – Alek Schott's truck's dash cam [see, digital readout in lower left hand corner of video]*;

*Exhibit L – Deposition of Expert Gary Haston, pp. 168-169; 216-221*). As the Court stated in **Devenpeck v. Alford**, 543 U.S. 146 (2004); the Court held that the subjective reason for making the arrest, need not be criminal offense as to which the known facts provide probable cause. The fact that an officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's actions does not invalidate the action taken as long the circumstances viewed objectively, justify the action. *Id.* at 594. The Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances whatever the subjective intent is. **Whren v. United States**, 517 U.S. 806, 814 (1996). The standard under **Devenpeck** is an objective standard. The Fifth Circuit reiterated this standard in **Terrell v. Allgrunn**, 114 F.4th 428, 435 (5th Cir. 2024)(in holding "…there must not even arguably be probable cause for the search and arrest for immunity to be lost, that is, if a reasonable officer "could" have concluded that there was probable cause, immunity will apply).

Defendant Babb did not unlawfully extend the traffic stop based on the actions of Plaintiff Schott and his answers to Deputy Babb's questioning. Even the Magistrate Judge agreed that the extension in calling for the K-9 of the traffic stop was lawful.

Defendant **BEXAR COUNTY** asserts that the Magistrate erred in concluding there was a material fact question concerning whether or not the K-9 and K-9 handler Deputy Molina's actions were unlawful in the queuing of the K-9. Defendant asserts that in **Florida v. Harris**, 568 U.S. 237 (2010), the Supreme Court held that a narcotic detection dog's alert provides probable cause when all the facts surrounding the dog's alert, viewed through the lens of commonsense, would make a reasonably prudent person think that search would reveal contraband or evidence of a crime. The Court further reasoned that a "full alert" is not required to establish probable cause. Each dog alerts in a different way and the dog's behavior must be interpreted by the handler.

Evidence of a dog's satisfactory performance and certification or training can itself provide sufficient reason to trust the alert. *Id.* at 247. Notably, Plaintiff Schott did not retain a K-9 expert. Plaintiff Schott only offers counsel's own interpretations which are conclusory in nature and lack foundation. Based on the video from Deputy Molina's body worn camera, the point is obvious that Max made a full alert when he sat at the driver's side door and would not budge.

The actions of Deputy Babb and Deputy Molina when viewed from a totality of the circumstances were objectively reasonable. There was probable cause for the initial stop, the traffic stop was not unlawfully extended based on the movements of Plaintiff Schott and answers to Deputy Babb's questions. Plaintiff Schott placed his hands up in the air when seated at the driver's side and trembled when producing his license. Schott breathed heavily when attempting to answer questions from Deputy Babb. Schott's actions provided articulable facts which provided reasonable suspicion for the K-9 open air sniff to be conducted. K-9 Max alerted which provided probable cause to search Schott's truck. Plaintiff Schott did not sustain a constitutional violation based on the totality of the circumstances.

Defendant **BEXAR COUNTY** further asserts that *Weisshaus v. Teichelman*, 637 F.Supp.3d 434 (N.D. Tex. 2022) is a paradigm to the case at bar. Plaintiff Weisshaus was stopped for a vehicular violation and was in the process of being issued a warning citation. Officer Teichelman asked plaintiff Weisshaus questions regarding where he was traveling and how long he intended to stay at his destination. Based on Plaintiff's responses, and the fact that his responses were nervous and timid, Officer Teichelman requested a K-9 conduct a free air K-9 sniff. The K-9 gave an alert and the vehicle was searched. No narcotics were found and Officer Teichelman let the plaintiff leave with a warning. Plaintiff Weisshaus filed suit under Section 1983 alleging Fourth Amendment constitutional deprivations. The trial court granted Defendant Officer Teichelman's

motion for summary judgment affirming that Plaintiff Weisshaus did not sustain a constitutional deprivation.

Plaintiff Weisshaus then appealed to the Fifth Circuit Court of Appeals in *Weisshaus v. Teichelman*, 2024 WL 620372 (5th Cir. Feb. 14, 2024). The Fifth Circuit affirmed the trial court's analysis under the Fourth Amendment in granting the summary judgment since plaintiff had not sustained a constitutional deprivation.

> **OBJECTION NO. 2**: Defendant Bexar County objects to the Magistrate Judge's Report and Recommendation denying Defendant Bexar County's Motion for Summary Judgment on Plaintiff's *Monell* claim under 42 U.S.C. § 1983. Defendant Bexar County objects to the Magistrate Judge's report which states there is a material fact issue as to whether or not there was a custom or policy of Bexar County which led to Plaintiff Schott's alleged Fourth Amendment violation. Defendant Bexar County objects to the Magistrate Judge's report that Sheriff Javier Salazar as the policymaker had knowledge of an unconstitutional custom or policy as alleged.

Defendant **BEXAR COUNTY** asserts that Plaintiff Schott's Achillies' heel with regard to *Monell* liability is that his complaint was the only complaint against the Criminal Interdiction Unit. There are only three ways to establish liability under Section 1983 as follows:

- "First a plaintiff can show a written statement or ordinance regulation.

- Second, a plaintiff can show a widespread practice that is so common and well settled as to constitute a custom that fairly represents municipal policy.

- Third, even a single decision may constitute municipal policy in **rare circumstances** when the official or entity possessing final policymaking authority for an action performs the specific act that forms the basis of the Section 1983 claim. *Webb v. Town of St. Joseph*, 925 F.3d 209, 214 (5th Cir. 2019).

The case at bar concerns the second prong wherein Plaintiff is attempting to show a wide spread practice that is so common and well settled as to constitute a custom that fairly represents

municipal policy. However, the prior acts cannot simply be for "any and all bad acts or unwise acts" but must rather point to the specific violation at issue. ***Estate of Davis Ex. Rel. McCully v. City of North Richland Hills***, 406 F.3d 375, 383 (5th Cir. 2005).

To establish that such a custom is present through the actions of municipal employees, those actions must have occurred for **so long or so frequently** that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is expected, accepted practice of city employees. ***Webster v. City of Houston***, 735 F.2d 838, 842 (5th Cir. 1984)(***en banc***). A customary policy consists of actions that have occurred for **so long, and with such frequency**, that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct. ***Zarnow v. City of Wichita Falls***, 614 F.3d 161, 169 (5th Cir. 2010).

Plaintiff Schott cannot impugn the impeccable reputation and credibility of Sheriff Salazar as the Chief Law Enforcement Officer for Bexar County Texas. Sheriff Salazar's testimony established the following facts:

- Sheriff Salazar conducts weekly command staff meetings with his Chief Deputy, Deputy Chiefs and Assistant Chiefs. (*See, Exhibit A – Deposition of Sheriff Salazar, p. 66*);

- Sheriff Salazar testified that the Bexar County Criminal Interdiction Unit which lasted from Early 2022 through May of 2024 was an experimental unit which was tried and then disbanded. (*See, Exhibit A – Deposition of Sheriff Salazar, pp. 70-72; 102, 107*);

- The Bexar County Interdiction Unit was disbanded and the Deputies disbursed to other units due to violent high speed pursuits of smugglers transporting illegal aliens into the country. (*See, Exhibit A – Deposition of Sheriff Salazar, p. 118*);

- The Bexar County Sheriff's Criminal Interdiction Unit was disbanded in May of 2024. (*See, Exhibit A – Deposition of Sheriff Salazar, p. 136*);

- Sheriff Salazar terminated Deputy Babb for lying concerning the use of his dash camera on his patrol car but not for the stop in question. (*See, Exhibit A – Deposition of Sheriff Salazar, pp. 229-230*).

Defendant **BEXAR COUNTY** would show unto the Court that **this very Court** examined the issue of what is "sufficiently numerous" to establish a pattern under *Monell*. In *Elkhaliny v. Bexar County, Texas*, 2022 WL 2840457 (W.D. San Antonio Div. June 22, 2022), this Court examined three years of summary data finding only six instances that could be deemed similar to the specific violation in question. This Court held that the six instances were not sufficiently numerous to establish a pattern of excessive force. *Id.* at *6. In the case at bar, there is one instance where a complaint was made against the Criminal Interdiction Unit and that was Plaintiff Schott. Plaintiff Schott's one complaint can hardly establish a sufficiently numerous pattern to establish *Monell* liability, as a matter of law.

Furthermore, Defendant **BEXAR COUNTY** asserts unto the Court that there is no evidence that Sheriff Salazar was aware of a custom or policy to use traffic stops as a tool to conduct searches and seizures, as alleged in Plaintiff's Complaint. Direct causation and deliberate indifference are "rigorous requirements" necessary to prevent municipal liability collapsing into Respondeat Superior. *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 415 (1997). As the Fifth Circuit reasoned in *Edwards v. City Balch Springs, Tx*:

> *"Deliberate indifference is a high standard that requires a complete disregard of the risk that a violation of a particular constitutional right would follow the decision. To show deliberate indifference, a plaintiff must normally allege a pattern of similar constitutional violations by untrained employees. A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question."*
> **Edwards v. City Balch Springs, Tx**, 70 F.4th 302, 312 (5th Cir. 2023)(cleaned up).

Defendant **BEXAR COUNTY** asserts that Sheriff Salazar not deliberately indifferent to the alleged constitutional deprivations of Plaintiff Schott and therefore, Plaintiff's *Monell* complaint fails to establish a custom or policy of Bexar County, as a matter of law. ***Board of County Commissioners of Bryan County, Oklahoma v. Brown****,* 520 U.S. 397, 415 (1997).

**WHEREFORE, PREMISES CONSIDERED** Defendant **BEXAR COUNTY** prays that their objections to the Magistrate's Report and Recommendation as to Plaintiff's claims under *Monell* be in all things sustained, and that Defendant Bexar County's Motion for Summary Judgment be in all things granted.

        Respectfully submitted,

        LAW OFFICES OF CHARLES S. FRIGERIO, PC
        Riverview Towers
        111 Soledad, Suite 465
        San Antonio, Texas  78205
        (210) 271-7877
        (210) 271-0602 Telefax
        Email: csf@frigeriolawfirm.com
              Firm@frigeriolawfirm.com

        BY: //s// Charles S. Frigerio
            CHARLES S. FRIGERIO
            SBN:  07477500
            *Lead Counsel in Charge*

            HECTOR X. SAENZ
            SBN:  17514850
            Email: hxs@frigeriolawfirm.com

            CHARLES A. FRIGERIO
            SBN: 24140090
            NMBN: 161626
            Email: Charlie@Frigeriolawfirm.com
            ATTORNEYS FOR BEXAR COUNTY, TEXAS,

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of March, 2025, I electronically filed the foregoing Defendant **Bexar County**'s Objection to the Magistrate Judge's Report and Recommendation via CM/ECF which will electronically serve notice to the following:

Christen Mason Hebert  
INSTITUTE FOR JUSTICE  
816 Congress Ave., Suite 960  
Austin, TX 78701        Email: chebert@ij.org

Joshua Windham        Email: jwindham@ij.org  
Will Aronin        Email: waronin@ij.org  
INSTITUTE FOR JUSTICE  
901 N. Glebe Rd., Suite 900  
Arlington, VA 22203  
*Attorneys for Plaintiff*

        /s/ Charles S. Frigerio  
        CHARLES S. FRIGERIO