**FILED**

March 31, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

ALEK SCHOTT,                          §
                                      §
    **Plaintiff,**                  §
                                      §
v.                                    §          **NO. SA-23-CV-00706-OLG**
                                      §
BEXAR COUNTY, TEXAS,                  §
                                      §
    **Defendant.**                  §

**ORDER ON REPORT AND RECOMMENDATION**
**AND DEFENDANT'S 72(a) OBJECTIONS**

The Court has considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation—filed February 26, 2026 (Dkt. No. 135), concerning Defendant's Motion for Summary Judgment (*see* Dkt. No. 117) and Plaintiff's partial Motion for Summary Judgment on Liability (*see* Dkt. No. 119)—to which both sides have objected. Also before the Court are Defendant's objections to the Magistrate Judge's Order granting Plaintiff's motions to strike and limit certain expert testimony, filed August 28, 2025 (Dkt. No. 130 (objecting to Dkt. No. 129). After careful consideration, the Court enters the following Order, first addressing Defendant's objections to the non-dispositive ruling, *see* FED. R. CIV. P. 72(a), and then addressing the parties' objections to the recommended dispositive rulings, *see* FED. R. CIV. P. 72(b).

**I.    Order Striking Expert Testimony**

A district judge "may designate a magistrate judge to hear and determine any [non-dispositive] pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A) (listing excluded, dispositive matters). Rule 72(a) provides that, after timely objection to a magistrate judge's non-dispositive order, the district judge must modify or set aside any part of the non-dispositive order that is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Defendant objects to the Order striking in its entirety the testimony of former police officer Kevin Sheldahl and limiting the testimony of retired sheriff's deputy Gary Haston. (Dkt. No. 130 at 2–3.) Upon review of the objections, Plaintiff's response (Dkt. No. 131), the transcripts of the proceedings held on March 5, 2025 (Dkt. No. 115) before the Magistrate Judge, and the applicable law, the Court finds that Judge Farrer correctly applied the law to the facts. Accordingly, Defendant's objections (Dkt. No. 130) are **OVERRULED**, and Judge Farrer's Order, filed August 14, 2025 (Dkt. No. 129), is **AFFIRMED** without modification.

## II.    Report and Recommendation

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within 14 days. FED. R. CIV. P. 72(b)(2). The parties, through counsel, were electronically served with a copy of the R&R on February 27, 2026, and both timely filed their objections prior to March 13, 2026. (*See* Dkt. No. 136; Dkt. No. 137.)

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Plaintiff raises two objections. First, he contends that the portion of the R&R addressing his second constitutional violation fails to apply the proper timing-based analysis governing traffic-stop extensions and incorrectly credits Defendant's version of the facts related to the extension of the stop at issue here. (Dkt. No. 137 at 7–14.) Second, he asks that the portion of the R&R analyzing his first constitutional violation be modified so as to properly frame the initial stop inquiry and reject any reliance on excluded testimony. (*Id.* at 14–15.) The Court addresses each in turn.

Plaintiff's first objection as to the R&R's resolution of his second constitutional violation— i.e., Babb's allegedly unlawful extension of the stop—is well-taken. The Magistrate Judge correctly determined that there is a genuine dispute of material fact as to Plaintiff's first and third constitutional violations—i.e., Babb's allegedly unlawful initiation of the stop and the officers' use of an allegedly "rigged" K9. But the Court agrees with Plaintiff that dismissal of the second "step" in a sequence of alleged constitutional violations presents analytical and practical issues. (*See* Dkt. No. 137 at 5, 7, 10.) First, the R&R evaluates the entire encounter between Plaintiff and Babb leading up to the K9 deployment as a single event instead of as a sequence (*see* Dkt. No. 135 at 18–20) to determine whether the "tasks tied to the traffic infraction [were]—or reasonably should have been—completed" and, thus, whether Babb prolonged the stop beyond its mission—i.e., "to address the traffic violation that [allegedly] warranted the stop," *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). Second, an officer may not undertake "unrelated inquiries" that prolong a traffic stop "absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* at 355. And the Court agrees with Plaintiff that the substantial conflicting evidence and credibility issues present a genuine issue of material fact as to whether Babb had reasonable suspicion to prolong the stop. Thus, because a reasonable jury could find that Babb lacked

reasonable suspicion to continue detaining Plaintiff in his squad car, Plaintiff's objection to the Magistrate Judge's finding that, as a matter of law, there was no independent constitutional violation in connection with the stop's extension is **SUSTAINED**.[1]

Plaintiff's second objection—to the extent he asserts that the Magistrate Judge mis-framed the inquiry into probable cause for the initial stop (Dkt. No. 137 at 14)—misstates the R&R, which expressly concluded that the determination of this issue came down to credibility (*see* Dkt. No. 135 at 15) and is therefore **OVERRULED**. To the extent Plaintiff asserts that the R&R relied on previously excluded testimony (Dkt. No. 137 at 15), his objection is **SUSTAINED** insofar as the Court will likewise recommit this issue to the Magistrate Judge for a determination as to whether the R&R's reliance on the portion of Haston's report quoted therein is consistent with the prior ruling that "Haston is not permitted to merely narrate Schott's dashcam video during, and he is limited to testifying as to matters relating to the video that are otherwise permissible and where he would be better suited than a layperson to do so." (Dkt. No. 129 at 20.)

Next, Defendant's three objections challenge the portions of the R&R in which the Magistrate Judge found that genuine issues material fact exist as to (1) the first and third constitutional violations alleged by Plaintiff; and (2) whether there was an official custom or policy (3) of which Sheriff Salazar had actual or constructive knowledge. (Dkt. No. 136 at 3, 6.) After carefully reviewing the objected-to portions of the R&R, the Court agrees with the Magistrate Judge's finding that substantial conflicting evidence presents genuine issues of material fact on these matters. Accordingly, Defendant's objections are **OVERRULED**.

---

[1] Because the Magistrate Judge concluded that there was no predicate constitutional violation, the R&R did not address the remaining elements of Plaintiff's *Monell* claim predicated on that violation—i.e., whether there was an official policy or custom that was the moving force behind his violation and of which Sheriff Salazar had actual or constructive knowledge. (Dkt. No. 135 at 26–27.) The Court will therefore recommit this matter to the Magistrate Judge to determine whether Plaintiff has presented a genuine issue of material fact as to the remaining elements of that *Monell* claim.

The Court has reviewed the remainder of the R&R for clear errors and finds none. Accordingly, the R&R (Dkt. No. 135) is **ADOPTED IN PART** to the extent that, for the reasons set forth therein, Plaintiff's Motion for Summary Judgment on Liability (Dkt. No. 119) is **DENIED**.

Defendant's Motion for Summary Judgment (Dkt. No. 117) is **RECOMMITTED** to the Magistrate Judge to determine: (1) whether Plaintiff has presented a genuine issue of material fact on the remaining elements of his *Monell* claim—i.e., whether Plaintiff has presented triable issues on the existence of an official custom or policy of unlawfully extending stops and the policymaker's knowledge; and (2) whether the R&R's reliance on portions of Haston's report is consistent with the Order striking Haston's testimony in part (Dkt. No. 129).

Finally, the Court finds that this case should be and hereby is **STAYED** pending the Court's resolution of Defendant's Motion for Summary Judgment.

It is so **ORDERED**.

**SIGNED** on March _____31_____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge