**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALEK SCHOTT, *Plaintiff,* v. BEXAR COUNTY, TEXAS, *Defendant.* | § § § § § § § § § § | Civil Action No.: 5:23-cv-706-OLG-RBF |

**DEFENDANT BEXAR COUNTY'S**
**OBJECTIONS TO THE MAGISTRATE'S AMENDED REPORT AND RECOMMENDATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO GARCIA:

NOW COMES **BEXAR COUNTY**, Defendant in the above entitled and numbered cause, and pursuant to 28 U.S.C. § 636(b)(1)(B), files this its Objections to the United States Magistrate's Amended Report and Recommendation [Dkt. 141] heretofore filed in response to Defendant Bexar County's Motion for Summary Judgment [Dkt. 117], Supplement to Defendant's Motion for Summary Judgment [Dkt. 118] and Defendant's Reply in Support of Its Motion for Summary Judgment [Dkt. 127] and in support thereof would respectfully show unto the Court the following:

## I.
## OBJECTION

Defendant **BEXAR COUNTY** objects to the Magistrate's Amended Report and Recommendation denying Defendant's Motion for Summary Judgment concerning an official policy or custom that was moving force behind Plaintiff's alleged violation and of which Sheriff Salazar had actual or constructive knowledge. Most of the discussion in this case centers around the experimental unit known as the Criminal Interdiction Unit. Criminal interdiction is not a nefarious term to be equated with illegal activity. Rather, Criminal Interdiction is a known strategy

for law enforcement which seminars are given on a continuing law enforcement educational basis. Sheriff Salazar testified that the Bexar County Criminal Interdiction Unit was in existence from early 2022 through May of 2024 as an experimental unit which was disbanded due to high speed pursuits of smugglers transporting illegal aliens into the country. (See, Exhibit A – Deposition of Sheriff Salazar, pp. 118; 136). The Criminal Interdiction Unit consisted of a Sergeant (Supervisor) and two deputies (Babb and Gereb). The Bexar County Sheriff's Department consists of 600 Commissioned Officers of which Plaintiff attempts to prove that 3 officers out of the 600 commissioned officers were able to establish a custom and practice that was so widespread as to constitute the policy and practice of Sheriff Salazar. Plaintiff Schott's Achilles heel is that the only compliant ever made against the Criminal Interdiction Unit was the one Plaintiff Schott made. No other complaint by a civilian was ever made against the Criminal Interdiction Unit. Defendant **BEXAR COUNTY** further asserts that there is no evidence that its policymaker, Sheriff Salazar, had actual or constructive knowledge of any allegation of an unconstitutional custom and policy that was the moving force behind Plaintiff's alleged constitutional deprivation, i.e., using traffic stops as a pretext to conducting searches. The reason that ***Monell*** liability is rarely found against a governmental entity is the high hurdles that a plaintiff must cross in order to establish municipal liability. One of the leading cases that came out of the Fifth Circuit was ***Board of County Commissioners of Bryan County, Oklahoma v. Brown**,* 520 U.S. 397 (1997). In ***Bryan County***, the Court addressed the issue of whether or not a county could be held liable for a Sheriff's decision in hiring a deputy who allegedly committed excessive force. Plaintiff prevailed following a jury trial and the Fifth Circuit affirmed. The United States Supreme Court in reversing the judgment held that the plaintiff had not established municipal liability under 42 U.S.C. § 1983 and reasoned as follows:

> *"As our Section 1983 municipal liability jurisprudence illustrates, however, it is not enough for a Section 1983 plaintiff merely to identify conduct properly attributable to the municipality. Plaintiffs must also demonstrate that through its deliberate conduct, a municipality was the moving force behind the injury alleged, that is, a plaintiff must show that the municipal action was taken with requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." **Id.*** at 404.

The test under ***Bryan County*** is whether the plaintiff's injuries are the plainly obvious consequence of the governmental entities decision under consideration. In the case at bar, Plaintiff Schott has failed to identify a custom or policy adopted by Sheriff Salazar that was the moving force behind the constitutional deprivation at issue. ***Board of County Com'rs of Bryan County v. Brown***, 520 U.S. 397, 404 (1997).

The case of ***Haywood v. City of El Paso***, 761 F.Supp.3d 975 (W.D. Tex. 2025), is instructive to the case at bar. In ***Haywood***, the arrestee brought a Section 1983 cause of action against the police officers and the City of El Paso alleging excessive force. United States District Judge Kathleen Cardona granted in part and denied in part the officers' motion for summary judgment based on qualified immunity. However, as to the City of El Paso, the Court granted the motion for summary judgment. Plaintiff Haywood had alleged that the City of El Paso had an unconstitutional policy or custom regarding its hiring, training, supervision, investigation and discipline of its officers.

The Court reasoned that a custom is established by showing a pattern of similar conduct that has occurred for **so long** and with **such frequency** that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct. Such a pattern requires similarity and specificity – past incidents must be described with specificity and sufficiently similar to the constitutional conduct complained of by the plaintiff. ***Id***. at 998. Plaintiff Haywood

had asserted that the City of El Paso maintained a policy that ratified excessive uses of force. However, the Court held that at summary judgment plaintiff must **do more than merely allege** the existence of municipal policies or custom for which the city may be liable. Plaintiff has the burden to produce evidence in the record such as depositions, documents, electronically stored information, affidavits or declarations that establish a genuine dispute of material facts as to whether the city has a custom or policy that was the moving force behind the officers use of excessive force. ***Id.*** at 998. The Court held that in federal court, it is black letter law that a plaintiff must provide more than "allegations" and "unsubstantiated assertions" to defeat summary judgment on a claim under ***Monell***. The Court held that plaintiff Haywood had failed to defeat the City of El Paso's summary judgment since he only relied on unsubstantiated assertions about the existence of an official policy or custom. ***Id.*** at 999.

To establish that such a custom is present through the actions of municipal employees, those actions must have occurred for **so long** or **so frequently** that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is expected, accepted practice of city employees. ***Webster v. City of Houston***, 735 F.2d 838, 842 (5th Cir. 1984)(***en banc***).

Defendant **BEXAR COUNTY** asserts that "direct causation" and "deliberate indifference" are rigorous requirements necessary to prevent municipal liability collapsing into Respondeat Superior liability. ***Board of Comm'rs of Bryan Cty. v. Brown***, 520 U.S. 397, 415 (1997). This is exactly what the Magistrate's Report and Recommendation does in collapsing his analysis into Respondeat Superior liability.

Defendant Bexar County Sheriff Salazar has had a stellar carrier in law enforcement both with the City of San Antonio Police Department and now as Sheriff of Bexar County. Plaintiff's

inferences that Sheriff Salazar was a prior drug interdiction officer during his career with the San Antonio Police Department wherein he worked with HIDA, does not establish custom and policy by any standard. (*See, Exhibit A – Deposition of Sheriff Salazar, p. 30*). Sheriff Salazar was not the policymaker of Bexar County at the time he was employed with San Antonio Police Department nor was he a policymaker with the City of San Antonio Police Department at the time he worked with HIDA in the interdiction unit while an officer with the San Antonio Police Department.

During the short tenure of the Criminal Interdiction Unit with the Bexar County Sheriff's Department, **only one complaint** was ever made (by Plaintiff Schott) and that complaint was against an officer, namely, Deputy Babb. This fact, in and of itself shows that there was no actual or constructive knowledge by Sheriff Salazar of any illegal pretext stops as alleged by Plaintiff Schott. Plaintiff Schott's one complaint cannot make out a custom and practice of the Bexar County Sheriff's Department that was the moving force behind Plaintiff's alleged injury. Plaintiff Schott has failed to establish with a requisite degree of culpability that Sheriff Salazar acted deliberately and caused a direct link between the municipal action and the alleged deprivation of rights. ***Board of County Commissioners of Bryan County, Oklahoma v. Brown**,* 520 U.S. 397, 404 (1997).

**WHEREFORE, PREMISES CONSIDERED** Defendant **BEXAR COUNTY** prays that its objections to the Magistrate's Amended Report and Recommendation be in all things sustained, and that Defendant Bexar County's Motion for Summary Judgment be in all things granted.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO, PC
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csf@frigeriolawfirm.com
Firm@frigeriolawfirm.com

BY: //s// Charles S. Frigerio
CHARLES S. FRIGERIO
SBN: 07477500
*Lead Counsel in Charge*

HECTOR X. SAENZ
SBN: 17514850
Email: hxs@frigeriolawfirm.com

CHARLES A. FRIGERIO
SBN: 24140090
NMBN: 161626
Email: Charlie@Frigeriolawfirm.com
ATTORNEYS FOR BEXAR COUNTY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May, 2025, I electronically filed the foregoing Defendant Bexar County's Objection to the Magistrate Judge's Report and Recommendation via CM/ECF which will electronically serve notice to the following:

Christen Mason Hebert
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701 — Email: chebert@ij.org

Joshua Windham — Email: jwindham@ij.org
Will Aronin — Email: waronin@ij.org
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
*Attorneys for Plaintiff*

/s/ Charles S. Frigerio
CHARLES S. FRIGERIO