**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ALEK SCHOTT,<br><br>*Plaintiff*,<br><br>v.<br><br>BEXAR COUNTY, TEXAS,<br><br>*Defendant*. | Civil Action No. 5:23-cv-00706-OLG-RBF |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S AMENDED REPORT AND RECOMMENDATION**

The Court should adopt the Magistrate Judge's Amended Report and Recommendation (Amended R&R) that the County's summary-judgment motion be denied in its entirety. The Court previously asked Judge Farrer to reevaluate "the following two issues: (1) whether Schott has presented a genuine issue of material fact on the existence of an official custom or policy of unlawfully extending traffic stops, and (2) whether the prior Report and Recommendation's reliance on expert Gary Haston is consistent with a prior order regarding his testimony." ECF 141 at 1–2. Judge Farrer examined both issues and correctly determined that Bexar County was not entitled to summary judgment on any issue.

Beginning in reverse order, Judge Farrer ruled that the Haston testimony "is essentially irrelevant for present purposes," and, "[w]ith any discussion of Haston excised, the remainder of the prior Report and Recommendation's analysis independently supports the Court's conclusion that Bexar County is not entitled to summary judgment" on the constitutionality of the initial traffic stop. *Id.* at 2. No party objected to Judge Farrer's exclusion of the Haston testimony or his recommendation that the County is not entitled to summary judgment on the initial stop. The Court should adopt that recommendation because there is no clear error on this point. Indeed, this Court

already concluded that "the Magistrate Judge correctly determined that there is a genuine dispute of material fact as to Plaintiff's first . . . constitutional violation[]—i.e., Babb's allegedly unlawful initiation of the traffic stop." ECF 139 at 3.

The remainder of this response focuses entirely on the other issue that this Court asked Judge Farrer to reevaluate: the *Monell* elements of Alek's stop-extension claim. The Court should adopt the recommendation that the County be denied summary judgment on this issue too. Judge Farrer found that there is at least a fact dispute about whether the County had an official policy of extending traffic stops and whether the policymaker had knowledge of that policy. The County objected, but the County's objection suffers from two defects. First, it is not a specific objection to Judge Farrer's Amended R&R. Instead, the County just rehashes its general insistence that no unconstitutional policy or custom exists anywhere in this case, even though this Court has already ruled otherwise. Tellingly, the objection ends by asking for relief that isn't even on the table: "that Defendant Bexar County's Motion for Summary Judgment be in all things granted." ECF 142 at 5. That is not a proper objection given that this Court already determined that portions of the County's summary-judgment motion should be denied, and it should be summarily overruled. Second, the County is wrong on the merits. The record contains direct evidence—bodycam footage of 30 traffic stops, deposition testimony, and the Sheriff's own admission that he "kind of knew basically what they [interdiction] do, what they did"—from which a jury could find both a custom of unlawfully extending stops and policymaker knowledge of that custom. Alek respectfully asks the Court to overrule the County's objection, adopt the Amended R&R, and set this case for trial.

## Argument[1]

**I. The County's objection should be summarily overruled for failing to identify any specific problem with the Amended R&R.**

As noted, this Court asked Judge Farrer to reexamine a specific issue: "whether Schott has presented a genuine issue of material fact on the existence of an official custom or policy of unlawfully extending traffic stops." ECF 141 at 1–2. Judge Farrer in turn analyzed the summary judgment evidence about a policy or custom of extending traffic stops and policymaker knowledge, ultimately and correctly recommending trial on these issues. *Id.* at 3–9.

The County's objection, however, does not identify any defect in the Amended R&R's analysis about the stop extension. The Objection does not contain a pincite to any page of the Amended R&R, quote any line, or address any point of Judge Farrer's analysis. Remarkably, the objection never mentions the stop extension at all. Instead, the County just rails against the idea that any unconstitutional policy exists for any purpose or that Sheriff Salazar knew anything about it. And the County unleashes this broadside argument even though the policy and policymaker knowledge questions have already been reserved for trial for the initial stop and search phases. Worse yet, the County has simply reasserted arguments from its earlier R&R objection that this Court already rejected. *Compare, e.g.*, ECF 136 at 2, *with* ECF 142 at 2.

This Court should summarily overrule the County's objection as an improper waste of judicial and party resources. Less than two months ago, this Court explained that "[o]bjections must be specific; frivolous, conclusory, or general objections need not be considered by the district court." ECF 139 at 2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Here, the County's objection starkly violates this standard in repeating rejected arguments,

[1] All exhibit cites in this document are to exhibits filed in support of Alek's summary-judgment motion.

ignoring the text and analysis of the Amended R&R, making general objections, and ending with a plea for relief—that its "Motion for Summary Judgment be in all things granted," ECF 142 at 5—which isn't even on the table. This Court need not go further to overrule the objection.

## II. The Amended R&R correctly recommends denying summary judgment on the *Monell* elements of the stop-extension claim.

The Court should affirm the Amended R&R's recommendation that there are triable issues on the *Monell* elements of official policy and custom and policymaker knowledge for the stop-extension claim. Because the County's objection isn't proper for the reasons explained above, the Court could affirm under the "clear error" standard, ECF 139 at 2, but the conclusion is the same even if *de novo* review applies. Judge Farrer correctly recounted the many points of evidence in favor of an official policy or custom, and he quotes Sheriff Salazar's own deposition testimony admitting that he knew what was going on. A brief discussion of why Judge Farrer is right on each *Monell* element follows.

### A. A jury could find that the County had a custom of extending stops without cause.

Judge Farrer correctly recommends denying the County summary judgment on the existence of an official custom of unlawfully extending stops. The Amended R&R identifies some of Alek's evidence in favor of a policy or custom: "deposition excerpts from Bexar County Sheriff's Office" and "30 bodycam videos depicting traffic stops conducted by the Criminal Interdiction Unit." ECF 141 at 3. "This is evidence from which a jury could find a policy or custom of prolonging stops." *Id.* at 4. Magistrate Judge Farrer also walked through the County's "competing interpretation" of Alek's evidence, namely that the other stops aren't similar to Alek's and most involved consent to search. *Id.* The Amended R&R observes that the County's view "begs the question" of whether Alek's "stop fits a pattern in which stops were *improperly prolonged* until officers could find a way to initiate a search." *Id.* (emphasis in original). "A jury

might find that the stops were sufficiently similar to" Alek's or that "consent in some or all of the 28 stops [involving consent] was ineffective or obtained too late." *Id.* That recommendation rests on a solid foundation of evidence from which a jury could conclude that the County's criminal interdiction unit had a standard practice: automatically prolong traffic stops—without the prerequisite individualized suspicion—to pressure drivers into consenting to a search or to provoke behavior that could justify calling a K9. *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004) (observing that a plaintiff can "combine[] . . . evidence" to prove custom).

Magistrate Judge Farrer likewise rejected the County's legal argument that Alek didn't meet the threshold "number of similar incidents needed to show a pattern or practice under *Monell*." ECF 141 at 5. First, the Amended R&R rightly notes that a pattern of similar incidents is only *one* way to prove that a tactic is pervasive, but it is not the only way. *Id.* at 6 (citing *Moore v. LaSalle Mgmt. Co.*, 41 F.4th 493, 509 (5th Cir. 2022). Second, the Amended R&R correctly distinguished the County's cases—*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009), and *Pineda v. Houston*, 291 F.3d 325 (5th Cir. 2002)—on their facts. "In *Pineda*, for example, plaintiffs offered 13 prior incidents of warrantless entry from a sample of 5,000 offense reports 'in one of the Nation's largest cities and police forces.'" ECF 141 at 5 (quoting *Pineda*, 291 F.3d at 329). "And *Peterson* involved generic allegations of excessive force spanning a three-year period for the police force of another large metropolitan area." *Id.* at 6. Alek's 30 incidents, by contrast, "focus[] on a single interdiction unit and its actions within a more discrete time span." *Id.* Magistrate Judge Farrer is correct that *Monell* liability involves more than simply counting the number of incidents and hitting a magic number.

**B. A jury could find that the Sheriff knew about the stop-extension custom.**

Judge Farrer also rightly recommends denying summary judgment on policymaker knowledge about the custom of extending stops. The record contains more than enough evidence

from which a jury could conclude that Sheriff Salazar, the undisputed policymaker, had knowledge of the interdiction unit's stop-extension practice.

Sheriff Salazar himself testified that he "kind of knew basically what they do, what they did." Ex. 1 (Salazar Dep.) 116:2–7. That's the Sheriff's own words that he had knowledge. It requires no inference or extrapolation. Babb's testimony adds to the picture: Babb testified that "Sheriff Salazar is in full understanding of what I do, how I do it." Ex. 3 (Babb Dep.) 271:2–22. And Sheriff Salazar did not oversee the unit from a distance: he created it, set its mandate, and discussed its tactics with Sergeant Gamboa (the unit's leader) and Babb. Pl.'s Resp. to Def.'s MSJ (ECF 125) at 15 (citing testimony). A jury could find, on that evidence alone, that Sheriff Salazar knew the interdiction unit was unlawfully prolonging traffic stops.

The County's entire objection on this element is a single, bare assertion: there is "no evidence" Sheriff Salazar had actual or constructive knowledge. ECF 142 at 2. That assertion is unaccompanied by any citation to the record and ignores the testimony the Amended R&R identifies. It ultimately asks this Court to take Sheriff Salazar at his word because he "has had a stellar carrier [*sic*] in law enforcement[.]" *Id.* at 4. But that kind of credibility determination is prohibited at the summary-judgment stage. *See Roe v. Cypress-Fairbank Indep. Sch. Dist.*, 53 F.4th 334, 345 (5th Cir. 2022) (Courts "may not presume that the jury will find [officials] credible."). Judge Farrer properly concluded that the County was not entitled to judgment as a matter of law on Sheriff Salazar's credibility alone.

**Conclusion**

Alek respectfully asks the Court to overrule the County's objections, adopt the Amended R&R, and set this case for trial.

Dated: May 26, 2026.

Respectfully submitted,

/s/ Christen M. Hebert
Christen M. Hebert (TX Bar No. 24099898)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org

Joshua A. Windham* (NC Bar No. 51071)
William R. Aronin* (NY Bar No. 4820031)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jwindham@ij.org
waronin@ij.org
*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that on March 26, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert