**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ALEK SCHOTT, | |
| *Plaintiff,* | |
| v. | Civil Action No. 5:23-cv-00706-OLG-RBF |
| BEXAR COUNTY, TEXAS, | |
| *Defendant.* | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE TRIAL**

Plaintiff Alek Schott opposes Defendant Bexar County's Motion to Continue Trial Setting (Dkt. No. 150) (the "Motion to Continue"), filed on August 10, 2026. The parties previously conferred and filed a joint motion seeking to set trial on "September 21, 2026, or thereafter" to accommodate the vacation of Defendant's counsel. (Dkt. No. 147, ¶¶ 2–4). This Court granted the parties' joint motion and set trial on the day everyone asked for. (Dkt. No. 149). Now, approximately 6 weeks after the Court scheduled trial and 6 weeks before jury selection, Defendant requests a continuance because it learned on August 7, 2026, that Sheriff Salazar plans to be at a conference for three days during the week of September 21, 2026. Mot. to Continue at 1.

Plaintiff would be prejudiced by the requested continuance. Plaintiff and his counsel have booked—and paid for—travel for the trial. They have arranged for witnesses, including experts, to be present and prepared. And they have expended significant time preparing for trial. It would be unfair to privilege the Sheriff's conference over the Court's, and the parties', schedules. Perhaps that is why Defendant acknowledges that "this Court's trial setting takes precedence." *Id*.

Plaintiff has also offered—and will continue to offer—to wait to call Sheriff Salazar until after he returns from the conference. In its motion, Defendant explains that the Sheriff's return

1

flight gets in "the night of September 24, 2026." *Id*. So Plaintiff agrees not to call the Sheriff as a witness until September 25 or afterwards. That allows Sheriff Salazar to attend his conference, without impacting the schedules of the Court, the parties, counsel, and the at least dozen witnesses who have known about this trial date for weeks.

## LEGAL STANDARD

The decision whether to deny a continuance is within the sound discretion of the trial court. *United States v. Rounds*, 749 F.3d 326, 336 (5th Cir. 2014). "[T]he judgment range [for such a decision] is exceedingly wide." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (citation omitted). A district court's denial of a continuance is reviewed "only for an abuse of that discretion resulting in serious prejudice." *United States v. Piper*, 912 F.3d 847, 858 (5th Cir. 2019) (citations omitted).

"Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling witnesses, lawyers, and jurors at the same place, at the same time, and this burden counsels against continuances except for compelling reasons." *United States v. Hayes*, 267 F. Supp. 3d 827, 832 (W.D. Tex. 2016) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).

"If, after reasonable notice that a case has been scheduled for trial on a date *counsel has announced he will be ready*, he is unable to proceed with a trial, the other parties are put to needless expense, the court is inconvenienced, and, worst of all, valuable trial days are irretrievably wasted." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1236–37 (5th Cir. 1984) (emphasis added). "Trial courts therefore have both the power and the duty to take measures to control their dockets and to ensure that counsel properly prepare cases scheduled for trial so that they can be tried and decided rather than continued and rescheduled." *Id.* at 1237.

2

## ANALYSIS

Every factor counsels denying Defendant's Motion to Continue.

1. First, Defendant has not only "announced [it] will be ready," *id.* at 1236, but the parties jointly *requested* the September 21, 2026 trial date based on their "availabil[ity] for jury selection and trial[.]" (Dkt. No. 147, ¶ 3). In fact, the September 21 trial date request was itself an accommodation to Defendant: Plaintiff agreed to push trial out to clear defense counsel's vacation. *Id.* ¶ 2; *see also* Dkt. No. 144 (defense counsel's "Notice of Vacation."). The Court graciously rescheduled trial on the parties' requested date, Dkt. No. 149, and Plaintiff has been preparing for trial ever since.

Having received that courtesy once, Defendant now asks to move the trial date again because it learned *on August 7* that "Sheriff Javier Salazar is scheduled to be at the Major County Sheriffs of America conference held in Milwaukee, Wisconsin during the week of September 21, 2026." Mot. to Continue at 1. Although a federal jury trial should always take priority over a conference, this is something that easily could, and should, have been addressed when the parties conferred about, and agreed upon, available trial dates.[1]

2. Second, Plaintiff would be severely prejudiced by the adjournment as it would undo weeks of work "assembling witnesses," coordinating travel, and preparing for trial. *Hayes*, 267 F. Supp. 3d at 832. Plaintiff has spent the last six weeks (and more) preparing for the September 21 trial. He and counsel have coordinated with fact and expert witnesses, booked—and paid for— travel, and have expended a significant amount of resources preparing for this very important constitutional case. Members of the trial team also have scheduling conflicts like other federal

---

[1] Although Defendant doesn't say when Sheriff Salazar first planned on attending the conference, he easily should have known about it in advance. Indeed, these conferences seem to be announced at least a year in advance, and we know that the 2027 Policy Conference is scheduled for February 4–6 and next year's Annual Conference is set for September 13–15, 2027 in New Orleans. *See* https://mcsheriffs.com/events.

trials and arguments (not to mention vacations and family commitments) in and after October that they scheduled around this case. Several members have also arranged for child-care for the trial. It would be prejudicial, and simply unfair, to privilege a conference over all that.

3. Finally, Sheriff Salazar's desire to attend a conference is far from a "compelling reason[]" that would justify a continuance, *id*., especially since Plaintiff already agreed to accommodate Sheriff Salazar's request within their trial presentation. Defendant tells us that "Sheriff Salazar's flight arrives back in San Antonio the night of September 24, 2026."[2] Mot. to Continue at 1. So, Plaintiff agrees not to call him as a witness until September 25, 2026, or after. This offer should accommodate this witness's desire to attend the conference without impacting all the other witnesses, attorneys, parties, and, of course, the Court.

### CONCLUSION

For the preceding reasons, Plaintiff requests that the Court deny the Motion to Continue.

Date: August 11, 2026                    Respectfully submitted,

/s/ Christen M. Hebert
**Christen M. Hebert** (TX Bar No. 24099898)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org

[Signature Block continues on following page]

---

[2] The conference actually ends on September 23, but Plaintiff is still willing to accommodate Sheriff Salazar's desire to stay another day. *See* https://mcsheriffs.com/events.

**Joshua A. Windham**\* (NC Bar No. 51071)
**William R. Aronin**\* (NY Bar No. 4820031)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jwindham@ij.org
waronin@ij.org
\*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that on August 11, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert