**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ALEK SCHOTT,<br><br>*Plaintiff*,<br><br>v.<br><br>BEXAR COUNTY, TEXAS,<br><br>*Defendant*. | Civil Action No. 5:23-cv-00706-OLG-RBF |

**PLAINTIFF'S UNOPPOSED MOTION FOR WITNESS TOM TRUSAL TO TESTIFY BY ZOOM**

Plaintiff Alek Schott respectfully asks the Court to grant this unopposed motion to permit Tom Trusal to testify at trial via Zoom.[1] During discovery, Judge Farrer granted Plaintiff's motion to compel discovery of potentially relevant communications on the cell phones of Bexar County Sheriff's Office law enforcement officers that had not been produced. ECF No. 59. Mr. Trusal, who lives in Pennsylvania, is the neutral forensic examiner Judge Farrer appointed—on the parties' joint selection—to examine the officers' cell phones and extract discoverable communications. Mr. Trusal is not affiliated with either party, has no stake in the outcome, and his testimony should take no more than an hour. Under the circumstances, there is good cause to allow him to testify via Zoom's video-teleconference platform.

Plaintiff recognizes that "[a]t trial, the witnesses' testimony must be taken in open court." Fed. R. Civ. P. 43(a). However, Rule 43(a) also provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by

[1] Defendant is unopposed to the motion to permit Mr. Trusal to testify via Zoom, but objects to Mr. Trusal testifying. When Plaintiff's counsel asked the grounds for that objection, Defendant's counsel declined to respond. Plaintiff expects Defendant to raise that objection separately if it intends to press the objection.

contemporaneous transmission from a different location." *Id.* This rule is "permissive and not mandatory," left to the discretion of the trial court. *Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021).

"Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. That is the situation here. Defendant does not object to the remote testimony. Mr. Trusal is a neutral who will testify only about what responsive communications he was able to recover from the cell phones but not testify about the meaning or significance of those communications. The jury will not need to make credibility determinations about Mr. Trusal himself that require him to be physically present in court.

In terms of safeguards, that requirement is satisfied here. Plaintiff will ensure that the familiar Zoom platform works before trial, and the parties can ask Mr. Trusal appropriate questions to ensure that he is alone and considering only exhibits admitted by the Court. Zoom's contemporaneous videoconferencing service will ensure that Mr. Trusal's testimony "may be tested by cross-examination." *See Shenzen Synergy*, 2021 WL 6072565, at *5 (finding appropriate safeguards in place). Mr. Trusal's testimony via Zoom will not compromise the integrity of the trial or the jury's ability to make factual determinations.

In light of that, the expense and inconvenience of bringing Mr. Trusal to San Antonio from Pennsylvania isn't justified. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Mr. Trusal will have to spend several days idle in San Antonio waiting to be called to testify, away from the equipment he uses to serve clients as a forensic data specialist. That is a needless professional loss to Mr. Trusal and his clients. Likewise,

there is no benefit to the jury or the trial process of having Plaintiff bear the expense of bringing Mr. Trusal to Texas for several days, when he could otherwise do his ordinary work in Pennsylvania for other clients while being ready at a moment's notice to testify via Zoom.

Plaintiff acknowledges that the Court has broad discretion and understands that in general a party cannot carry its burden "merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. But, given that this motion is unopposed and under the totality of the circumstances—that Mr. Trusal is a neutral, nonparty witness retained at court instruction, testifying only about the examination he performed and the records it produced, and substantially burdened by an in-person appearance—Plaintiff asks the Court to allow Mr. Trusal to testify via Zoom.

**Conclusion**

Plaintiff therefore respectfully requests that the Court grant leave to present the trial testimony of Tom Trusal by Zoom.

Date: August 31, 2026

Respectfully submitted,

/s/ Christen M. Hebert
**Christen M. Hebert** (TX Bar No. 24099898)
**Jeff Rowes** (TX Bar No. 24104956)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org; jrowes@ij.org

**Joshua A. Windham*** (NC Bar No. 51071)
**William R. Aronin*** (NY Bar No. 4820031)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jwindham@ij.org; waronin@ij.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert