**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALEK SCHOTT, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| BEXAR COUNTY, TEXAS, | § | Civil Action No.: 5:23-cv-706-OLG-RBF |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT BEXAR COUNTY'S OBJECTIONS TO PLAINTIFF'S MOTION IN LIMINE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO L. GARCIA:

NOW COMES **BEXAR COUNTY**, Defendant in the above styled and numbered cause, and files this its objections to Plaintiff's Motion in Limine as follows:

**I.**

A. **PLAINTIFF MOVES THE COURT TO EXCLUDE TESTIMONY AND ARGUMENT THAT PLAINTIFF WAS SPEEDING.**

Defendant Bexar County would show unto Court that it is the sole remaining defendant in this case. Plaintiff Schott placed his own dash camera video in evidence by forwarding the dash cam video to the Bexar County Sheriff's Internal Affairs Division to complain of Deputy Babb. This video evidences the fact that Plaintiff Schott crossed the fog line and was speeding based on his own speedometer reading in his vehicle. The video of Plaintiff Schott's dashcam video is in evidence and the fact of the speedometer ready is uncontradicted. Plaintiff Schott was in fact speeding at the time of the incident in question and therefore does not come before this Court with clean

hands. Therefore, Plaintiff's motion in limine regarding the speed of the Schott's vehicle should be in all things denied.

**II.**

B. **PLAINTIFF MOTION IN LIMINE MOVES TO EXCLUDE EVIDENCE THAT BEXAR COUNTY PAID $7,000 IN PROPERTY DAMAGE.**

Defendant Bexar County agrees to not mention payment of property damage.

**III.**

C. **BAR DEFENDANT FROM REFERRING TO DEPUTIES BABB AND MOLINA'S FORMER STATUS AS DEFENDANTS.**

Defendant Bexar County asserts that it is a fact that Deputy Babb and Deputy Molina were formerly individual capacity defendants in this case. Plaintiff mischaracterizes Defendant's argument that based on the Rule 41 Dismissal of Plaintiff's counsel of the individual defendants that Defendant Bexar County is arguing that no constitutional deprivation was committed. ***City of Los Angeles v. Heller***, 475 U.S. 796 (1986) stands for the proposition that if no constitutional deprivation was committed by the municipal employee that no ***Monell*** liability can attach. However, Defendant has not made the argument that since Babb and Molina were dismissed under Rule 41, that there is no ***Monell*** claim remaining. On the contrary, Defendant Bexar County asserted that the evidence shows that Deputies Babb and Molina did not violate the constitution by their actions on the date in question of March 16, 2022. Defendant Bexar County agrees to not assert that Plaintiff's Rule 41 Motion implies that Deputies Babb or Molina did not violate Plaintiff's Constitutional Rights.

**IV.**

D. **ENFORCE THE COURT'S ORDER LIMITING TESTIMONY OF DEFENDANT'S EXPERT ALBERT RODRIGUEZ AND GARY HASTON.**

Defendant Bexar County agrees to limit the testimony in accordance with the Daubert ruling by the Court. Defendant Bexar County reasserts its objection to Plaintiff's Expert Ricardo J. Palacios' speculation as to what Deputy Babb was able to see from his vantage point. Said testimony is blatant speculation and should be stricken. ***Asante-Chioke v. Dowdle***, 2026 WL 2478 (E.D. La. January 5, 2026); ***Roundtree v. City of San Antonio***, 2022 WL 906405 (W.D. Tex. March 28, 2022).

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csf@FrigerioLawFirm.com

BY: /s/ Charles S. Frigerio
CHARLES S. FRIGERIO
SBN: 07477500
**LEAD COUNSEL**

HECTOR X. SAENZ
SBN: 17514850

CHARLES A. FRIGERIO
SBN: 24140090
NMBN: 161626
ATTORNEYS FOR DEFENDANT
**BEXAR COUNTY TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2026, I electronically filed the foregoing Defendant Bexar County's Response to Plaintiff's Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Charles S. Frigerio
CHARLES S. FRIGERIO