**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ALEK SCHOTT,<br><br>*Plaintiff*,<br><br>v.<br><br>BEXAR COUNTY, TEXAS,<br><br>*Defendant*. | Civil Action No. 5:23-cv-00706-OLG-RBF |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S LATE OBJECTION**

Defendant failed to file objections to Plaintiff's Exhibits as Local Rule 16(g)(2) requires. The day before the Pre-Trial Conference—and only after the Court emailed Defendant directing it to comply—Defendant objected "to the use of any dashcam video, body worn camera video or text messaging of any deputy or Bexar County Employee subsequent to the date of March 16, 2022." Dkt. No. 171 at 1. Defendant identified no specific exhibit and cited no authority. Then, after the Pre-Trial Conference, the Court ordered the County to identify the exhibits it objects to by the end of today, Thursday, September 17, 2026. *See* Sept. 16, 2026 Court Order (the "Order") which is not yet on ECF. Excluding that evidence would be so prejudicial as to constitute reversible error and risk retrial. Defendant's objection must be overruled:

- **This is a *Monell* case.** Plaintiff must prove: (1) "an official policy (or custom); (2) that a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Moore v. LaSalle Mgmt. Co.*, 41 F.4th 493, 509 (5th Cir. 2022).

- **Post-stop evidence helps prove the first prong.** Evidence of police practices after the traffic stop on March 16, 2022 helps prove the first prong—existence of the policy. If the Court wants to know whether McDonald's served hamburgers on Wednesday, it's helpful to know that they sold hamburgers on Thursday and Friday, not just Monday and Tuesday.

- **Defendant's causation concern does not apply here.** Of course, a custom that began **only after** the March 16, 2022 traffic stop could not have caused the stop or any violation. But that isn't the situation here. Plaintiff is proving that a custom existed before, during, and after the stop. That is normal evidence for *Monell*'s first element.

- **Defendant cited no authority because the Fifth Circuit has held the opposite.** The Fifth Circuit has held that a plaintiff can prove a unit's customary way of operating by pointing to evidence about how officers operated "*throughout* [their] tenure" on the unit. *Moore v. LaSalle Mgmt. Co.*, 41 F.4th 493, 509–10 (5th Cir. 2022) (emphasis added). The Fifth Circuit has also held that a plaintiff can prove that a practice was customary with evidence that policymakers allowed it to continue, which "could tend to support an inference that there was a *preexisting* de facto policy." *Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004) (emphasis added). Thus, videos and text messages between officers that reveal how the criminal interdiction unit was operating—even after Plaintiff's stop—are squarely relevant to whether a policy or custom existed. Defendant cites no contrary authority, and the controlling authority supports Plaintiff.

**Bottom line:** Defendant seeks to exclude an unspecified number of videos and texts that reveal how the criminal interdiction unit was operating over time—despite previously arguing that Plaintiff cannot prove a *Monell* custom without evidence that the "actions . . . have occurred for **so long** or **so frequently**" that they were an "accepted practice." ECF No. 142 at 4 (emphasis in original). That is baseless. Defendant's late-filed motion badly misconstrues the first element of *Monell*, and granting it could require a retrial. Better that the jury hear all of the evidence now.

Date: September 17, 2026

Respectfully submitted,

/s/ Christen M. Hebert
**Christen M. Hebert** (TX Bar No. 24099898)
**Jeff Rowes** (TX Bar No. 24104956)
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 970
Austin, TX 78701
(512) 480-5936
chebert@ij.org
jrowes@ij.org

**Joshua A. Windham*** (NC Bar No. 51071)
**William R. Aronin*** (NY Bar No. 4820031)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
jwindham@ij.org
waronin@ij.org
*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that on September 17, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide electronic service upon all attorneys of record.

/s/ Christen Mason Hebert
Christen Mason Hebert