**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALEK SCHOTT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. SA-23-CV-00706-OLG** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| **Defendant.** | § | |

## ORDER ON MOTIONS IN LIMINE

Before the Court are (A) Plaintiff's Motions in Limine (Dkt. No. 164), to which Defendant has responded (Dkt. No. 170), and (B) Defendant's Motion in Limine (Dkt. No. 157), to which Plaintiff has responded (Dkt. No. 167). Upon review of the parties' briefing, the applicable law, and the arguments of counsel at the pretrial conference held on September 16, 2026, the Court finds that Plaintiff's Motions should be granted, and Defendant's Motion should be granted in part as set forth below.

### A. Plaintiff's Motions in Limine

***First***, Plaintiff seeks to exclude testimony or argument that Plaintiff was speeding as a post hoc justification for the traffic stop on March 16, 2022. (Dkt. No. 164 at 1–3.) Evidence of Plaintiff's driving speed at the time he was pulled over comes from Plaintiff's own dash camera footage, which he intends to use to show that Deputy Babb's stated justification for the stop—i.e., that Plaintiff drifted over the fog line—was not true and, thus, could not have been the source of reasonable suspicion for the stop. Plaintiff thus seeks to exclude any testimony related to his speed because it was not known by Babb at the time and, therefore, could not have been his justification for the traffic stop. Defendant opposes this request (*see* Dkt. No. 170 at 1–2), but the Court has already resolved this issue. (Dkt. No. 135 at 15; Dkt. No. 139.) Regardless of the source of such

evidence, Plaintiff's speed was not known to Deputy Babb when he initiated the stop and, thus, is irrelevant to the question of whether Babb had justification to do so. Defendant's vague "unclean hands" argument in response to the motion is unsupported and unavailing. (Dkt. No. 170 at 1–2.) Plaintiff's first motion in limine is **GRANTED**.

***Second***, Plaintiff seeks to exclude evidence that Defendant paid Plaintiff approximately $7,000 for property damage to Plaintiff's truck as irrelevant to his Fourth Amendment claims and inadmissible under Rule 408. (Dkt. No. 164 at 3–5.) Defendant does not oppose this request. (Dkt. No. 170 at 2.) Plaintiff's second motion in limine is therefore **GRANTED**.

***Third***, Plaintiff seeks to exclude testimony or references to Plaintiff's dismissal of his claims against Deputies Babb and Molina or to their former status as defendants in this case. (Dkt. No. 164 at 6–10.) In response, Defendant concedes that it may not make the improper assertion that Plaintiff's dismissal of the deputies implies that they did not violate his constitutional rights, but it argues that it should at least be able to mention that Babb and Molina were formerly defendants. (Dkt. No. 170 at 2.) Because Babb and Molina's status as former defendants is irrelevant to any issue at trial and could potentially confuse or improperly influence the jury, Plaintiff's third motion in limine is **GRANTED**.

***Fourth***, Plaintiff seeks to enforce the Court's Order limiting the testimony of Defendant's experts Albert Rodriguez and Gary D. Haston. (Dkt. No. 164 at 10.) Defendant agrees to limit its experts' testimony in accordance with that Order. (Dkt. No. 170 at 3.) Plaintiff's fourth motion in limine is therefore **GRANTED**. Defendant shall not elicit, offer, or allude to testimony foreclosed by the Court's prior order striking portions of Rodriguez and Haston's testimony. (*See* Dkt. No. 129 at 10, 25; Dkt. No. 139 at 1–2.)

Specifically, Rodriguez is excluded from testifying about any topic not featured in his report and may not offer opinions that amount to legal conclusions. Rodriguez's testimony is limited to opinions explaining what BCSO's written policies are, what state and/or law enforcement standards are, that Deputies Babb and Molina completed their TCOLE certified training, and explanation of TCOLE standards and requirements. (Dkt. No. 129 at 10.) Haston is excluded from offering opinions that are the equivalent of legal conclusions, narrating video evidence for the jury, offering unsubstantiated opinions based on video evidence, and opining on Deputy Babb's state of mind (his knowledge and beliefs) without sufficient basis in evidence to do so; and that Haston may discuss his kinesics training and apply it to Plaintiff's body language that was captured on camera. (Dkt. No. 129 at 25.) Defendant agrees to limit said testimony accordingly. (Dkt. No. 170 at 3.)

**B. Defendant's Motion in Limine**

***First***, Defendant seeks to exclude reference to the court-ordered forensic examination of the cellphone data of Bexar County Sheriff Deputies under Rules 402 and 403. (Dkt. No. 157 at 2.) Defendant argues that this evidence bears no relevance to Plaintiff's *Monell* claims because none of the deputies are defendants in this case. (*Id.*) The Court disagrees with Defendant's objection on that basis. However, at the pretrial conference, and in its summary written objections to Plaintiff's exhibits (*see* Dkt. No. 171 at 1), Defendant narrowed its objection, arguing that any post-incident communications are irrelevant to Plaintiff's *Monell* claims. Generally, post-incident evidence is irrelevant to a *Monell* inquiry. *See, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) ("[S]ubsequent conduct cannot establish a pattern of violations. . . ."); *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 810 (5th Cir. 2017) ("[O]ur cases require that the *prior acts* be fairly similar to what ultimately transpired." (emphasis added)); *Peterson v. City of Ft. Wor., Tex.*,

588 F.3d 838, 851 (5th Cir. 2009) (explaining that proving a pattern requires "sufficiently numerous *prior incidents* . . ." (emphasis added)); *Haywood v. City of El Paso, Tex.*, 761 F. Supp. 3d 975, 998 (W.D. Tex. 2025) (explaining that establishing a custom requires "*past incidents*" that are "sufficiently similar to the unconstitutional conduct complained of by the plaintiff" (emphasis added)); *K.B. v. Adams*, 480 F. Supp. 3d 746, 756 (S.D. Miss. 2020) ("Showing that a custom exists requires proving 'similarity and specificity' between the case at hand and the *prior events* identified." (quoting *Hicks-Fields*, 860 F.3d at 810) (emphasis added))). In one 40-year-old decision, *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161 (5th Cir. 1985), the Fifth Circuit created a narrow exception to this general rule—allowing plaintiffs "to admit evidence of the policymaker's reaction to the alleged constitutional deprivation," *Lewis v. E. Baton Rouge Par.*, No. CV 16-352-JWD-RLB, 2018 WL 3862044, at *4 (M.D. La. Aug. 13, 2018) (citing *Grandstaff*, 767 F.2d at 171–72). The *Grandstaff* exception "has not enjoyed wide application" in the Fifth Circuit. *Barkley v. Dillard Dep't Stores, Inc.*, 277 F. App'x 406, 413 (5th Cir. 2008). But even under that rule, "post-incident bad acts by anyone other than the policymaker are irrelevant." *Nagle v. Gusman*, No. CV 12-1910, 201 WL 9411375, at *1–2 (E.D. La. Mar. 8, 2016). Accordingly, Defendant's first motion in limine is **GRANTED IN PART**, such that Plaintiff must approach the bench for a ruling on the admissibility of any post-incident text message communications before presenting such evidence to the jury.

***Second***, Defendant seeks to exclude any mention or reference to the Institute for Justice or its mission under Rules 402 and 403. (Dkt. No. 157 at 2.) Plaintiff partially opposes this request on the basis that "brief mention of the Institute for Justice and pro bono representation may be necessary" to enable Plaintiff to explain his motivation for this lawsuit and requested damages

amount of $76. (Dkt. No. 167 at 7.) Because counsel's pro bono representation of Plaintiff is irrelevant to the issue of Plaintiff's damages, Defendant's second motion in limine is **GRANTED**.

***Third***, Defendant seeks to exclude any testimony or reference to Plaintiff's seeking healthcare from any healthcare provider who has not been designated as a witness. (Dkt. No. 157 at 2.) In response, Plaintiff agrees not to reference any healthcare provider or healthcare services. (Dkt. No. 167 at 8–9.) As such, Defendant's third motion in limine is **GRANTED**.

It is so **ORDERED**.

**SIGNED** on September 18, 2026.

ORLANDO L. GARCIA
United States District Judge