**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALEK SCHOTT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. SA-23-CV-00706-OLG** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| **Defendant.** | § | |

# ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S POST-INCIDENT VIDEO EXHIBITS

Before the Court are Defendant's objections to Plaintiff's exhibits containing dash and body camera videos occurring after March 16, 2022. (Dkt. No. 171; Dkt. No. 176) and Plaintiff's response in opposition (Dkt. No. 173). Upon review of the parties' briefing, the applicable law, and the arguments of counsel at the pretrial conference held on September 16, 2026, the Court finds that Defendant's objections to these post-incident video exhibits should be and hereby are **SUSTAINED** for the following reasons.

Generally, post-incident evidence is irrelevant to a *Monell* inquiry. *See, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) ("[S]ubsequent conduct cannot establish a pattern of violations. . . ."); *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 810 (5th Cir. 2017) ("[O]ur cases require that the *prior acts* be fairly similar to what ultimately transpired." (emphasis added)); *Peterson v. City of Ft. Wor., Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (explaining that proving a pattern requires "sufficiently numerous *prior incidents* . . ." (emphasis added)); *Haywood v. City of El Paso, Tex.*, 761 F. Supp. 3d 975, 998 (W.D. Tex. 2025) (explaining that establishing a custom requires "*past incidents*" that are "sufficiently similar to the unconstitutional conduct complained of by the plaintiff" (emphasis added)); *K.B. v. Adams*, 480 F. Supp. 3d 746, 756 (S.D. Miss. 2020) ("Showing that a custom exists requires proving 'similarity and specificity' between the case at

hand and the *prior events* identified." (quoting *Hicks-Fields*, 860 F.3d at 810) (emphasis added))). In one 40-year-old decision, *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161 (5th Cir. 1985), the Fifth Circuit created a narrow exception to this general rule—allowing plaintiffs "to admit evidence of the policymaker's reaction to the alleged constitutional deprivation," *Lewis v. E. Baton Rouge Par.*, No. CV 16-352-JWD-RLB, 2018 WL 3862044, at *4 (M.D. La. Aug. 13, 2018) (citing *Grandstaff*, 767 F.2d at 171–72). The *Grandstaff* exception "has not enjoyed wide application" in the Fifth Circuit. *Barkley v. Dillard Dep't Stores, Inc.*, 277 F. App'x 406, 413 (5th Cir. 2008). But even under that rule, "post-incident bad acts by anyone other than the policymaker are irrelevant." *Nagle v. Gusman*, No. CV 12-1910, 201 WL 9411375, at *1–2 (E.D. La. Mar. 8, 2016).

Accordingly, because post-incident bad acts by individual Bexar County Sheriff Deputies are irrelevant to the *Monell* claims at bar, it is **ORDERED** that: all Plaintiff's exhibits containing similar but post-incident conduct by Deputies Babb, Gereb, and Molina identified in Defendant's objections (*see* Dkt. No. 176) are **EXCLUDED**. The text message communications identified therein, however, are subject to the Court's Order on Motions in Limine.

It is so **ORDERED**.

**SIGNED** on September 18, 2026.

ORLANDO L. GARCIA
United States District Judge