**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALEK SCHOTT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. SA-23-CV-00706-OLG** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| **Defendant.** | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING ON POST-INCIDENT VIDEO EXHIBITS**

Before the Court is Plaintiff's Motion for Reconsideration (Dkt. No. 181) of the Court's ruling on Defendant's objection to Plaintiff's post-incident video exhibits (Dkt. No. 178). Defendant did not file a response. The Court heard arguments from counsel on September 21, 2026, and after careful consideration, enters the following Order.

The caselaw cited by Defendant confirms that there must be "sufficiently numerous prior incidents" to establish a custom, *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017), *as revised* (Mar. 31, 2017), but Defendant has provided no authority expressly prohibiting the admissibility of post-incident conduct for the purpose of further supporting the existence of a custom. Plaintiff cited a fractured Fifth Circuit opinion in which the panel, without citing any legal authority to support its holding, credited two post-incident events in reversing a grant of summary judgment, despite the absence of non-conclusory evidence of the numerous prior instances of similar misconduct required to support the existence of a pattern sufficient to demonstrate an official custom. *See Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 510 (5th Cir. 2022); *but see, e.g., id.* at 518 ("A pattern thus requires similarity, specificity, and sufficiently numerous prior incidents.") (Ho, J. dissenting); *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) ("[S]ubsequent conduct cannot establish a pattern of violations. . . ."); *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d

803, 810 (5th Cir. 2017) ("[O]ur cases require that the prior acts be fairly similar to what ultimately transpired."); *Peterson v. City of Ft. Wor., Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (explaining that proving a pattern requires "sufficiently numerous prior incidents . . ."); *Haywood v. City of El Paso, Tex.*, 761 F. Supp. 3d 975, 998 (W.D. Tex. 2025) (explaining that establishing a custom requires "past incidents" that are "sufficiently similar to the unconstitutional conduct complained of by the plaintiff"); *K.B. v. Adams*, 480 F. Supp. 3d 746, 756 (S.D. Miss. 2020) ("Showing that a custom exists requires proving 'similarity and specificity' between the case at hand and the prior events identified." (quoting *Hicks-Fields*, 860 F.3d at 810)).

Ultimately, given Plaintiff's citation to a binding authority considering post-incident evidence in the *Monell* context,[1] and Defendant's inability to cite binding authority expressly forbidding such consideration—even if sufficiently numerous *prior* incidents are still required for Plaintiff to meet his burden of proving a custom—Plaintiff's Motion for Reconsideration (Dkt. No. 181) is **GRANTED** as follows.

The Court vacates its prior Order (Dkt. No. 178) and will not categorically exclude all of Plaintiff's evidence of post-incident conduct by Deputies Babb, Gereb, and Molina identified in Defendant's objections (*see* Dkt. No. 176) on the basis of its post-incident character. However,

[1]On the Court's reading of *Moore*, it appears that the panel majority in that case may have violated the rule of orderliness by reversing a grant of summary judgment on a *Monell* claim based solely on one municipal employee's "vague and conclusory testimony" and "an admission by two guards to having pepper sprayed inmates . . . a year after [the plaintiff's] death." 41 F.4th at 518 (Ho, J. dissenting). The only evidence as to prior instances in *Moore* consisted of an employee's statement in an affidavit that the type of misconduct alleged had occurred "on many occasions" and "throughout her [three-year] tenure." *Id.* at 509–10 (majority). As such, the dissent characterized the majority's reasoning as "simply declar[ing], without citing a single case: '[t]his evidence suffices.'" *Id.* (citing *id.* at 510). Indeed, based on binding Fifth Circuit precedent that predated *Moore*, proving a custom requires evidence of "sufficiently numerous prior incidents" with the requisite "similarity" and "specificity" to the incident involving the plaintiff. *Id.* (citing *Davidson*, 848 F.3d at 396). Thus, regardless of whether post-incident conduct could be admissible in some circumstances, it is clear that such evidence does not "suffice." *Id.* Accordingly, while *Moore* may support Plaintiff's argument that post-incident evidence *could* be admissible, it has little persuasive value as a general matter.

because Plaintiff must still be able to prove that a custom already existed prior to Plaintiff's injury—and therefore was capable both of being known to the policymaker prior to Plaintiff's injury and of causing Plaintiff's injury—any post-incident evidence could have only marginal probative value. As such, Plaintiff is limited to introducing otherwise-admissible post-incident evidence through April of 2022, at the latest. Defendant may still raise objections, as necessary, as to whether any proposed post-incident event is sufficiently similar to Plaintiff's alleged injuries to support the finding of a pattern.

It is so **ORDERED**.

**SIGNED** on September 22, 2026.

ORLANDO L. GARCIA
United States District Judge