**FILED**
September 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALEK SCHOTT,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **NO. SA-23-CV-706-OLG** |
| **BEXAR COUNTY, TEXAS,** | § | |
| **Defendant.** | § | |

# JURY CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

***Burden of Proof: Preponderance of the Evidence***

Plaintiff Alek Schott has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove

any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

### *Evidence*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### *Stipulations of Fact*

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proved here in court. The parties have agreed to the following facts:

1. On March 16, 2022, Joel Babb, an officer with the Bexar County Sheriff's Office, pulled over Alek Schott.

2. When he was pulled over, Alek Schott had been driving north on Interstate 35 in Bexar County.

3. When he was pulled over, Alek Schott had been driving his black 2019 F-250, a pickup truck.

4. Alek Schott had installed a dashboard camera in his pickup truck.

5. On March 16, 2022, Deputy Martin A. Molina III and his K-9 Max conducted a free air canine sniff of Alek's truck.

6. Deputies Babb, Molina, and Joe Gereb searched Alek Schott's truck. The officers claim that the drug-detection dog's alert gave them probable cause to search. There was no other source of probable cause.

7. Deputies Babb, Molina, and Gereb all had body-worm cameras during the stop and search of Alek's truck.

8. After the search was complete, Deputy Babb returned Alek's license and gave Alek a warning.

9. K-9 Max at the time in question was dual certified by NCATS as a narcotics and patrol canine.

10. Joel Babb, Martin A. Molina III, and Joe Gereb, the deputies involved in Alek Schott's March 16, 2022 traffic stop and detention, were acting in the course and scope of their employment as Texas Commission on Law Enforcement (TCOLE) certified peace officers of the State of Texas with the Bexar County Sheriff's Office and were acting under color of law.

11. Bexar County Sheriff Javier Salazar is the policymaker for Bexar County concerning law enforcement.

12. The Bexar County Sheriff's Office (BCSO) is a component of the Bexar County Government, and its officers act under color of state law.

13. Alek filed this lawsuit on June 1, 2023.

### *Judicial Notice*

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that the timestamps in officer body and dashboard

footage is in the Zulu time zone and how it is converted into Central time. To convert Zulu time to Central time: subtract 5 hours during daylight savings time but subtract 6 hours when it is standard time. In 2022, daylight savings time began on March 13 and ended on November 6. So, if you see a video that shows a timestamp of 15:30 (or 3:30 p.m.) on June 12, 2022, that video was recorded at 10:30 a.m. on Central Daylight Time here in Texas.

***Charts and Summaries***

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

***Witnesses***

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on

the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

***Impeachment by Witness's Inconsistent Statements***

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider

whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

***Law-Enforcement Officer Testimony***

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

***Expert Witnesses***

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

***No Inference from Filing Suit***

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

***

I will now instruct you on the specific legal claims in this lawsuit.

## SUMMARY OF PLAINTIFF'S CLAIMS

Plaintiff Alek Schott claims that Defendant Bexar County, through the actions of its officers, violated his constitutional rights in three distinct ways:

1. Deputy Babb violated his right to be free from unreasonable seizures of his person by pulling him over for a traffic stop without reasonable suspicion that he had committed a traffic violation.

2. Deputy Babb violated his right to be free from unreasonable seizures of his person by extending the traffic stop beyond the time required to address a traffic violation and without having developed any reasonable suspicion that he was engaged in a separate crime.

3. Deputies Babb, Molina, and Gereb searched his car without consent, a warrant from a judge, or probable cause to believe that they would find contraband inside.

If you decide that Plaintiff's rights were violated in any or all of the above ways, then you must also decide whether Defendant is liable for the violation(s).

## CONSTITUTIONAL VIOLATIONS

### 1. Unconstitutional Traffic Stop

The first right Plaintiff Alek Schott claims Deputy Babb violated is the Fourth Amendment right to be protected from an unreasonable seizure for a traffic violation. Plaintiff claims that the way Deputy Babb stopped him on March 16, 2022, violated his constitutional rights. To establish this violation, Plaintiff must show that the stop was unreasonable.

A stop such as the one involved in this case is considered unreasonable under the Fourth Amendment if the officer lacked reasonable suspicion that the seized

person was committing a crime, such as a traffic violation. "Reasonable suspicion" means the officer can point to specific and articulable facts that reasonably warrant the inference that a particular person committed or about to commit a crime. Even if reasonable suspicion exists, a stop must be brief, minimally intrusive, and reasonably related in scope to the justification for its initiation.

Reasonable suspicion is an objective standard: the reasonableness of a stop must be judged based on what a reasonable officer would do under the circumstances, without regard for Deputy Babb's state of mind. In other words, you must decide whether a reasonable officer in Deputy Babb's shoes would have stopped Plaintiff based on the facts available to Deputy Babb before the stop. Deputy Babb's personal motivations for the stop, and any facts he learned after the stop, are irrelevant to whether he had reasonable suspicion for the stop at its inception. For a stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle.

To help you determine whether Deputy Babb had reasonable suspicion to stop Plaintiff's vehicle, I will now instruct you on the elements of the traffic violation for which he was stopped.

Texas Transportation Code § 545.060(a) provides: "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as

practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." A driver violates this statute when his failure to stay as nearly as practical entirely within a single lane becomes unsafe. Additionally, a driver's weaving out of a lane without creating a safety risk does not violate the statute.

If you find that Plaintiff Alek Schott has proved by a preponderance of the evidence that Deputy Babb lacked reasonable suspicion to initiate the traffic stop on March 16, 2022, then Deputy Babb violated Plaintiff's constitutional right to be free from unreasonable seizure, and you must then consider whether Defendant Bexar County is liable for the violation. If Plaintiff failed to make this showing, then the seizure was constitutional, and your verdict will be for Defendant as to this violation.

**2. Unconstitutional Traffic Stop Extension**

The second right Plaintiff Alek Schott claims Deputy Babb violated is the Fourth Amendment right to be protected from an unreasonably prolonged seizure for a traffic stop. Plaintiff claims that the duration of Deputy Babb's traffic stop on March 16, 2022, violated his constitutional rights. To establish this violation, Plaintiff must show that Deputy Babb lacked reasonable suspicion that he was engaged in a separate crime.

A traffic stop must be reasonably related in scope to the initial justification for the stop. A seizure for a traffic violation justifies a police investigation of that

violation. A traffic stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop.

During a stop, an officer may examine driver's licenses and vehicle registrations and run computer checks. The officer may also ask about the purpose and itinerary of the driver's trip. The tolerable duration of such inquiries is determined by the mission of the traffic stop—i.e., to address the traffic violation that warranted the stop and attend to any related safety concerns.

An officer must diligently work to resolve the traffic violation. The officer's authority to detain a driver ends when the tasks tied to addressing the traffic infraction are—or reasonably should have been—completed. In general, if an officer has had time to write a ticket and all computer checks come back clean, there is no basis for extending the stop. An officer who detours from his traffic tasks in order to investigate unrelated criminal activity necessarily extends the stop.

However, if the officer develops reasonable suspicion of separate criminal activity during the diligent investigation of the circumstances that prompted the traffic stop, he may further detain the driver for a reasonable time while appropriately attempting to dispel or confirm the newly-developed reasonable suspicion. The officer must develop this new reasonable suspicion before the traffic tasks are—or reasonably should have been—completed.

Whether an officer develops reasonable suspicion to prolong a traffic stop depends on the totality of the circumstances, considering the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It permits officers to make common sense judgments and inferences about human behavior. Facts that appear innocent when viewed in isolation can give rise to reasonable suspicion when viewed together. Nervousness alone is insufficient to create reasonable suspicion, as it is an entirely natural reaction to police presence. And the mere fact that a person refuses to consent to a search cannot be used as evidence in support of reasonable suspicion.

Thus, to decide whether Deputy Babb lawfully extended Plaintiff's traffic stop, you must identify the moment when Deputy Babb's traffic tasks were or should have been completed and whether, at that moment, Deputy Babb had developed additional reasonable suspicion that Plaintiff was engaged in some other criminal activity.

If you find that Plaintiff Alek Schott has proved by a preponderance of the evidence that Deputy Babb lacked reasonable suspicion to extend the traffic stop on March 16, 2022, then Deputy Babb violated Plaintiff's constitutional right to be free from an unreasonably prolonged seizure for a traffic stop, and you must then consider whether Defendant Bexar County is liable for the violation. If Plaintiff

failed to make this showing, then the duration of the traffic stop was constitutional, and your verdict will be for Defendant as to this violation.

**3. Unconstitutional Search**

The third right Plaintiff Alek Schott claims Deputy Babb violated is the Fourth Amendment right to be protected from an unreasonable search of his vehicle. Plaintiff claims that Deputies Babb, Molina, and Gereb violated his constitutional rights on March 16, 2022, when they searched his car without consent, a warrant, or probable cause to believe that there was contraband inside. To establish this violation, Plaintiff must show that the deputies' search of his car was unreasonable.

A warrantless search of a vehicle is not unreasonable if supported by consent or probable cause. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits an officer to search the vehicle without more.

The first question is whether there was consent to search. If a driver gives consent for police to search his vehicle, the search is reasonable. A valid consent to search must be freely and voluntarily given. Silence or passivity cannot form the basis for consent to enter. A driver's silence, passivity, or other indication of acquiescence to a show of lawful authority is not enough for voluntary consent.

If there is no consent, a warrantless search is still permissible if probable cause exists. Probable cause for a warrantless search exists when the facts and

circumstances within an officer's knowledge, and of which the officer had reasonably trustworthy information, are sufficient for a reasonable officer to believe that an offense has been or is being committed, and that evidence bearing on that offense will be found in the place to be searched. Whether probable cause exists is based on what a reasonable officer would do under the circumstances and does not consider the individual deputies' states of mind.

Probable cause is a higher standard than reasonable suspicion: it requires a fair probability that contraband or evidence of a crime will be found. An officer has probable cause to search a vehicle when the reasonably trustworthy facts that are available to him would prompt a reasonable officer in his position to suspect that contraband or evidence of a crime will be found inside.

When a dog trained to detect illegal drugs alerts on a car, that alert presumptively gives officers probable cause to search the car if either (1) a bona fide organization has certified the dog's reliability after testing in a controlled setting, or (2) the dog has recently successfully completed a training program that evaluated his proficiency in finding drugs.

However, this presumption is rebuttable—meaning the inference that a dog alert creates probable cause may be overcome by the introduction of contrary evidence. That may include evidence from a dog's history in the field, the handler's history in the field, or circumstances surrounding the particular alert that undermine

the alert's reliability. Evidence that the dog was improperly trained, that the dog and its handler were operating under unfamiliar conditions, or that the handler cued the dog—consciously or not—to alert, could rebut the presumption that the dog's alert created probable cause to search a car.

Ultimately, it is your job to weigh all the evidence presented and to decide whether the alleged drug dog alert in this case is entitled to the presumption of reliability and, if so, whether Plaintiff has produced evidence rebutting that presumption.

If you find that Plaintiff Alek Schott has proved by a preponderance of the evidence that Bexar County deputies conducted an unreasonable search of his vehicle on March 16, 2022, then the deputies violated Plaintiff's constitutional rights, and you must then consider whether Defendant Bexar County is liable for the violation. If Plaintiff failed to make this showing, then the search was not unconstitutional, and your verdict will be for Defendant as to this violation.

## MUNICIPAL LIABILITY

Plaintiff Alek Schott is suing Bexar County. Thus, you must decide whether Bexar County is responsible for the constitutional violation(s), if any, discussed above. A county is not liable for the actions of its employees unless the constitutional violation was caused by a county policy or custom.

To prevail on his claims against the County, Plaintiff must prove by a preponderance of the evidence that:

1. an official policy or custom existed;
2. a policymaker for the County knew or should have known about the policy or custom; and
3. the policy or custom was the moving force leading to the constitutional violation.

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the county's officers.

A "custom" is a persistent, widespread practice of county officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents county policy. But to show a custom, Plaintiff must prove that either the county's governing body or some official with policymaking authority knew or should have known about the custom.

A policymaker is somebody who decides the goals for a specific county function and decides how to achieve those goals. Sheriff Salazar is the final policymaker for Bexar County's law enforcement functions. However, if Sheriff Salazar formally or practically delegates his policymaking authority over a specific function to somebody else, that person becomes the policymaker for that function.

Knowledge may be proved through evidence that the policymaker received written information about a policy or custom, discussed it at meetings, failed to take corrective action against officers who acted pursuant to it, or where the violations

were so persistent and widespread that they were the subject of prolonged public discussion or a high degree of publicity.

A policy or custom is the moving force behind a constitutional violation if it directly caused the violation. If the policy or custom clearly directs or allows officers to violate the Fourth Amendment, then Defendant Bexar County is culpable. If the policy or custom does not clearly direct or allow officers to violate the Fourth Amendment, then Defendant is culpable only if Plaintiff proved that a policymaker was deliberately indifferent to a known or obvious risk that officers would violate his rights. For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and he must also draw the inference.

## DAMAGES

If you decide that Plaintiff Alek Schott proved that his Fourth Amendment rights were violated in any, some combination, or all three of the ways he claims and that Defendant Bexar County is liable for the violation(s), then you must decide whether the violation(s) caused Plaintiff damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

### *Compensatory Damages*

Compensatory damages compensate a plaintiff for harm he has suffered. Because Plaintiff claims that his Fourth Amendment rights were violated, you may award compensatory damages only for injuries he has suffered due to the violation of his Fourth Amendment rights. Those injuries may include expenses incurred, pain and suffering, physical injury, and mental anguish.

You may not award compensatory damages, or increase the amount you award, in order to punish or penalize Bexar County.

If you award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. At the same time, the law does not require Plaintiff to prove the amount of his losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit. The question, ultimately, is what amount of damages will fairly compensate Plaintiff for any harm he has suffered.

### *Nominal Damages*

Nominal damages compensate a plaintiff purely for the violation of his rights but not for any quantifiable injury or loss. Thus, if you decide that Plaintiff is entitled to damages but cannot identify any quantifiable injury or loss, you may award him

a small symbolic amount of money for each Fourth Amendment violation he suffered and for which Bexar County is liable.

***

***Duty to Deliberate***

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you

here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.