FILED
September 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALEK SCHOTT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. SA-23-CV-706-OLG** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| **Defendant.** | § | |

**VERDICT FORM**

**Question No. 1—Unconstitutional Traffic Stop**

**1(a)** Would a reasonable officer, knowing the same facts as Deputy Babb before the traffic stop, have had reasonable suspicion that Plaintiff Alek Schott committed or was committing a traffic violation before initiating the traffic stop?

Answer "Yes" or "No"

NO

*If you answered "No," then proceed to the next question below. If you answered "Yes," then proceed to Question No. 2.*

**1(b)** Was a Bexar County policy or custom the moving force for stopping Plaintiff without reasonable suspicion?

Answer "Yes" or "No."

YES

*If you answered "Yes," then proceed to the next question below. If you answered "No," then proceed to Question No. 2.*

**1(c)** Did a Bexar County policymaker know, or should one have known, about the policy or custom that was the moving force for stopping Plaintiff without reasonable suspicion?

Answer "Yes" or "No."

YES

**Question No. 2—Unconstitutional Traffic Stop Extension**

**2(a)** Would a reasonable officer, knowing the same facts as Deputy Babb, have had reasonable suspicion that Plaintiff Alek Schott had committed or was committing a crime other than a traffic violation when Deputy Babb extended the traffic stop beyond a traffic-enforcement mission?

Answer "Yes" or "No."

NO

*If you answered "No," then proceed to the next question below. If you answered "Yes," then proceed to Question No. 3.*

**2(b)** Was a Bexar County policy or custom the moving force for the extension of Plaintiff's traffic stop without reasonable suspicion?

Answer "Yes" or "No."

YES

*If you answered "Yes," then proceed to the next question below. If you answered "No," then proceed to Question No. 3.*

**2(c)** Did a Bexar County policymaker know, or should one have known, about the policy or custom that was the moving force for the extension of Plaintiff's traffic stop without reasonable suspicion?

Answer "Yes" or "No."

YES

**Question No. 3—Unconstitutional Search**

**3(a)** Did the Bexar County deputies search Plaintiff Alek Schott's truck without probable cause?

Answer "Yes" or "No."

YES

*If you answered "Yes," then proceed to the next question below. If you answered "No," then proceed to Question No. 4.*

**3(b)** Was a Bexar County policy or custom the moving force for the search of Plaintiff's truck without probable cause?

Answer "Yes" or "No."

YES

*If you answered "Yes," then proceed to the next question below. If you answered "No," then proceed to Question No. 4.*

**3(c)** Did a Bexar County policymaker know, or should one have known, about the policy or custom that was the moving force for the search of Plaintiff's truck without probable cause?

Answer "Yes" or "No."

YES

***

*Do not proceed to Question No. 4 unless you found Defendant Bexar County liable for a constitutional violation. To have found Bexar County liable, you must have answered "Yes" to at least one of Questions 1(c), 2(c), or 3(c).*

**Question No. 4—Damages**

**4(a)** What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Alek Schott for the damages, if any, that you have found him to have suffered from the violation(s) of his Fourth Amendment rights?

Answer in dollars and cents.

Answer: $76.00

*If you left the above blank or answered "$0," then proceed to the final question.*

**4(b)** If your answer to Question No. 4(a) is blank or "$0," you may nevertheless award nominal damages against Defendant Bexar County. Plaintiff has asked for $76 in nominal damages, but you may put a small symbolic amount, if any, on the line below.

Answer: ________________________

9|28|2026
Date

[redacted]